4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 3 2003

Michael N. Milby
Clerk of Court

MARIA LUISA PUGA DE VASQUEZ      )
                                 )
v.                               )
                                 )
                                 )  C.A. NO. B-03-050
PHILLIP TUTAK, INTERIM REGIONAL  )
     DIRECTOR, BUREAU OF         )
     IMMIGRATION & CUSTOMS       )
     ENFORCEMENT, AND            )
TOM RIDGE, SECRETARY,            )
     DEPARTMENT OF HOMELAND      )
     SECURITY                    )
_____)

NOTICE OF FILING OF ADMINISTRATIVE RECORD

COME NOW, the Respondents, by and through Michael T.

Shelby, United States Attorney for the Southern District of

Texas, and hereby files the administrative record of

Petitioner MARIA LUISA PUGA de VASQUEZ with this Court for

review.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Date: April 21, 2003      Fax:  (956) 389-7057

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on counsel by depositing a copy of it in the United States mail, first class postage prepaid, to:

Lisa Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX  78586

on this the 21st day of April, 2003.

Lisa M. Putnam
Special Assistant U.S. Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
RECEIVED

APR 2 3 2003

Michael N. Milby, Clerk of Court

No. B-03-050

| | | |
|---|---|---|
| MARIA LUISA PUGA DE VASQUEZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Petition for Review |
| | ) | of an Immigration Matter |
| IMMIGRATION AND NATURALIZATION | ) | |
| SERVICE, | ) | |
| | ) | |
| Respondent. | ) | |

CERTIFIED ADMINISTRATIVE RECORD

A91 904 234

# INDEX

## RECORD FILE - REMOVAL PROCEEDINGS

### MARIA LUISA PUGA DE VASQUEZ

### A91 904 234

Page

Decision of the Board of Immigration Appeals,
January 9, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Pre-BIA Decision Information,
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Notice of Appeal to the Board of Immigration Appeals,
September 20, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Notice of Entry of Appearance as Attorney or Representative,
September 20, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Order of the Immigration Judge,
August 22, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Oral Decision of the Immigration Judge,
August 22, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Transcript of Hearing,
February 12, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Transcript of Hearing,
February 28, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

Transcript of Hearing,
April 18, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

Transcript of Hearing,
June 13, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

Transcript of Hearing,
August 22, 2001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 96

Exhibit 2
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 110

Pre-Immigration Judge Decision Information,
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 126

Exhibit 1
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 242



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals, Clerk's Office*

---

5201 Leesburg Pike, Suite 1300
P.O. Box 8530
Falls Church, Virginia 22041

Re:    MARIA LUISA PUGA DE VASQUEZ
       A91 904 234

I, Pamela Calvert, declare as follows:

1.    I am employed by the Executive Office for Immigration Review of the United States Department

       of Justice in the position of Program Analyst . I am authorized to certify the authenticity of

       copies of documents on file in the Office of the Immigration Judge, Harlingen, Texas.

2.    The attached documents are true, correct and complete copies of the documents included in the

       Record of Proceeding to date, maintained in the above office on this case.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed by: _Pamela f Calvert_____ on:_ 4-9-03 _____
                    (signature)                      (date)

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

HC6

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Armando P. Duran
801 Austin Ave,
Alamo, TX 78516-0000

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, TX 78551

Name: PUGA DE VASQUEZ, MARIA LUISA          A91-904-234

Date of this notice: 01/09/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    GRANT, EDWARD R.

DEPARTMENT OF JUSTICE
E.O.I.R.
IMMIGRATION COURT
RECEIVED
2003 JAN 13  A 10: 24
HARLINGEN, TEXAS 78550

000001

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:   A91-904-234 - Harlingen                                      Date:   JAN 0 9 2003

In re:   PUGA DE VASQUEZ, MARIA LUISA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Armando P. Duran

ON BEHALF OF SERVICE:  Dyann Bernstein, Assistant District Counsel

ORDER:

    PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 3.1(e)(4).

_____
FOR THE BOARD

DEPARTMENT OF JUSTICE
E.O.I.R.
IMMIGRATION COURT
RECEIVED

2003 JAN 13   A 10: 24



U.S. Department

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Armando P. Duran**
**801 Austin Ave,**
**Alamo, TX 78516-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: PUGA DE VASQUEZ, MARIA LUISA**          A91-904-234

**Type of Proceeding: Removal**          **Date of this notice: 04/17/2002**

**Type of Appeal: Case Appeal**          **Appeal filed by:  Alien**

**Date of Appeal:  09/20/2001**

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 04/10/2002          INS' <u>original</u> due date: 05/10/2002

o      The request by the alien for an additional amount of time to submit a brief, which
was received on 04/10/2002, is GRANTED.

o      The alien's brief must be **received** at the Board of Immigration Appeals on or before
05/01/2002.

o      The INS' brief must be **received** at the Board of Immigration Appeals on or before
05/31/2002.

**PLEASE NOTE**

<u>The Board generally does not grant extensions for more than 21 days</u>.  Each party's current
due date is stated above.

<u>The Board rarely grants more than one briefing extension to each party</u>.  Therefore, if you
have been granted an extension, you should assume that you will not be granted any further
extensions.

<u>If you file your brief late</u>, you must file it along with a motion for consideration of your late-
filed brief.  There is no fee for such a motion.  The motion must set forth in detail the

91-904-234

compelling circumstances that prevented you from filing your brief on time. You should support the motion with affidavits, declarations, or other evidence. <u>Only one such motion will be considered by the Board.</u>

## FILING INSTRUCTIONS

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

<u>Use of an over-night courier service is strongly encouraged to ensure timely filing.</u>

If you have any questions about how to file something at the Board, you should review the Board's <u>Practice Manual and Questions and Answers</u> at www.usdoj.gov/eoir.

<u>Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals</u> -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. <u>Any submission filed with the Board without a certificate of service on the opposing party will be rejected.</u>

<u>Filing Address:</u>

<u>To send by courier or overnight delivery service, or to deliver in person:</u>
Board of Immigration Appeals,
Clerk's Office,
5201 Leesburg Pike, Suite 1300,
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

<u>To mail by regular first class mail:</u>
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041.

000004

**U.S. DEPARTMENT OF JUSTICE**

**Executive Office for
Immigration Review**

**BOARD OF IMMIGRATIONS APPEALS**



In the Matter of

**MARIA LUISA PUGA DE VASQUEZ**

*Respondent*

**A91 904 234**

# BRIEF OF APPELLANT

**Presented**

**By and Through**

**LAW OFFICES OF ARMANDO P. DURAN**

*Attorney for Respondent*

**April 30, 2002**

i

# I N D E X

|  | PAGE |
|---|---|
| Index.......................................................... | i |
| List of Authorities....................................... | ii |
| Issue of the Case......................................... | iii |
| Background................................................. | 1 |
| Statutory Requirements................................ | 1 |
| Findings of Fact Pursuant to Evidence Presented.................. | 2 |
| Statutory Law and Analysis........................... | 3 |
| Immigration Court's Decision.......................... | 4 |
| Conclusion.................................................. | 4 |
| Certificate of Service.................................... | 5 |

000006

ii

## LIST OF AUTHORITIES

                                                                    **Page**

Immigration and Nationality Act ......................................................    **1**


United States v. Hinojosa-Lopez, 130 F.3d 691

(5th Cir. 1997) ......................................................    **3**


United States v. Hernandez-Avalos, 251 F.3d 505

(5th Cir. 2001) ......................................................    **3**

**NOTE:  References to Transcript data will be addressed as (Tr. ___ ).**

iii

## <u>ISSUE OF THE CASE</u>

WHETHER OR NOT THE IMMIGRATION COURT ERRED BY DENYING RESPONDENT'S APPLICATION FOR CANCELLATION OF REMOVAL, BY DETERMINING THAT RESPONDENT HAD BEEN CONVICTED OF AN AGGRAVATED FELONY, TO WIT: A DRUG-TRAFFICKING CRIME.

# I.

## BACKGROUND

Respondent is a 39 year-old, Hispanic female, who is a native citizen of Mexico and married (but separated) to a lawful permanent resident (LPR). She entered the United States (US) back in July 1983, through the border of Hidalgo, Texas.

Respondent was properly served with a Notice to Appear (NTA), and she admitted to the allegations set forth therein. Initially, the Service charged Respondent with an aggravated felony crime. However, the Service later withdrew said charge and decided (by agreeing with Respondent's attorney) to not further pursue the aggravated felony charge.

# II.

## STATUTORY REQUIREMENTS

Pursuant to the Immigration and Nationality Act (INA), an alien is subject to removal under Section 237 (a)(2)(A)(iii), as well as under Section 237 (a)(2)(B)(i). It is under these two sections that Respondent was charged with as per the NTA.

Nevertheless, the Service withdrew the charge under Section 237 (a)(2)(A)(iii), and agreed with Respondent's counsel that the Service itself would not further pursue Respondent's cancellation of removal based upon said charged being withdrawn.

1

000009

Respondent relied on the Service's representation to her counsel that the Service had no longer desired to pursue the aggravated felony charge. In fact, Respondent's counsel was not given an opportunity to withdraw Respondent's admissions to the allegations previously entered. It appeared to be that the Service knew very well in advance and in a prematurely fashion that the Court was to be "moving" fairly fast on August 22, 2001.

Thus, in August 22, 2002, nothing on the record was submitted to establish Respondent had been convicted of an aggravated felony. In fact, Respondent would further argue that in August 22, 2001, that since the Service's effectively withdrew the charge of aggravated felony, it likewise abandoned any and all evidence previously submitted and admitted. By doing so, it also agreed to abandon any and all admissions to the allegations to said charge, since the charge itself no longer existed as part of the NTA.

## III.

## FINDINGS OF FACT PURSUANT TO EVIDENCE PRESENTED

Nothing on the record establishes that Respondent has been convicted of a drug-trafficking crime. In fact, the Service clearly withdraws its charge of aggravated felony. What else is there to charge Respondent with? The Service clearly abandoned the charge as well as any and all evidence along with said charge.

000010

## IV.

## STATUTORY LAW AND ANALYSIS

The Immigration Court clearly erred in denying Respondent's application for cancellation of removal by groundlessly establishing that a non-chargeable crime of an aggravated felony existed as per NTA.

Even though the Court in <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691 (5th Cir. 1997), was very clear by stating that a State of Texas conviction for possession of marijuana constituted a drug trafficking within the meaning of 18 U.S. Code 924( c)(2) because it was [in fact] a felony under [Texas] state law and was an offense punishable under the Controlled Substance Act, 21 U.S. Code 844(a), was it the Court's position that said Texas conviction was in actuality an aggravated felony?  Respondent argues that it is not difficult for any scholar to "logically" deduce that because "aggravated felony" pursuant to INA Section 101(a)(43)(B) is defined *verbatim* as "illicit trafficking in a controlled substance [ ], including a drug trafficking crime [as defined in Section 924(c) of Title 18 of the U.S. Code."

Further, the Immigration Court erred in finding that Respondent became ineligible to qualify for cancellation of removal, pursuant to <u>United States v. Hernandez-Avalos</u>, 251 F.3d 505 (5th Cir. 2001).  The Immigration Court erroneously deduces that since INA Section 101(a)(43)(B) includes the term aggravated felony, therefore it must likewise be included as part of a conviction of a drug trafficking crime as defined in Section 924 of Title 18 U. S. Code.  (Tr. 8, 11/9/01).  Respondent has yet to locate and find case law that backs up and

*3*

000011

supports the conclusion the Immigration Court has thereby reached.

## V.

## IMMIGRATION COURT'S DECISION

The Immigration Court's decision has violated the Respondent's Fifth Amendment Equal Protection rights because it wrongly differentiated between aliens such as Respondent who are currently in the present affected by *Ex Post Facto* laws and aliens or United States citizens not affected by said laws due solely to retroactive application of statutes or laws.

## VI.

## CONCLUSION

Respondent's NTA charge initially withdrawn by the Service no longer exists before the Immigration Court. Therefore, the Court erred by denying Respondent's Application for Cancellation of Removal, by determining that Respondent had been convicted of an aggravated felony, to wit: a drug-trafficking crime.

Respectfully Submitted,

LAW OFFICES OF ARMANDO P. DURAN

By: _____

Armando P. Duran
801 E. Austin Ave. – P.O. Box 516
Alamo, Texas 78516
Tel. (956) 781-2299  Fax (956) 781-2677
SBN:  00793657

**Attorney for Respondent**

**4**

000012

## CERTIFICATE OF SERVICE

I, the undersigned Counsel, hereby certify that a true and correct copy of the foregoing instrument was forwarded to the individuals listed below, on this 30th day April, 2002.

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, Texas 78551
**_Via U.S. First Class Mail_**

Armando P. Duran

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

2002 MAY -1 P 2: 14

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

**5**





**U.S. Department of ,**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Armando P. Duran**
**801 Austin Ave,**
**Alamo, TX 78516-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: PUGA DE VASQUEZ, MARIA LUISA**          **A91-904-234**

**Type of Proceeding: Removal**          **Date of this notice: 04/17/2002**

**Type of Appeal: Case Appeal**          **Appeal filed by:  Alien**

**Date of Appeal: 09/20/2001**

### NOTICE -- BRIEFING EXTENSION REQUEST GRANTED

Alien's <u>original</u> due date: 04/10/2002          INS' <u>original</u> due date: 05/10/2002

o     The request by the alien for an additional amount of time to submit a brief, which
        was received on  04/10/2002, is GRANTED.

o     The alien's brief must be **received** at the Board of Immigration Appeals on or before
        05/01/2002.

o     The INS' brief must be **received** at the Board of Immigration Appeals on or before
        05/31/2002.

### <u>PLEASE NOTE</u>

<u>The Board generally does not grant extensions for more than 21 days</u>.  Each party's current
due date is stated above.

<u>The Board rarely grants more than one briefing extension to each party</u>.  Therefore, if you
have been granted an extension, you should assume that you will not be granted any further
extensions.

<u>If you file your brief late</u>, you must file it along with a motion for consideration of your late-
filed brief.  There is no fee for such a motion.  The motion must set forth in detail the

91-904-234

compelling circum.  .,ces that prevented you from filing yo... .,ef on time. You should support the motion with affidavits, declarations, or other evidence. Only one such motion will be considered by the Board.

## FILING INSTRUCTIONS

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

> To send by courier or overnight delivery service, or to deliver in person:
> Board of Immigration Appeals,
> Clerk's Office,
> 5201 Leesburg Pike, Suite 1300,
> Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

> To mail by regular first class mail:
> Board of Immigration Appeals
> Clerk's Office
> P.O. Box 8530
> Falls Church, VA 22041.

000016

U.S. Department of J͟u͟s͟t͟i͟c͟e

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Armando P. Duran**
**801 Austin Ave,**
**Alamo, TX 78516-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: PUGA DE VASQUEZ, MARIA LUISA**

**A91-904-234**

**Type of Proceeding: Removal**

**Date of this notice: 03/11/2002**

**Type of Appeal: Case Appeal**

**Appeal filed by: Alien**

**Date of Appeal: 09/20/2001**

## NOTICE -- BRIEFING SCHEDULE

o   Enclosed is a copy of the decision of the Immigration Judge.
o   Enclosed is a copy of the transcript of the testimony of record.
o   Appealing party is granted until 04/10/2002 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

o   Opposing party is granted until 05/10/2002 to submit a reply brief to the Board of Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this date.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

91-904-234

If the alien is repres...ed by counsel at the appeal level, a N...e of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
    Board of Immigration Appeals,
    Clerk's Office,
    5201 Leesburg Pike, Suite 1300,
    Falls Church, VA 22041

    Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
    Board of Immigration Appeals
    Clerk's Office
    P.O. Box 8530
    Falls Church, VA  22041.

## FILING INSTRUCTIONS -- Extension Request.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be RECEIVED at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

000018

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

IN THE MATTER OF              *       IN DEPORTATION

MARIA LUISA PUGA DE VASQUEZ   *       PROCEEDINGS

A91 904 234                   *

## MOTION TO REQUEST EXTENSION TO FILE APPELLANT'S BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Appellant Maria Luisa Puga de Vasquez, by an through his
Attorney, Armando P. Duran, in the above styled and numbered cause and
hereby files this her Motion to Request Extension to File Appellant's Brief, and
would say as follows:

I.

The undersigned Counsel forwarded the Appeal Notice since September
19, 2001.  The BIA has just recently forwarded the briefing schedule to this office,
which was received on March 14, 2002.  Appellant's Counsel has been
attempting in good faith to locate Appellant.  Thus far, Counsel has been
unsuccessful to locate Appellant.  In order to efficiently represent Appellant,
Counsel needs her cooperation in preparing the initial brief.  A twenty-one (21)
day extension is hereby requested to file a complete and correct brief.

## II.

Appellant's Counsel would further say that this Motion to Request Extension to File Appellant's Brief, is made not for purposes to cause delay but so that justice be made.

**WHEREFORE, PREMISES CONSIDERED**, Appellant' Counsel prays, because of the above, that upon considering and reviewing this Motion to Request Extension to File Appellant's Brief, it be granted.

Respectfully Submitted,

**LAW OFFICES OF ARMANDO P. DURAN**

By: _____

Armando P. Duran
801 E. Austin Ave. – P.O. Box 516
Alamo, Texas 78516
Tel. (956) 781-2299
Fax (956) 781-2677
SBN: 00793657

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

I, the undersigned Counsel, hereby certify that a true and correct copy of the foregoing instrument was forwarded to the individuals listed below on this 9th day of April, 2002.

Office of the District Counsel/HL
P.O. Box 1711
Harlingen, Texas 78551
**_Via U.S. First Class Mail_**

Armando P. Duran

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
2002 APR 10 A 11: 18
BOARD OF APPEALS
IMMIGRATION
OFFICE OF THE CLERK

000020

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS

IN THE MATTER OF                    *        IN DEPORTATION

MARIA LUISA PUGA DE VASQUEZ        *        PROCEEDINGS

A91 904 234                         *

## O R D E R

**IT CAME TO BE HEARD** this Motion to Request Extension to File

Appellant's Brief, which is herein:

**GRANTED  ( )**              **DENIED   ( )**

**IT IS SO ORDERED.**

Signed on this _____ day of _____, 2002.

_____
**JUDGE PRESIDING**

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

2002 APR 10  A 11: 18

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

000021





**U.S. Department of** ᴊ ᴇ

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Armando P. Duran**
**801 Austin Ave,**
**Alamo, TX 78516-0000**

**Office of the District Counsel**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: PUGA DE VASQUEZ, MARIA LUISA**    A91-904-234

**Type of Proceeding: Removal**    Date of this notice: 03/11/2002

**Type of Appeal: Case Appeal**    Appeal filed by: Alien

**Date of Appeal: 09/20/2001**

### NOTICE -- BRIEFING SCHEDULE

- o  Enclosed is a copy of the decision of the Immigration Judge.
- o  Enclosed is a copy of the transcript of the testimony of record.
- o  Appealing party is granted until 04/10/2002 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

- o  Opposing party is granted until 05/10/2002 to submit a reply brief to the Board of Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this date.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

<u>Use of an over-night courier service is strongly encouraged to ensure timely filing.</u>

91-904-234

If the alien is represented by counsel at the appeal level, a ... of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
Board of Immigration Appeals,
Clerk's Office,
5201 Leesburg Pike, Suite 1300,
Falls Church, VA 22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA  22041.

**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause.  All extension requests must be in writing.  Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule.  Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days.  If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request.  The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.

000024

Dyann Bernstein                                    **NON-DETAINED**
Assistant District Counsel
U.S. Department of Justice
Immigration and Naturalization Service
PO Box 1711
Harlingen, TX 78551

## UNITED STATES DEPARTMENT OF JUSTICE

## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

## BOARD OF IMMIGRATION APPEALS

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| MARIA LUISA PUGA DE VASQUEZ | ) | File No:    A91 904 234 |
| | ) | |
| | ) | |
| IN REMOVAL PROCEEDINGS | ) | |
| | ) | |

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
2002 APR -1 P 12: 31
BOARD OF APPEALS
IMMIGRATION APPEALS
OFFICE OF THE CLERK

## SERVICE MEMORANDUM IN SUPPORT OF THE DECISION OF THE IMMIGRATION JUDGE

The Immigration and Naturalization Service (Service) concurs with the decision of the

Immigration Judge ordering the Respondent removed from these United States to Mexico.

000025

The position of the Service is that the Immigration Judge's decision, (Oral Decision of the Immigration Judge) and Order rendered on August 22, 2001, correctly sets out the facts and applicable law in this case.

Accordingly, the Service requests that the decision ordering the Respondent to be removed from these United States to Mexico, be upheld and this appeal be dismissed.

Respectfully Submitted,

**DYANN BERNSTEIN**
Assistant District Counsel
U.S. Department of Justice
Immigration and Naturalization Service
PO Box 1711
Harlingen, TX 78551

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon respondent's attorney by depositing it in the U.S. mail, postage prepaid, addressed to:

Armando P. Duran
801 Austin Ave.
Alamo, TX 78516-0000

On this ___ day of March, 2002.

Legal Assistant
Immigration and Naturalization Service

000026

Dyann Bernstein                                    **NON-DETAINED**
Assistant District Counsel
U.S. Department of Justice
Immigration and Naturalization Service
PO Box 1711
Harlingen, TX 78551

COPY

### UNITED STATES DEPARTMENT OF JUSTICE

### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

### BOARD OF IMMIGRATION APPEALS

| | | | |
|---|---|---|---|
| IN THE MATTER OF | ) | | |
| | ) | | |
| MARIA LUISA PUGA DE VASQUEZ | ) | File No: | A91 904 234 |
| | ) | | |
| | ) | | |
| IN REMOVAL PROCEEDINGS | ) | | |
| | ) | | |

## SERVICE MEMORANDUM IN SUPPORT OF THE DECISION OF THE IMMIGRATION

## JUDGE

The Immigration and Naturalization Service (Service) concurs with the decision of the

Immigration Judge ordering the Respondent removed from these United States to Mexico.

000027

The position of the Service is that the Immigration Judge's decision, (Oral Decision of the Immigration Judge) and Order rendered on August 22, 2001, correctly sets out the facts and applicable law in this case.

Accordingly, the Service requests that the decision ordering the Respondent to be removed from these United States to Mexico, be upheld and this appeal be dismissed.

Respectfully Submitted,

**DYANN BERNSTEIN**
Assistant District Counsel
U.S. Department of Justice
Immigration and Naturalization Service
PO Box 1711
Harlingen, TX 78551

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon respondent's attorney by depositing it in the U.S. mail, postage prepaid, addressed to:

Armando P. Duran
801 Austin Ave.
Alamo, TX 78516-0000

On this ___ day of March , 2002.

Legal Assistant
Immigration and Naturalization Service

000028



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Armando P. Duran**
**801 Austin Ave,**
**Alamo, TX 78516-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: PUGA DE VASQUEZ, MARIA LUISA**

**A91-904-234**

**Type of Proceeding: Removal**

**Date of this notice: 03/11/2002**

**Type of Appeal: Case Appeal**

**Appeal filed by: Alien**

**Date of Appeal: 09/20/2001**

### NOTICE – BRIEFING SCHEDULE

- o  Enclosed is a copy of the decision of the Immigration Judge.
- o  Enclosed is a copy of the transcript of the testimony of record.
- o  Appealing party is granted until 04/10/2002 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.

- o  Opposing party is granted until 05/10/2002 to submit a reply brief to the Board of Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this date.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is repre__ __ed by counsel at the appeal level, a __ __e of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:
     Board of Immigration Appeals,
     Clerk's Office,
     5201 Leesburg Pike, Suite 1300,
     Falls Church, VA 22041

     Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:
     Board of Immigration Appeals
     Clerk's Office
     P.O. Box 8530
     Falls Church, VA 22041.

## FILING INSTRUCTIONS -- Extension Request.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The Board does not grant extensions for more than 21 days. If your request is granted, the brief will generally be due 21 days from the date the initial briefing schedule expires, not 21 days from the date of the request for an extension or the date of the Board response to the request. The new due date will be stated on the notice granting the extension.

The policy of the Board is that no additional extensions will be granted.





U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Armando P. Duran**
**801 Austin Ave,**
**Alamo, TX 78516-0000**

**Office of the District Counsel/HL**
**P.O. Box 1711**
**Harlingen, TX 78551**

**Name: PUGA DE VASQUEZ, MARIA LUISA**                    **A91-904-234**

**Type of Proceeding: Removal**                    <u>Date of this notice:</u> 09/21/2001

**Type of Appeal: Case Appeal**                    **Filed by:  Alien**

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee
waiver request (where applicable) on 09/20/2001 in the above-referenced case.

### PLEASE NOTE:

In all future correspondence or filings with the Board, please list the name and alien registration
number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers
for <u>each</u> family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's
<u>Practice Manual and Questions and Answers</u> at www.usdoj.gov/eoir.

<u>Proof of service on the opposing party at the address above is required for ALL submissions to the</u>
<u>Board of Immigration Appeals</u> -- including correspondence, forms, briefs, motions, and other
documents.   If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel
for the INS at the address shown above.  Your certificate of service must clearly identify the
document sent to the opposing party, the opposing party's name and address, and the date it was



000031

01-904-284

sent to them.  Any submi...  ...n filed with the Board without a certif...  ...e of service on the opposing party will be rejected.

2

SPIGNER©

000032

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB #1105-0065
**Notice of Appeal to the Board of Immigration**
**Appeals of Decision of Immigration Judge**

| | |
|---|---|
| 1. | List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s): |

Maria Luisa Puga De Vasquez

A91- 904- 234

*For Official Use Only*

RECEIVED
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK
SEP 20 A 11: 01

**!  WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and "A" Numbers of everyone appearing the order must be written in Item #1.

2.    Applicant/Respondent is currently    ☐ DETAINED    ☒ NOT DETAINED

3.    Appeal from the Immigration Judge's decision dated ___August 22, 2001___.

4.    **State in detail the reason(s) for this appeal.  You are not limited to the space provided below; use more sheets of paper if necessary.  Write your name(s) and "A" number(s) on every sheet.**

**!  WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

The verdict is contrary to the laws and the evidence.—

Respondent was not afforded DUE PROCESS.

Ex-post-facto laws should be held unconstitutional in this particular Respondent's case.—

(Attach more sheets if necessary)

*Staple Check or Money Order Here.*
*Include your name(s) and "A" number(s)*

**(Form continues on back)**
Form EOIR - 26
Revised April 1996    000033

5.  I  ☐ do
    ☒ do not    desire oral argument before the Board of Immigration Appeals.

6.  I  ☒ will
    ☐ will not    file a separate written brief or statement in addition to the "Reason(s) for Appeal" written above or accompanying this form.

**WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

**SIGN HERE →**    7.  X _____    9-19-01
                        Signature of Person Appealing          Date
                        (or attorney or representative)

8.                                          9.
Mailing Address of Applicant(s)/Respondent(s)      Mailing Address of Attorney or Representative

Maria Luisa Puga De Vasquez          Law Offices & Armando P. Duran
            (Name)                                (Name)
1116 East Kathy                      801 Austin Ave.
        (Street Address)                      (Street Address)

        (Apartment or Room Number)              (Suite or Room Number)
Pharr, Texas 78597                   Alamo, Texas 78516
        (City, State, Zip Code)              (City, State, Zip Code)

**WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.
I  Armando P. Duran                          mailed or delivered a copy of this notice of appeal
            (Name)
on  Sept 19, 2001      to  US/INS Office of the District Counsel
        (Date)                    (Opposing Party)
at  P.O. Box 1711 Harlingen, Tx 78551
        (Address of Opposing Party)

**SIGN HERE →**    X _____
                        Signature of Person Appealing
                        (or attorney or representative)

                        **Have You?**

☒ Read all of the General Instructions          ☒ Signed the form
☒ Provided all of the requested information     ☒ Served a copy of this form and all attachments
☒ Completed this form in English                    on the opposing party
☐ Provided a certified English translation      ☒ Completed and signed the Certificate of Service
  for all non-English attachments               ☒ Attached the required fee or fee waiver request

000034

**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk

Due to the horrific attack on the Pentagon and the World Trade Center in New York City, federal offices in the Washington, D.C. area were closed on September 11, 2001.

The Clerk's Office for the Board of Immigration Appeals reopened for business on Wednesday, September 12, 2001.

During the aftermath of the terrorist attack, commercial air service was suspended and all airports throughout the country were closed affecting mail service.

This document was received and date stamped by the Clerk's Office during the time period of Monday, September 17, 2001 through Friday, September 21 , 2001

Jeffrey Fratter,
Chief Clerk of the Board

NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

TYPE OF PROCEEDING:

- ☐ Deportation
- ☒ Removal
- ☐ Exclusion
- ☐ Bond Redetermination
- ☐ Motion to Reopen/Reconsider
- ☐ Rescission
- ☐ Disciplinary

DATE **9-19-01**

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

**A91-904-234**

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

NAME    (First) **Maria**    (Middle Initial) **Luisa**    (Last) **Puga De Vasquez**

ADDRESS    (Number & Street) **1116 East Kathy**    (Apt. No.)    (City) **Pharr**    (State) **Tx**    (Zip Code) **78577**

Please check one of the following:

☒ 1.    I am a member in **good standing** of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

Name(s) of Court(s)    **Texas Supreme Court**

State Bar No. (if applicable)    **00793657**

(Please use space on reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise **all** of the jurisdictions other than federal courts where I am licensed to practice law.

☐ 2.    I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization): _____

☐ 3.    I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Board of Immigration Appeals. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNATURE OF ATTORNEY OR REPRESENTATIVE    EOIR ID#

TELEPHONE NUMBER (Include Area Code)    ~~714~~ **956-781-2299**

DATE **9-19-01**

NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT)    **ARMANDO P. DURÁN**

ADDRESS    ☐ Check here if this is a new address    **801 Austin Ave. Alamo, Tx 78516**

Certificate of Service

I **Armando P. Durán** (Name) mailed or delivered a copy of the foregoing on **9-19-01** (Date) to the Immigration and Naturalization Service at **P.O. Box 1711 Harlingen, Tx 78551** (Address)

X _____
Signature of Attorney or Representative

OMB#1125-0005

FORM EOIR-27
August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)**

RECEIVED DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

2001 SEP 20 A II

BOARD OF IMMIGRATION APPEALS OFFICE OF THE CLERK

000036

I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT TO THE DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH APPEAR IN ANY EOIR SYSTEM OF RECORDS.

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| Maria Luisa Puga De Vasquez | Maria Luisa Puga De Vasquez/app | 9-19-01 |

NOTE: *The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign this form.)*

**APPEARANCES** - An appearance shall be filed on EOIR Form-27 by the attorney or representative appearing in each appeal before the Board of Immigration Appeals (see 8 C.F.R. § 3.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the Immigration and Naturalization Service. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature shall constitute a representation that, under the provisions of 8 C.F.R. Chapter 3, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Board of a request by the attorney or representative of record in accordance with Matter of Rosales, 19 I&N Dec. 655 (1988). Further proof of authority to act in a representative capacity may be required.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

    (1) Attorneys in the United States as defined in 8 C.F.R. § 1.1(f).

    (2) Law students and law graduates not yet admitted to the bar as defined in 8 C.F.R. § 292.1(a)(2).

    (3) Reputable individuals as defined in 8 C.F.R. § 292.1(a)(3).

    (4) Accredited representatives as defined in 8 C.F.R. § 292.1(a)(4).

    (5) Accredited officials as defined in 8 C.F.R. § 292.1(a)(5).

**THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R. §§ 16.1-16.11 AND APPENDICES.**

    Public reporting burden for the collection of information is estimated to average 6 minutes per response, including the time for reviewing the data needed, completing and reviewing the collection of information, and record-keeping. Send comments regarding this burden estimate or any other aspect of this information collection including suggestions for reviewing this burden to the Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2400, Falls Church, VA 22041.



(Please attach additional sheets of paper as necessary.)



# CONCLUSION

# OF

# PROCEEDING

IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

In the Matter of

                       Case No.: A91-904-234

PUGA DE VASQUEZ, MARIA LUISA
    Respondent                     IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Aug 22, 2001.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[✓] The respondent was ordered removed from the United States to
    MEXICO or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to MEXICO or in the
    alternative to
[ ] Respondent's application for voluntary departure was granted until
      upon posting a bond in the amount of $ _____
    with an alternate order of removal to MEXICO.
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[✓] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted (✓)denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn.  If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____.
    Date:  Aug 22, 2001
    Appeal: ~~Waived~~/Reserved   Appeal Due By: Sep 21, 2001    _Havard Achtsam_

                                                  HOWARD E. ACHTSAM
                                                  Immigration Judge

YM

ALIEN NUMBER: 91-904-234                    ALIEN NAME: PUGA DE VASQUEZ, MARIA LUIS

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] ALIEN's ATT/REP   [ ] INS
DATE: _8/22/01_    BY: COURT STAFF  _N. Martinez_
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [✓] Other  _appeal packet_

---

Q6

000040

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Harlingen, Texas

File No.: A 91 904 234                    August 22, 2001

In the Matter of                )
                                )
PUGA DE VASQUEZ, MARIA LUISA    )    IN REMOVAL PROCEEDINGS
                                )
            Respondent          )

CHARGE:        Section 237(a)(2)(B)(i) of the Immigration and
               Nationality Act.

APPLICATION:   Section 240A(a) of the Immigration and Nationality
               Act — cancellation of removal.

ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:

Armando P. Duran, Esquire       Kenneth Muir, Esquire
                                Assistant District Counsel


ORAL DECISION OF THE IMMIGRATION JUDGE

The Immigration Service issued a Notice to Appear with respect to respondent on July 26, 2000. At a hearing held on February 12, 2001, respondent, through counsel, stated that respondent did not receive a copy of the Notice to Appear and a copy was served that day on counsel for respondent.

The Notice to Appear has been admitted into the record as Exhibit number 1.

The Notice to Appear alleges that respondent has been admitted to the United States but that she is deportable for the reasons as stated in that document. The specific allegations in the Notice to Appear state that respondent is not a citizen or national of the United States and that she is a native and a

1

000041
DEC 13 2001

citizen of Mexico who was admitted to the United States at
Harlingen, Texas on or about December 1, 1990 as an immigrant.

It is further alleged that on August 26, 1999 she was
convicted in the District Court of the 79th Judicial District in
and for Brooks County for the offense of possession of a
controlled substance to wit: marijuana, in violation of Section
481.1151 of the Texas Controlled Substance Act.

Respondent, through counsel, admitted all of the allegations
of fact in the Notice to Appear.

The Notice to Appear originally charged the respondent is
subject to removal under Section 237(a)(2)(A)(iii) of the
Immigration and Nationality Act (the Act) in that any time after
admission she has been convicted of an aggravated felony as
defined in Section 101(a)(43)(B) of the Act, an offense relating
to the illicit trafficking in a controlled substance, as
described in Section 102 of the Controlled Substances Act,
including a drug trafficking crime as defined in Section 924(c)
of Title 18, United States code.  The Immigration Service
withdrew that charge of removability.

The Notice to Appear also charges that respondent is subject
to removal under Section 237(a)(2)(B)(i) of the Act.  Respondent,
through counsel, conceded that removability pursuant to that
provision of law.

Based upon the pleadings of the respondent, the Court finds
that there is clear and convincing evidence that respondent is

A 43 644 192                    2                November 9, 2001

subject to removal from the United States under Section 237(a)(2)(B)(i) of the Act.

Respondent selected Mexico as the country for removal if removal is ordered.

Respondent has applied for relief from removal pursuant to Section 240A(a) of the Act, which is cancellation of removal for certain permanent residents.  Respondent has filed her application for cancellation of removal for certain permanent residents on Form EOIR 42A, and also filed supporting documents.

The Immigration Service offered into the record the record of the criminal proceeding with respect to the conviction alleged at allegation number 4 in the Notice to Appear.  The Court admitted those documents into the record over the objection of respondent's counsel because they are certified copies, and also respondent admitted the conviction when pleading to the Notice to Appear.  Respondent's counsel has made a judicial admission that respondent did not appeal the judgment in that criminal case.

In order to be eligible for cancellation of removal for certain permanent residents under Section 240A(a) of the Act, respondent must show that she has been an alien lawfully admitted for permanent residence for not less than five years; that she has resided in the United States continuously for seven years after having been admitted in any status; and that she has not been convicted of any aggravated felony.

The Court concludes that respondent is not eligible to be

A 43 644 192                    3                    November 9, 2001

considered for a discretionary grant of cancellation of removal for certain permanent residents under Section 240A(a) of the Act because she has been convicted of an aggravated felony under Section 101(a)(43)(B) of the Act for the reasons discussed below.

The record demonstrates that respondent was indicted and charged with intentionally and knowingly possessing a useable quantity of marijuana in the amount of 50 pounds or less, but more than five pounds. The indictment states that the offense occurred on March 29, 1999 (Group Exhibit number 2).

In the order of deferred adjudication relating to that indictment, it states that the respondent plead guilty to the charge of possession of marijuana, a third degree felony, which offense was committed on March 29, 1999. The Court stated in the order of deferred adjudication (Exhibit number 2) that there was sufficient evidence to support the defendant's plea of guilty. The Court, however, deferred further proceedings without entering an adjudication of guilt pursuant to the Texas Code of Criminal Procedure Article 42.12 Section 5. Further proceedings were deferred and respondent was placed on community supervision for three years.

The conditions of the community supervision are stated in the documents relating to the criminal proceeding (Group Exhibit number 2). As part of these conditions of community supervision respondent is required to report in person to an adult probation officer once each month, and also to permit the probation officer

A 43 644 192                    4                    November 9, 2001

to visit her in her home or elsewhere in order to supervise her probation.  There are many other conditions of probation stated in that document.

Respondent's counsel admitted allegation number 4 in the Notice to Appear on behalf of respondent, as well as conceded to the charge of removability, both of which refer to this criminal proceeding resulting in a conviction within the meaning of the Immigration law.  The Court concludes that, in fact, the respondent was convicted within the meaning of Section 101(a)(48)(A) of the Act because that provision states that a conviction means, *in pertinent* part, where adjudication of guilt has been withheld, the alien has entered a plea of guilty and the Judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.  Clearly, the conditions of community supervision impose restraint on respondent's liberty. See Matter of Punu, Int. Dec. 3364 (BIA 1998).

With respect to the issue of whether respondent's conviction is for an aggravated felony within the meaning of the Act, the Court concludes that it is an aggravated felony within the meaning of Section 101(a)(43)(B) of the Act.  *This* cases aris*es* within the jurisdiction of the United States Court of Appeals for the 5th Circuit.  *T*his Court is within the jurisdiction of the United States Court of Appeals for the 5th Circuit, and, therefore, must apply the law of that Circuit.

*In* United States v. Hinojosa-Lopez, 130 F.3d 691 (5th Cir.

A 43 644 192                    5                November 9, 2001

1997), the United States Court of Appeals for the 5th Circuit held that a State of Texas conviction for possession of marijuana constituted a drug trafficking crime within the meaning of 18 United States code 924(c)(2) because it was a felony under state law and was an offense punishable under the Controlled Substances Act, 21 United States code 844(a).

The term "aggravated felony" under Section 101(a)(43)(B) of the Act defines the term as "illicit trafficking in a controlled substance (as defined in Section 102 of the Controlled Substances Act) including a drug trafficking crime (as defined in Section 924(c) of Title 18 United States code)."

Therefore, in United States v. Hinojosa-Lopez, supra, the 5th Circuit found that ~~that~~ the offense was an aggravated felony under the United States sentencing guidelines which had the same definition of aggravated felony as ~~were~~ was stated in Section 101(a)(43)(B) of the Act.

In United States v. Hernandez-Avalos, 251 F.3d 505 (5th Cir. 2001), the United States Court of Appeals for the 5th Circuit was determining the meaning of the term "aggravated felony" as defined in Section 101(a)(43)(B) of the Act. In that case, the 5th Circuit reaffirmed its holding in United States v. Hinojosa-Lopez, supra. Further, the 5th Circuit in United States v. Hernandez-Avalos, supra, held that the definition of aggravated felony under Section 101(a)(43)(B) of the Act should be applied uniformly between the United States sentencing guidelines and the

000046

Immigration law because it was the same words of the same phrase from the same statute that is being interpreted in each instance.

In <u>Matter of Olivares-Martinez</u>, Int. Dec. 3453 (BIA 2001), the Board of Immigration Appeals stated that in <u>United States v. Hernandez-Avalos</u>, <u>supra</u>, the 5th Circuit "specifically rejected the concept of interpreting a Federal statute differently in Immigration ~~in~~ *and* sentence enhancement cases." The Board went on to state that, "in ~~the~~ United States v. Hernandez-Avalos, the 5th Circuit has determined that uniformity should be employed when the same Federal statute is being interpreted, notwithstanding its application in different contexts."

In <u>Matter of Olivares-Martinez</u>, <u>supra</u>, the Board found that it was required to apply the 5th Circuit's ruling in <u>United States v. Chapa-Garza</u>, 243 F.3d 921 (5th Circuit 2001), regarding the question of whether a conviction for a Texas felony, driving while intoxicated offense, was an aggravated felony conviction. In <u>Olivares-Martinez</u> the Board concluded that it was required to find that a conviction for driving while intoxicated, which is a felony under Texas law, is not classifiable as a crime of violence conviction under 18 United States code Section 16(b) for purposes of removability because the 5th Circuit had held in <u>United States v. Hernandez-Avalos</u> that uniformity had to be employed when the same Federal statute is being interpreted, notwithstanding its application in different contexts. ~~And~~ The 5th Circuit had held in <u>United States v. Chapa-Garza</u> that a

A 43 644 192                    7                    November 9, 2001

violation of the Texas felony DWI statute is not a crime of violence under Title 18 United States code Section 16(b).

In light of the decisions of the United States Court of Appeals for the 5th Circuit in United States v. Hinojosa-Lopez and United States v. Hernandez-Avalos, as well as the Board of Immigration Appeals decision in Matter of Olivares-Martinez, the Court concludes that a conviction for a controlled substance violation is an aggravated felony within the meaning of Section 101(a)(43)(B) of the Act if it is a felony under state law where the conviction is a state conviction and it is an offense that is punishable under the Controlled Substances Act of the United States, even if the offense would be a misdemeanor under the Federal Controlled Substances law. The Court believes that these cases require this finding despite the precedent decisions of the Board of Immigration Appeals in Matter of L-G-, 21 I&N Dec. 89 (BIA 1995), and Matter of K-V-D-, Int. Dec. 3422 (BIA 1999). Thus, it is well established that an Immigration Court is required to apply the law of the Federal Circuit which has jurisdiction over the Immigration Court.

In the present case, as stated above, the Court concludes that respondent has been convicted of an aggravated felony within the meaning of Section 101(a)(43)(B) of the Act because she has been convicted of a drug trafficking crime as defined in Section 924(c) of Title 18 United States code. That provision defines a drug trafficking crime as "any felony punishable under the

A 43 644 192                        8                    November 9, 2001

000048

_et seq._

Controlled Substances Act, 21 United States code Section 801."

In the present case respondent has been convicted under state law of a felony offense for possession of marijuana. She was convicted of a third degree felony, See Section 481.121(b)(4) of the Texas Health and Safety code. Further, the offense of possession of marijuana is an offense that is punishable under the Controlled Substances Act pursuant to 21 United States code Section 844(a).

Respondent's counsel argues that for the purposes of this case respondent cannot be found to have been convicted of an aggravated felony within the meaning of Section 101(a)(43)(B) of the Act because the charge of removability under Section 237(a)(2)(A)(iii) of the Act, relating to an aggravated felony, was withdrawn by the Immigration Service. The Court concludes that the withdrawal of that charge does not alter the conclusion regarding respondent's lack of eligibility for cancellation of removal under Section 240A(a) of the Act. Thus, respondent has been found to be removable under the Act under Section 237(a)(2)(B)(i) of the Act.

With respect to eligibility for cancellation of removal under Section 240A(a) of the Act, it is the respondent's burden of proof to show that she is eligible to be considered for a discretionary grant of that form of relief from removal. Whether or not respondent has been charged in the Notice to Appear with removability based upon an aggravated felony, the Court can

A 43 644 192                    9                    November 9, 2001

000049

consider in the context of determining eligibility for relief from removal whether respondent has been convicted of an aggravated felony. The Service has presented evidence to establish it under the law as interpreted in the jurisdiction of the United States Court of Appeals for the 5th Circuit. Respondent has been convicted of an aggravated felony under Section 101(a)(43)(B) of the Act. Therefore, respondent is ineligible to be considered for cancellation of removal under Section 240A(a) of the Act, and her application will be denied as a matter of statutory eligibility.

<div align="center">ORDER</div>

IT IS HEREBY ORDERED that respondent's application for cancellation of removal under Section 240A(a) of the Act be denied.

IT IS FURTHER ORDERED that respondent be removed from the United States to Mexico pursuant to the charge of removability stated in the Notice to Appear under Section 237(a)(2)(B)(i) of the Act.

*Approved as to content only.*

HOWARD ACHTSAM
Immigration Judge
August 22, 2001

*1/18/02*

A 43 644 192                    10                    November 9, 2001

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                              File A 91 904 234

                                        )
                                        )
PUGA DE VASQUEZ, MARIA LUISA            )    In REMOVAL Proceedings
                                        )
                                        )
                    Respondent          )        Transcript of Hearing

Before HOWARD ACHTSAM, Immigration Judge

Date:  February 12, 2001              Place:  Harlingen, Texas

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:  Yolanda Martinez

Language:  Spanish

Appearances:

       For the Immigration and
       Naturalization Service:           For the Respondent:

       Kyle Brown                        Armando P. Duran

DEC 13 2001
000051

1  JUDGE FOR THE RECORD

2      This is Immigration Court in Harlingen, Texas.  The date is

3  February 12th, 2001.  This is Immigration Judge Howard Achtsam.

4  This is a removal proceeding in the case of Maria Luisa Puga de

5  Vasquez, case number A 91 904 234.  The respondent is present.

6  She is appearing today with legal counsel, Armando P. Duran.  The

7  Immigration Service is represented today by its Assistant

8  District Counsel, Kyle Brown.  The Clerk of the Court and

9  interpreter in the Spanish language today is Yolanda Martinez,

10 who is an employee of the EOIR.

11 JUDGE TO MR. DURAN

12      Mr. Duran, what is the language that respondent speaks and

13 understands best?

14 MR. DURAN TO JUDGE

15      Spanish, Your Honor.

16 JUDGE TO MR. DURAN

17      Mr. Duran, do you acknowledge that respondent was served

18 with a copy of the Notice to Appear in this case, which is dated

19 July 26th, 2000?

20 MR. DURAN TO JUDGE

21      Yes, Your Honor.  Except that for purpose of the record,

22 according to my client, she did sign the green return receipt

23 card but all, she, she, she's claiming that all she received in

24 that envelope was the Court date along with a change of address

25 blue form, for purposes of the record.  But I was served with

A 91 904 234                    1                February 12, 2001

000052

1 the, I was provided with a copy this morning and I served it, I,

2 I gave her a copy myself or showed it to her.

3 JUDGE TO MR. DURAN

4      Okay, because --

5 MR. DURAN TO JUDGE

6      But she was not served.

7 JUDGE TO MR. DURAN

8      The, the hearing notice with the blue form, the change of

9 address form, that comes from the Court and we don't send that

10 certified mail.

11 MR. DURAN TO JUDGE

12      Um-hum.  She's --

13 JUDGE TO MR. DURAN

14      So we, we just --

15 MR. DURAN TO JUDGE

16      -- we, we can --

17 JUDGE TO MR. DURAN

18      -- send that --

19 MR. DURAN TO JUDGE

20      -- ask her.

21 JUDGE TO MR. DURAN

22      -- regular mail.  Now the Immigration Service says that they

23 sent the Notice to Appear by certified mail on July 26, 2000.  We

24 then sent her a hearing notice on September 14th, 2000.  But

25 again, that was not by certified mail so she wouldn't have signed

A 91 904 234                    2                    February 12, 2001

1   the green card for that.

2   MR. DURAN TO JUDGE

3       Um-hum.

4   JUDGE TO MR. DURAN

5       But she doesn't, she didn't have the Notice to Appear?

6   MR. DURAN TO JUDGE

7       She didn't and that's one of the first items I ask the

8   client to provide me with.  And she, all, all I've received from

9   Immigration is these two forms.  So what I, I, that comes from

10  the Court.  And I was looking through her paper work and she

11  doesn't have anything.  So she was served I guess through me this

12  morning, through her counsel, the NTA, which we have no problem

13  with that.  I have not actually reviewed it with her, with her,

14  but I have explained to her that the underlying charge is her

15  conviction.

16  JUDGE TO MR. BROWN

17      Mr. Brown, do you have a, a green return receipt card?

18  MR. BROWN TO JUDGE

19      Yeah I do, Your Honor.  And it, it appears to be signed by a

20  Ms. Luisa Vasquez.  It was sent out on July, it looks like it

21  went, it's date stamped July 28th.  I don't have a copy but I can

22  let you review it if you like.

23  JUDGE TO MR. BROWN

24      That's fine.  Counsel's not at this point, well he's

25  contesting whether she was served at that time, but I'm not sure

A 91 904 234                    3                    February 12, 2001

000054

1  it's going to become an issue in the case at all.

2  MR. DURAN TO JUDGE

3      No, sir.

4  JUDGE TO MR. DURAN

5      Mr. Duran, how do you want to proceed today?

6  MR. DURAN TO JUDGE

7      I, we're ready to, to admit allegations, Your Honor.  We're

8  ready to admit allegations.

9  JUDGE TO MR. DURAN

10      The only --

11  MR. DURAN TO JUDGE

12      Seems to be --

13  JUDGE TO MR. DURAN

14      -- the only problem

15  MR. DURAN TO JUDGE

16      -- as a straightforward --

17  JUDGE TO MR. DURAN

18      -- the question is, and I want to make sure that we comply

19  with the, with the statute.  She's allowed to have 10 days after

20  she receives the Notice to Appear in order to have the first

21  hearing.  Now, I mean, I don't think we need to go through

22  testimony but apparently she signed the green card for that

23  document.  I mean, you stated that she said she signed the green

24  card for the hearing notice, but that's, that just can't be the

25  case since we didn't send it certified mail.  Maybe that she did

A 91 904 234                    4              February 12, 2001

1  receive it and, I mean, I don't know.  I, I don't need to make a

2  finding on that.  I'm just don't want to go forward today without

3  her signing the waiver on the Notice to Appear.  If you're ready

4  to do pleadings today that's fine, but I would, I think she

5  should sign the waiver on waiving the 10 days so that --

6  MR. DURAN TO JUDGE

7      Oh, I see what you're saying.  Well if the Court would grant

8  a few days --

9  JUDGE TO MR. DURAN

10      You want a continuance --

11  MR. DURAN TO JUDGE

12      -- to prepare since this is the first setting --

13  JUDGE TO MR. DURAN

14      -- for preparation?

15  MR. DURAN TO JUDGE

16      -- this is the first setting and I would like for my client

17  to, in, in an abundance of caution, to be prepared throughout her

18  entire proceeding starting from, I guess, reviewing the NTA with

19  her in my office.

20  JUDGE TO MR. DURAN

21      Which I think would be a good idea.

22  MR. DURAN TO JUDGE

23      Thank you.

24  JUDGE TO MR. BROWN

25      Mr. Brown, any objection?

A 91 904 234                    5                    February 12, 2001

1   MR. BROWN TO JUDGE

2       No.

3   JUDGE TO MR. DURAN

4       I'm going to reschedule the case for a hearing on February

5   28th, 2001 at 10:00 in the morning in this Court.  Mr. Duran, is

6   that agreeable to you?

7   MR. DURAN TO JUDGE

8       Yes it is, Your Honor.

9   JUDGE TO MR. DURAN

10      Again, that's February 28th, 2001 at 10:00 in the morning.

11  MR. DURAN TO JUDGE

12      Yes, Your Honor.

13  JUDGE TO MR. DURAN

14      And that would also resolve any of the issues of the 10 day

15  waiting period that we're required to give.  Because she did

16  receive a copy today.

17  MR. DURAN TO JUDGE

18      Yes, Your Honor.

19  JUDGE TO MS. PUGA DE VASQUEZ

20      Please state your name.

21  MS. PUGA DE VASQUEZ TO JUDGE

22      Marie Luisa Vasquez.

23  JUDGE TO MS. PUGA DE VASQUEZ

24      I've rescheduled your case for a hearing in this Court on

25  February 28th, 2001 at 10:00 in the morning, and at that time you

A 91 904 234                    6                    February 12, 2001

000057

1  must be present with your attorney.  The only valid reason for

2  your non-appearance at that hearing would be exceptional

3  circumstances beyond your control such as a serious illness that

4  you may have or the serious illness or death of your spouse,

5  child, or parent, but not including less compelling

6  circumstances.  If you fail to appear at the hearing for any

7  other reason I will proceed with the hearing in your absence, and

8  if the record shows that you are subject to removal then a

9  removal order will be entered against you at that time.

10  Therefore, it is very important that you appear at that hearing.

11  Also, if you fail to appear at that hearing for any reason other

12  than because of exceptional circumstances beyond your control, it

13  will result in your becoming ineligible for voluntary departure,

14  cancellation of removal, adjustment of status, and change of

15  status under the Immigration and Nationality Act for ten years

16  after the date of entry of the final order of removal.

17  JUDGE FOR THE RECORD

18     We are adjourned.

19                    **HEARING ADJOURNED**

20

21

22

23

24

25

A 91 904 234              7              February 12, 2001

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                        File A 91 904 234

)
)
PUGA DE VASQUEZ, MARIA LUISA       )    In REMOVAL Proceedings
)
)
Respondent       )        Transcript of Hearing
)

Before HOWARD ACHTSAM, Immigration Judge

Date:  February 28, 2001                Place:  Harlingen, Texas

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:  Yolanda Martinez

Language:  Spanish

Appearances:

      For the Immigration and
      Naturalization Service:        For the Respondent:

      Flavio Escobar                Armando P. Duran

000059

1  JUDGE FOR THE RECORD

2      This is Immigration Court in Harlingen, Texas.  The date is

3  February 28th, 2001.  This is Immigration Judge Howard Achtsam.

4  This is a removal proceeding in the case of Maria Luisa de Puga

5  Vasquez, case number A 91 904 234.  The respondent is present.

6  She is present today with legal counsel Armando P. Duran.  The

7  Immigration Service is represented today by its Assistant

8  District Counsel, Flavio Escobar.  The Clerk of the Court and

9  interpreter in the Spanish language today is Yolanda Martinez,

10 who is an employee of the EOIR.

11 JUDGE TO MR. DURAN

12     Mr. Duran, do you acknowledge the respondent was served with

13 a copy of the Notice to Appear in this case, which is dated July

14 26, 2000?

15 MR. DURAN TO JUDGE

16     We do, Your Honor.

17 JUDGE FOR THE RECORD

18     We'll go off the record to check the tape recorder.

19                          (OFF THE RECORD)

20                          (ON THE RECORD)

21 JUDGE FOR THE RECORD

22     We're back on the record.  That Notice to Appear will be

23 admitted into the record as Exhibit number 1.

24 JUDGE TO MR. DURAN

25     Mr. Duran, do you waive a reading of the allegations and the

1  charges in the Notice to Appear, and also waive any explanation

2  of respondent's rights in this proceeding?

3  MR. DURAN TO JUDGE

4       We do, Your Honor.

5  JUDGE TO MR. DURAN

6       Do you have a copy of the Notice to Appear?

7  MR. DURAN TO JUDGE

8       We do.

9  JUDGE TO MR. ESCOBAR

10      Mr. Escobar, is the Service going to be proceeding on the

11  charge 237(a)(2)(A)(iii), or going to be withdrawing that?

12  MR. ESCOBAR TO JUDGE

13      Your Honor, the Service would respectfully withdraw that

14  charge.

15  JUDGE TO MR. DURAN

16      Mr. Duran, any objection?

17  MR. DURAN TO JUDGE

18      No objections, Your Honor.

19  JUDGE FOR THE RECORD

20      Therefore, that will be considered withdrawn.

21  JUDGE TO MR. DURAN

22      The Notice to Appear does allege the respondent has been

23  admitted to the United States but is deportable for the reasons

24  as stated below.  And then there are four allegations of fact.

25  Mr. Duran, how do you plead to those four allegations of fact?

A 91 904 234                    9                February 28, 2001

1  MR. DURAN TO JUDGE

2      Yes, Your Honor.  We admit allegations 1 through 4, as well

3  as the under, the underlying charge under Section

4  237(a)(2)(B)(i).

5  JUDGE TO MR. DURAN

6      So you concede removability under that charge?

7  MR. DURAN TO JUDGE

8      We do, Your Honor.

9  JUDGE TO MR. DURAN

10     Does respondent want to select a country for removal if

11  removal is ordered?

12  MR. DURAN TO JUDGE

13     Yes, Your Honor.  Respondent's country of designation is

14  Mexico.

15  JUDGE TO MR. DURAN

16     Is respondent requesting any relief from removal?

17  MR. DURAN TO JUDGE

18     Yes, Your Honor.  At this time respondent, respondent

19  requests Section, under Section 240A(a), that's, that's her form

20  of relief, and that would be cancellation of removal for certain

21  permanent residents, Your Honor.

22  JUDGE TO MR. DURAN

23     Do you have the application ready today or do you need time

24  to prepare it?

25  MR. DURAN TO JUDGE

A 91 904 234                    10                  February 28, 2001

1       We need to, a couple of weeks to prepare on this

2   application.

3   JUDGE TO MR. DURAN

4       The Court is going to reschedule the case for a hearing on

5   the merits of the application for cancellation of removal for

6   April 18th, 2001 at 1:00 in the afternoon in this Court.  The

7   Court is going to require that the application for cancellation

8   of removal be filed with the Court no later than April 4th, 2001.

9   That would not be for a hearing in Court, just to file it with

10  the office of the Clerk.

11  MR. DURAN TO JUDGE

12      Yes, Your Honor.

13  JUDGE TO MR. DURAN

14      The Court is also going to require that any documents that

15  the parties want to offer at the merits hearing, except for

16  rebuttal documentation, would have to be filed with the Court and

17  served upon the opposing party on or before April 4th, 2001.  Mr.

18  Duran, is all of that agreeable to the respondent?

19  MR. DURAN TO JUDGE

20      Yes it is, Your Honor.

21  JUDGE TO MR. ESCOBAR

22      Mr. Escobar, is all of that agreeable to the Immigration

23  Service?

24  MR. ESCOBAR TO JUDGE

25      It is, Your Honor.

A 91 904 234                    11              February 28, 2001

1   JUDGE TO MS. PUGA DE VASQUEZ

2       Please state your name.

3   MS. PUGA DE VASQUEZ TO JUDGE

4       Maria Luisa Puga De Vasquez.

5   JUDGE TO MR. DURAN

6       Mr. Duran, is there a, a problem with the way the name is

7   written in the Notice to Appear?  It has Maria Luisa de Puga

8   Vasquez.  Should it be Puga de Vasquez?

9   MR. DURAN TO JUDGE

10      That is correct, Your Honor.  For purposes of the record, we

11  ask that the Court takes notice and we ask that the name be

12  corrected at, it was Maria Luisa de Puga Vasquez and the correct

13  order is Maria Luisa Puga de Vasquez.

14  JUDGE TO MR. ESCOBAR

15      Mr. Escobar, any objection to amending the Notice to, the

16  name in the Notice to Appear as requested by counsel?

17  MR. ESCOBAR TO JUDGE

18      No, Your Honor.

19  JUDGE FOR THE RECORD

20      The Court will make that change.

21  JUDGE TO MS. PUGA DE VASQUEZ

22      I have rescheduled your case for a hearing in this Court on

23  April 18th, 2001 at 1:00 in the afternoon.  That will be the

24  hearing on the merits of your application for cancellation of

25  removal.  At that time you must be present with your attorney

A 91 904 234                12                February 28, 2001

000064

1  ready to proceed with your case.  If you fail to appear at that

2  hearing, and if there are no exceptional circumstances for your

3  failure to appear, a removal order will be entered against you at

4  that time and you would become ineligible for voluntary

5  departure, cancellation of removal, adjustment of status, and

6  change of status under the Immigration and Nationality Act for

7  ten years after the date of entry of the final order of removal.

8  JUDGE FOR THE RECORD

9       We are adjourned.

10                          **HEARING ADJOURNED**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 91 904 234                    13                February 28, 2001

000065

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court


Matter of                                    File A 91 904 234




                                    )
                                    )
PUGA DE VASQUEZ, MARIA LUISA        )    In REMOVAL Proceedings
                                    )
                                    )
                   Respondent       )        Transcript of Hearing


Before HOWARD ACHTSAM, Immigration Judge


Date:  April 18, 2001              Place:  Harlingen, Texas



Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland



Official Interpreter:  Julio Galvan

Language:  Spanish



Appearances:

     For the Immigration and
     Naturalization Service:          For the Respondent:

     Flavio Escobar                   Armando P. Duran


000066

1  JUDGE FOR THE RECORD

2      This is Immigration Court in Harlingen, Texas.  The date is

3  April 18th, 2001.  This is Immigration Judge Howard Achtsam.

4  This is a removal proceeding in the case of Maria Luisa Puga de

5  Vasquez, case number A 91 904 234.  The respondent is present.

6  She is present with legal counsel Armando P. Duran.  The

7  Immigration Service is represented today by its Assistant

8  District Counsel, Flavio Escobar.  The interpreter today in the

9  Spanish language is Julio Galvan and I will swear in the

10  interpreter at this time.

11  JUDGE TO MR. GALVAN

12      Please stand up and raise your right hand.  Do you swear

13  that you're competent to interpret from English to Spanish and

14  Spanish to English and that you will interpret accurately and

15  correctly in this proceeding?

16  MR. GALVAN TO JUDGE

17      I do, sir.

18  JUDGE TO MR. GALVAN

19      Thank you.  Please be seated.

20  JUDGE FOR THE RECORD

21      This case is scheduled for today for a hearing on the merits

22  of respondent's application for cancellation of removal for

23  certain permanent residents and the Court is ready to proceed

24  with the case today.  There was a motion for continuance filed by

25  Mr. Duran.

A 91 904 234                    14                    April 18, 2001

000067

1   JUDGE TO MR. DURAN

2       Mr. Duran, do you want to speak to that motion?

3   MR. DURAN TO JUDGE

4       Yes, Your Honor.  May it please the Court?

5   JUDGE TO MR. DURAN

6       Yes.

7   MR. DURAN TO JUDGE

8       The, the purpose of, of my filing this motion for

9   continuance on behalf of respondent was because the, the

10  procedure to obtain a fingerprint appointment, actually to file

11  an application for an appointment of a fingerprint was a little

12  more convoluted than what I had understood initially.  I

13  represented to this Court in our previous meeting back on

14  December, on February the 28th that I would, I would file the

15  application at that same day.  Well it, it was a little bit more

16  than that just on the filing of the application.  I had to,

17  according to the instructions, I was, I would have to fill out

18  correctly, a correct and accurate application for cancellation,

19  which is an E-42A and in order to file an E-42A I had to gather a

20  lot of information.  Especially because I wanted the supporting

21  documents to "jive up" with the application itself of the

22  cancellation.  Once I completed the application for cancellation

23  and along with, and having with me in my possession the money

24  order, then I would be able to be file the application with, for

25  fingerprint, the F-258.  It took some time.  Those, those are

A 91 904 234                    15                    April 18, 2001

1  more allegations.  Our, my arguments in, in the motion for

2  continuance.  Now, I have in my possession proof that the

3  applicant was, in fact, fingerprinted yesterday in McAllen.  I

4  spoke to counsel, the Trial Attorney Mr. Flavio, before this

5  hearing today and he has not received those fingerprints.  Now,

6  if the Court would like to proceed and postpone the ruling, I am

7  ready to proceed today except that I just didn't want the Trial

8  Attorney or the Service to be at a disadvantage, or the Court,

9  not knowing what her fingerprint history would be from her last

10  arrest up to date.  That's my, my concern, Your Honor.  But I am

11  ready to proceed except that I have three small supplements to

12  turn into the Court like names and, employment, small employment

13  history.  Other than that I'm ready.

14  JUDGE TO MR. ESCOBAR

15      Mr. Escobar, what is the position of the Service?

16  MR. ESCOBAR TO JUDGE

17      Well, Your Honor, I'll leave it to the Court's discretion

18  whether we proceed today.  However, I spoke to my office

19  yesterday and if, as counsel stated, fingerprints were taken

20  yesterday, the, the fastest amount of time, according to my

21  office, that the fingerprint results could be in would be three

22  days.  That's the fastest we can get them in, Judge.  You know --

23  JUDGE TO MR. ESCOBAR

24      Well it seems to me that it really is up to the Service.  It

25  sounds like Mr. Duran does not have any objection to a

A 91 904 234                    16                    April 18, 2001

000069

```
 1   continuance and is, in fact, moved for one.  If the Service --
 2   MR. ESCOBAR TO JUDGE
 3        Yes, Your Honor.
 4   JUDGE TO MR. ESCOBAR
 5        -- believes that we should not proceed today.  If the
 6   Service wants to proceed today even though they don't have the
 7   fingerprint response, I don't see any reason why the Court would
 8   not proceed.
 9   MR. ESCOBAR TO JUDGE
10        Yes.  Well, Your Honor, the Service had, had agreed, or had
11   not opposed the continuance for today.  The motion filed by Mr.
12   Duran.  I believe, I believe, Judge, that we should wait
13   fingerprint results.  So that way if we do commence a hearing
14   it'll be concluded and the Court will have all the information it
15   needs at its disposal then.
16   JUDGE TO MR. ESCOBAR
17        So you, you would be requesting continuance also?
18   MR. ESCOBAR TO JUDGE
19        Yes, I, I would, I would join him in his motion, Judge.
20   JUDGE FOR THE RECORD
21        Therefore, the Court, based upon the agreement of the
22   parties, will continue the matter.  We'll go off the record to
23   get a new hearing date.
24                         (OFF THE RECORD)
25                         (ON THE RECORD)
```

A 91 904 234                    17                 April 18, 2001

000070

1  JUDGE FOR THE RECORD

2      We're back on the record.  The Court is going to reschedule

3  the case for a hearing on the merits of respondent's application

4  for cancellation of removal for June 13th, 2001 at 1:00 in the

5  afternoon in this Court.  And the Court is going to require that

6  any additional documents that the parties want to offer at the

7  merits hearing, except for rebuttal documentation, must be filed

8  with the Court and served upon the opposing party on or before

9  May 30th, 2001.  And again, the merits hearing will be June 13th,

10  2001 at 1:00 in the afternoon in this Court.

11  JUDGE TO MR. DURAN

12      Mr. Duran, is all of that agreeable to the respondent?

13  MR. DURAN TO JUDGE

14      Yes it is, Your Honor.

15  JUDGE TO MR. ESCOBAR

16      Mr. Escobar, is all of that agreeable to the Immigration

17  Service?

18  MR. ESCOBAR TO JUDGE

19      It is, Your Honor.

20  JUDGE TO MS. PUGA DE VASQUEZ

21      Please state your name.

22  MS. PUGA DE VASQUEZ TO JUDGE

23      Maria Luisa Puga de Vasquez.

24  JUDGE TO MS. PUGA DE VASQUEZ

25      I have rescheduled your case for a hearing in this Court on

A 91 904 234                    18                    April 18, 2001

000071

1   June 13th, 2001 at 1:00 in the afternoon.

2   MS. PUGA DE VASQUEZ TO JUDGE

3       Yes, sir.

4   JUDGE TO MS. PUGA DE VASQUEZ

5       That would be the hearing on the merits of your application

6   for cancellation of removal.

7   MS. PUGA DE VASQUEZ TO JUDGE

8       Yes, sir.

9   JUDGE TO MS. PUGA DE VASQUEZ

10      At that time you must be present with your attorney ready to

11  proceed with your case.

12  MS. PUGA DE VASQUEZ TO JUDGE

13      Yes, sir.

14  JUDGE TO MS. PUGA DE VASQUEZ

15      If you fail to, to appear at that hearing and if there are

16  no exceptional circumstances for your failure to appear, then a

17  removal order will be entered against you at that time.

18  MS. PUGA DE VASQUEZ TO JUDGE

19      Yes, sir.

20  JUDGE TO MS. PUGA DE VASQUEZ

21      And you would become ineligible for voluntary departure,

22  cancellation of removal, adjustment of status, and change of

23  status under the Immigration and Nationality Act for 10 years

24  after the date of entry of the final order of removal.

25  MS. PUGA DE VASQUEZ TO JUDGE

A 91 904 234                 19              April 18, 2001

000072

1        Yes, sir.

2  JUDGE FOR THE RECORD

3        We are adjourned.

4                        HEARING ADJOURNED

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A 91 904 234                    20                    April 18, 2001

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                              File A 91 904 234

```
                              )
                              )
PUGA DE VASQUEZ, MARIA LUISA  )   In REMOVAL Proceedings
                              )
                              )
              Respondent      )      Transcript of Hearing
```

Before HOWARD ACHTSAM, Immigration Judge

Date:  June 13, 2001                    Place:  Harlingen, Texas

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:  Yolanda Martinez

Language:  Spanish

Appearances:

    For the Immigration and
    Naturalization Service:        For the Respondent:

    Flavio Escobar                 Armando P. Duran

000074

1  JUDGE FOR THE RECORD

2      This is Immigration Court in Harlingen, Texas.  The date is

3  June 13th, 2001.  This is Immigration Judge Howard Achtsam.  This

4  is a removal proceeding in the case of Maria Luisa Puga de

5  Vasquez, case number A 91 904 234.  The respondent is present.

6  She is present today with legal counsel, Armando P. Duran.  The

7  Immigration Service is represented today by its Assistant

8  District Counsel, Flavio Escobar.  The Clerk of the Court and

9  interpreter in the Spanish language today is Yolanda Martinez,

10  who is an employee of the EOIR.  This case is scheduled for a

11  hearing today on the merits of respondent's application for

12  cancellation of removal for certain permanent residents.  The

13  Court is ready to proceed in this case today.

14  JUDGE TO MR. DURAN

15      Mr. Duran, is respondent prepared to proceed?

16  MR. DURAN TO JUDGE

17      Respondent's ready to proceed, Your Honor.

18  JUDGE TO MR. ESCOBAR

19      Mr. Escobar, is the Immigration Service prepared to proceed?

20  MR. ESCOBAR TO JUDGE

21      Yes, Your Honor.

22  JUDGE FOR THE RECORD

23      We'll go off the record to check the tape recorder.

24                        (OFF THE RECORD)

25                        (ON THE RECORD)

A 91 904 234                21                June 13, 2001

C00075

1  JUDGE FOR THE RECORD

2      We are back on the record.  In this case the Notice to

3  Appear alleges that respondent was convicted on August 26th, 1999

4  for the offense of possession of marijuana, which respondent

5  admitted.  Neither party has as yet submitted to the Court the

6  record of conviction.  And, therefore, the Court is not apprised

7  of the actual offense, whether it's a misdemeanor or a felony.  I

8  would note that there is a recent decision of the United States

9  Court of Appeals for the 5th Circuit that may affect respondent's

10  eligibility for cancellation of removal.  That is the case of <u>The</u>

11  <u>United States of America v. Jorge Hernandez-Avalos.</u>  And that's

12  spelled J O R G E, new word H E R N A N D E Z, new word A V A L O

13  S.  Which was issued by the 5th Circuit on May 11th, 2001 and

14  goes to the question of whether possession of a controlled

15  substance would be an aggravated felony within the meaning of the

16  Immigration law, and if so, then the respondent would be

17  ineligible for cancellation of removal.

18  JUDGE TO MR. DURAN

19      Mr. Duran, are you familiar with that case?

20  MR. DURAN TO JUDGE

21      I was just apprised with that case a few minutes ago, Your

22  Honor.  This is a --

23  JUDGE TO MR. DURAN

24      Did counsel --

25  MR. DURAN TO JUDGE

A 91 904 234                    22                    June 13, 2001

1      -- a month old case.

2  JUDGE TO MR. DURAN

3      -- did counsel for the Immigration Service provide you with

4  a copy?

5  MR. DURAN TO JUDGE

6      That is correct, Your Honor.

7  JUDGE TO MR. DURAN

8      And are you, are you reading it at this time?

9  MR. DURAN TO JUDGE

10      I am reading it at this time, Your Honor.

11  JUDGE TO MR. DURAN

12      You want, you want some more time to finish it?

13  MR. DURAN TO JUDGE

14      Yes, if I may.

15  JUDGE TO MR. DURAN

16      So you can speak to it.

17  MR. DURAN TO JUDGE

18      A couple of minutes, Your Honor.

19  JUDGE TO MR. DURAN

20      Also I would, I, I would certainly grant that request.  I

21  will also provide you with another document that I'm going to

22  place in the record of proceeding, and that is a, a recent

23  decision, a non-precedent decision of the Board of Immigration

24  Appeals issued on May 30th, 2001 where they found that case of

25  United States v. Hernandez-Avalos to be a controlling decision

A 91 904 234                    23                    June 13, 2001

1    for the purposes of the Board issuing its decision in that case.

2    And I'm going to be considering that so I, I believe that the,

3    since it's not a published decision that copies should be

4    provided to the parties so the parties can view that also.  I'll

5    give it to the Clerk of the Court to give it to counsel for both

6    parties.  Mr. Duran, you have a copy of that Board decision right

7    now?

8    MR. DURAN TO JUDGE

9        I do, Your Honor.

10   JUDGE TO MR. ESCOBAR

11       Mr. Escobar, you have it also?

12   MR. ESCOBAR TO JUDGE

13       I do, Your Honor.

14   JUDGE TO MR. DURAN

15       Mr. Duran, would 15 minutes be sufficient for you to read

16   the documents?

17   MR. DURAN TO JUDGE

18       Yes, Your Honor.  Thank you.

19   JUDGE TO MR. ESCOBAR

20       Mr. Escobar, is that agreeable?

21   MR. ESCOBAR TO JUDGE

22       That's agreeable, Your Honor.

23   JUDGE FOR THE RECORD

24       We're off the record.

25                           (OFF THE RECORD)

A 91 904 234                    24                    June 13, 2001

1                          (ON THE RECORD)

2   JUDGE FOR THE RECORD

3        We're back on the record after about a 15 minute

4   adjournment.   The respondent is again present with her attorney.

5   Counsel for the Service is present as is the interpreter.

6   JUDGE TO MR. DURAN

7        Mr. Duran, you've had an opportunity to review the case of

8   The United States of America v. Hernandez-Avalos and also the,

9   that Board decision that I provided you?

10  MR. DURAN TO JUDGE

11       Yes I have, Your Honor.

12  JUDGE TO MR. DURAN

13       You may remain seated.

14  MR. DURAN TO JUDGE

15       Thank you.

16  JUDGE TO MR. DURAN

17       It's customary in this Court to remain seated.

18  MR. DURAN TO JUDGE

19       Thanks, Your Honor.

20  JUDGE TO MR. ESCOBAR

21       Mr. Escobar, you've had an opportunity to review the Board

22  decision that I provided?

23  MR. ESCOBAR TO JUDGE

24       Yes, Your Honor.

25  JUDGE TO MR. ESCOBAR

A 91 904 234                    25                    June 13, 2001

000079

1     Mr. Escobar, what's the position of the Service?

2  MR. ESCOBAR TO JUDGE

3     Your Honor, at this time, based on the -- well first of all,

4  Your Honor, for completeness of the record if I may, I would like

5  to offer to the Court the judgment or the record of conviction in

6  this case.

7  JUDGE TO MR. ESCOBAR

8     Have, have you provided a copy to respondent's counsel?

9  MR. ESCOBAR TO JUDGE

10     I will also provide one, Your Honor.

11  JUDGE FOR THE RECORD

12     We'll go off the record to review the document.

13                (OFF THE RECORD)

14                (ON THE RECORD)

15  JUDGE FOR THE RECORD

16     We are back on the record.  The Immigration Service has

17  handed up to the Court an indictment, a plea memorandum, an order

18  of deferred adjudication, adjudication, placement on community

19  supervision, there is, those documents are attached together with

20  a staple and there is a certification on the back of the last

21  page.  These are all in the case of the State of Texas v. Maria

22  Luisa Vasquez in the District Court, Brooks County, Texas

23  February term, 1999.  Cause number 99-07-06645.

24  JUDGE TO MR. DURAN

25     Mr. Duran, do you have all of those documents?

C000080

1  MR. DURAN TO JUDGE

2      Yes, Your Honor.  Except that I don't have a certification

3  on my copies.

4  JUDGE TO MR. DURAN

5      You want to review the Court's?

6  MR. DURAN TO JUDGE

7      Yes.  As long as I have a copy in my records.  The only

8  problem that I would have on this with this documentation is so,

9  it's so extensive I would not know whether my client was actually

10  provided with that copy even though the Service or the Court

11  might establish that it is, in fact, her signature.  Again, this

12  is only for purposes of admitting this piece of document, these

13  documents into evidence.

14  JUDGE TO MR. DURAN

15      Do you want to review the, the certification on the Court's

16  original?

17  MR. DURAN TO JUDGE

18      May I please, sir?

19  JUDGE TO MR. DURAN

20      Yes.

21  JUDGE FOR THE RECORD

22      We'll go off the record.

23  MR. DURAN TO JUDGE

24      I --

25                              (OFF THE RECORD)

A 91 904 234                    27                    June 13, 2001

000081

1                          (ON THE RECORD)

2    JUDGE FOR THE RECORD

3         We're back on the record.

4    JUDGE TO MR. DURAN

5         Mr. Duran, have you had an opportunity to review the

6    documents that are presented, been presented to the Court?

7    MR. DURAN TO JUDGE

8         Yes I have, Your Honor.  They're --

9    JUDGE TO MR. DURAN

10        Do you have any objection to any of these documents being

11   admitted into the record?

12   MR. DURAN TO JUDGE

13        We object only to the extent that the, the contents of these

14   documents, I would not know where, except for the certification,

15   and the Court might take it this in actual official document.

16   And, therefore, admissible into evidence.  But my practice is

17   that I don't have an opportunity to, to cross-examine, ask

18   questions, or run a line of questioning on whoever prepared these

19   documents.  That would be the, the clerk.  I don't know what

20   they're alleging in this J&C, this judgement and conviction

21   document.  I don't know what, who prepared them, why they

22   prepared them, to whom are they alleging, who, whose allegations

23   are against, and the only relevance to my client, to my client's

24   case is her signature if, and only if, her signature establishes

25   that this is, in fact, her, her endorsement.  Other than that I

A 91 904 234                    28                    June 13, 2001

000082

1 don't have any, I don't have any objections.  I don't know if I'm

2 confusing the Court, but that's just my practice for purposes of

3 the record.  I, I must object to, to that, to that extent.

4 JUDGE TO MR. DURAN

5       I understand.

6 JUDGE FOR THE RECORD

7       The Court will mark these identity, these documents for

8 identification as Group Exhibit number 2.  And the Court will

9 admit these documents into the record.  The Court believes that

10 they are admissible.  They are stapled together, there is a

11 certification on the last page of the documents.  They are the

12 official record of the Court proceeding.  And they are certified

13 by the Deputy Clerk, Deputy District Clerk of Brooks County,

14 Texas.  Therefore, the Court believes they are admissible.  I

15 would also note that the respondent, through counsel, did admit

16 to allegation number 4 in the Notice to Appear that respondent

17 was convicted on August 26th, 1999 of, in the 79th Judicial

18 District Court in Brooks County for the offense of possession of

19 marijuana.

20 JUDGE TO MR. DURAN

21       Mr. Duran, did respondent appeal this judgment on direct

22 appeal?

23 MR. DURAN TO JUDGE

24       Not to my knowledge, Your Honor.  I think there was another

25 counsel.

A 91 904 234                    29                    June 13, 2001

000083

1   JUDGE TO MR. DURAN

2       Do you want to ask the respondent?  She's --

3   MR. DURAN TO JUDGE

4       If she knows about it?

5   JUDGE TO MR. DURAN

6       Yes.

7   JUDGE FOR THE RECORD

8       We'll go off the record so you can do that.

9   MR. DURAN TO JUDGE

10      Thank --

11                          (OFF THE RECORD)

12                          (ON THE RECORD)

13  JUDGE FOR THE RECORD

14      We are back on the record.

15  JUDGE TO MR. DURAN

16      Mr. Duran, did you have an opportunity to speak with the

17  respondent?

18  MR. DURAN TO JUDGE

19      Yes I will, yes Your Honor.

20  JUDGE TO MR. DURAN

21      And did she appeal the judgment on direct appeal?

22  MR. DURAN TO JUDGE

23      I asked respondent whether she has knowledge of any appeals

24  on these, on this conviction, and she does not know, she is not

25  sure.  Mr. Homer Morter (phonetic sp.), he was the counsel for,

A 91 904 234                      30                      June 13, 2001

000084

1  for respondent at the time, and ever since she has, she hasn't

2  had any contact with him.  And again, he was a Court appointed

3  attorney, we do not know whether there's an appeal ongoing at

4  this time.  She has no knowledge of that and neither do I, Your

5  Honor.  I would like to explore the possibility of any appeals

6  that might be pending on this case.

7  JUDGE TO MR. DURAN

8       You requesting a continuance for that purpose?

9  MR. DURAN TO JUDGE

10      That purpose, and if I may add, Your Honor, the 5th Circuit

11 case that was just handed to me about 30 minutes ago, it has so

12 much statute, statutory law, so much case law, that I would like

13 to have the opportunity to explore more avenues, especially for

14 relief if the, especially if the aggravated felony charge is, is

15 upcoming in this particular case after several weeks of

16 preparation under the understanding that I, I guess I would call

17 it old law.  And then the new decision being kicked in as of May

18 11th.  Most of us are taken by surprise in this case.  So I would

19 like to explore more possibilities of relief, even collateral

20 attacks.  I would submit to the Court that I would go in person

21 to county of Brooks here in, in north of (indiscernible) to see

22 if there's a possibility that we can reduce this to a misdemeanor

23 conviction.  So there's several opportunities of relief, but I

24 must have time to explore all these possibilities.

25 JUDGE TO MR. ESCOBAR

A 91 904 234                    31                    June 13, 2001

000085

1      Mr. Escobar, what is the position of the Service?

2  MR. ESCOBAR TO JUDGE

3      The continuance is for the purpose of exploring other

4  possibilities of relief, I have no objection, Your Honor.  But I

5  don't believe that collateral attack on the conviction is good

6  cause for delaying these proceedings further, Judge.

7  JUDGE FOR THE RECORD

8      The Court, though, will, will grant the request for

9  continuance for the following reasons.  Counsel has stated, has

10  prepared for this case under the understanding that respondent

11  was not convicted of an aggravated felony.  In fact, the Service

12  withdrew the aggravated felony charge in the Notice to Appear

13  previously.  Which I believe was proper at that time in light of

14  the state of the law.  And it's fairly recent that the 5th

15  Circuit has issued its decision.  Counsel has only been provided

16  with that today.  And the Court has also provided counsel today

17  with the non-precedent decision that's in the record of

18  proceedings, issued by the Board on May 30th, 2001.  So for the,

19  for the purpose of further review of that, of those decisions and

20  further preparation and exploring other avenues of relief, the

21  Court would, would grant the motion.  With respect to the request

22  to be able to explore possible collateral challenges in the

23  criminal proceeding, the Board of Immigration Appeals has

24  consistently held that that is not good cause for a continuance

25  and the continuance would not be granted for that purpose.

A 91 904 234                    32                    June 13, 2001

000086

1   Certainly during the continuance counsel for the respondent can

2   make those attempts, but that's not the reason that the case is

3   being continued and would not be continued if it was only for

4   that reason.  But I will grant the motion for the other reasons

5   stated.  We'll go off the record to get a new hearing date.

6                           (OFF THE RECORD)

7                           (ON THE RECORD)

8   JUDGE FOR THE RECORD

9        We are back on the record.  The Court is going to reschedule

10  this case for a hearing in this Court on August 22nd, 2001 at

11  1:00 in the afternoon.  And the Court will also require that any

12  additional documents that the parties want to file so they could

13  offer at the merits hearing, must be filed with the Court and

14  served upon the opposing party on or before August 8th, 2001.  In

15  addition, if either party wants to file the brief with respect to

16  the issues of relief, the Court is not requiring that but it, if

17  a brief is going to be filed then that should be filed and served

18  upon the opposing party on or before August 8, 2001.  Also, so

19  the Court and the opposing party does, do have an opportunity to

20  review that prior to the merits hearing date.

21  JUDGE TO MR. DURAN

22       Mr. Duran, is all of that agreeable to respondent?

23  MR. DURAN TO JUDGE

24       Yes it is, Your Honor.

25  JUDGE TO MR. ESCOBAR

A 91 904 234                    33                  June 13, 2001

1       Mr. Escobar, is all of that agreeable to the Service?

2   MR. ESCOBAR TO JUDGE

3       Yes, Your Honor.

4   JUDGE FOR THE RECORD

5       We'll go off the record.

6                           (OFF THE RECORD)

7                           (ON THE RECORD)

8   JUDGE FOR THE RECORD

9       We are back on the record.  There's only one other matter

10  the Court wants to discuss.  We, Mr. Duran filed some documents

11  with the Court on June 4, 2001.  There is a little note that says

12  that they were served on the Trial Attorney.  I believe that the

13  certificate of service says, is not the way it should be.

14  JUDGE TO MR. ESCOBAR

15      Let me ask you, Mr. Escobar, do you have copies of those

16  documents?  It's a letter from Renee Ramirez and then two

17  supplements to the cancellation of removal application.

18  MR. ESCOBAR TO JUDGE

19      I do, Your Honor.

20  JUDGE TO MR. DURAN

21      Mr. Duran, anything further for the record today?

22  MR. DURAN TO JUDGE

23      No, Your Honor.  Nothing further.

24  JUDGE TO MR. ESCOBAR

25      Mr. Escobar, anything further today?

A 91 904 234                    34                    June 13, 2001

000088

1  MR. ESCOBAR TO JUDGE

2      Yes, Your Honor.  I have two additional documents I would

3  like to offer to the Court.  I have tendered copies of same to

4  counsel.  And I believe that they are relevant and that they go

5  to issues involved in this case.  May I approach --

6  JUDGE TO MR. ESCOBAR

7      Yes.

8  MR. ESCOBAR TO JUDGE

9      -- the bench?

10  JUDGE TO MR. ESCOBAR

11      Yes.

12  JUDGE FOR THE RECORD

13      The Service has handed up a copy of the Texas codes

14  annotated, volume 4, health and safety code, the statutory

15  provision 481.121.  And also the copy of the Federal criminal

16  code and rules, title 21, food and drugs is what's stated.

17  Chapter 13, drug abuse prevention and control.  That's section

18  812, schedules of controlled substances.

19  JUDGE TO MR. DURAN

20      Mr. Duran, do you have copies of those?

21  MR. DURAN TO JUDGE

22      I do, Your Honor.

23  JUDGE TO MR. DURAN

24      Well take the, any documents up for admissibility at the, at

25  the next hearing.  Mr. Duran, is that agreeable?

A 91 904 234                    35                    June 13, 2001

1  MR. DURAN TO JUDGE

2      That's, no objection, Your Honor.

3  JUDGE TO MR. ESCOBAR

4      And Mr. Escobar, is that also agreeable to the Service?

5  MR. ESCOBAR TO JUDGE

6      It is, Judge.

7  JUDGE TO MR. ESCOBAR

8      Mr. Escobar, anything further?

9  MR. ESCOBAR TO JUDGE

10     Yes, Your Honor.  I would like to state my position at this

11  time.

12  JUDGE TO MR. ESCOBAR

13     Yes.

14  MR. ESCOBAR TO JUDGE

15     For the record, Your Honor, under the 5th Circuit's decision

16  in, in <u>Hernandez-Avalos</u>, Your Honor, under that decision, I would

17  ask the Court to follow a law as it is now and pretermit the

18  respondent's application for cancellation of removal and enter an

19  order removing this respondent to Mexico.

20  JUDGE TO MR. DURAN

21     Okay, Mr. Duran, I assume you want to wait for your response

22  until you have an opportunity to review the law, which is the

23  reason you requested for a continuance.

24  MR. DURAN TO JUDGE

25     That is correct, Your Honor.  Especially the short notice

A 91 904 234                    36                    June 13, 2001

000090

1  both of the, of apprising, although it's not his obligation to

2  apprise me of the new law, but recent, very recent law, one.

3  Second, she has, the Service's decision or position postured to

4  ask the Court that, to go ahead and add the aggravated felony

5  charge.  I, I would ask the Court to provide us with more time so

6  respondent can prepare properly.  Therefore, having efficient

7  legal representation.

8  JUDGE TO MR. ESCOBAR

9      Just to clarify, Mr. Escobar, are you requesting that the,

10  the aggravated felony charge be reinstated?

11  JUDGE TO MR. DURAN

12      The reason I'm asking that, Mr. Duran, is you're, you're

13  bring that up and even without that being reinstated in the

14  Notice to Appear it's, it would be respondent's burden to prove

15  in order to show eligibility for cancellation of removal that she

16  has not been convicted of an aggravated felony, because that is a

17  statutory element.  However, the Service previously withdraw the

18  charge under Section 237(a)(2)(A)(iii).  And it appears that you

19  believe that the Service is attempting to reinstate that charge.

20  Is that correct?

21  MR. DURAN TO JUDGE

22      That is correct.  And, and that would be so (indiscernible)

23  prejudice to the, to the, to my client, to respondent, because

24  she has no time to prepare.  Now had he, had the Service apprised

25  us at least 15, 21, or 30 days ago, I would have no objections to

A 91 904 234                    37                    June 13, 2001

000091

1  that effect.  But in this time I, I, I'm having a, I'm, I'm

2  objecting to, to their posture.

3  JUDGE TO MR. ESCOBAR

4       Mr. Escobar are, are you requesting that the, that the

5  charge in the Notice to Appear be reinstated?

6  MR. ESCOBAR TO JUDGE

7       No, sir.  That is not my request.  I'm saying that under the

8  5th Circuit's decision that the offense for which this respondent

9  was convicted, and that is possession of a controlled substance,

10  Your Honor, is a drug trafficking crime.  And the 5th Circuit

11  resolve, resolved this in the decision, in fact it stated that

12  the crux of that case is a meaning of aggravated felony.  And

13  based on that case, Your Honor, I don't need to reinstate the

14  aggravated felony charge that was previously withdrawn.  I'm

15  saying that the present charge to which this respondent admitted

16  and the Service has supported by conviction documents, is enough

17  to find this respondent under the 5th Circuits decision,

18  ineligible for cancellation of removal.  And I'm asking the Court

19  to enter an order of removal of this respondent to Mexico.

20  JUDGE TO MR. ESCOBAR

21       So the, the way the Court understands the case is that the

22  Service is not requesting that the charge be reinstated on the

23  Notice to Appear.  Removability has already been conceded under

24  the other charge.  But that the question of whether respondent

25  has been convicted of an aggravated felony relates in this case

A 91 904 234                    38                    June 13, 2001

1    to her eligibility for relief from removal.  Mr. Escobar, is that

2    the, a fair statement of your position?

3    MR. ESCOBAR TO JUDGE

4        That is a fair statement.

5    MR. DURAN TO JUDGE

6        May I respond, Your Honor?

7    JUDGE TO MR. DURAN

8        Yes.

9    MR. DURAN TO JUDGE

10        Basically what the Service is, is requesting from the Court

11    is to determine that the cancellation no longer, can no longer

12    run for, for purpose of, of relief, it's no longer good, it's

13    obsolete.  However, if there's no charge on the NTA from the

14    Service, what is she being charged with?  If she's not being

15    charged, even though she has admitted to the pleadings, or after

16    pleading to the allegations, she, she's admitted being charged

17    and/or convicted with a possession of a controlled substance, to

18    wit, marijuana, the Service not being, is not charging respondent

19    with anything per se.  Now, whether Service's argument that the

20    5th Circuit's decision, which is in the Court's hands, and this,

21    at this time, is sufficient to determine that she is an

22    aggravated felony, we don't oppose that, his statement.  But it

23    is the Service who brought respondent here, not the Court.  And I

24    submit that they need some type of charge against respondent to

25    actually pretermit the cancellation, the application for

A 91 904 234                    39                    June 13, 2001

000093

1  cancellation.  At this time it should be alive.  I would say that

2  the Court would have no, is not that is won't have jurisdiction,

3  but it would have a very limited decision to determine whether,

4  whether Ms. Puga de Vasquez is an aggravated felony.

5  JUDGE FOR THE RECORD

6      We'll, we'll go off the record to change tapes.

7  (TAPE 2)

8  JUDGE FOR THE RECORD

9      We are back on the record.  This is tape number 2 in the

10 removal proceeding case A 91 904 234.

11                          (OFF THE RECORD)

12                          (ON THE RECORD)

13 JUDGE TO MR. DURAN

14     Mr. Duran, you have requested time for further preparation

15 and research and the Court's granted you that.  If you want, if

16 you can find authority for the position that, if the Service

17 doesn't charge an aggravated felony in the Notice to Appear then

18 the notice, the cancellation application cannot be pretermitted

19 based on a conviction for an aggravated felony.  The, I would

20 certainly consider that authority if you do find it.  So you may

21 want to file a brief on that issue and also on the issue of

22 whether it is an aggravated felony under Board law pursuant to

23 Hernandez-Avalos.  These are all matters that you can raise in a

24 brief that you would file by August 8th, 2001.

25 MR. DURAN TO JUDGE

A 91 904 234                    40                    June 13, 2001

000094

1       Yes, Your Honor.

2   JUDGE TO MS. PUGA DE VASQUEZ

3       Please state your name.

4   MS. PUGA DE VASQUEZ TO JUDGE

5       Maria Luisa Puga de Vasquez.

6   JUDGE TO MS. PUGA DE VASQUEZ

7       I have rescheduled your case for a hearing in this Court on

8   August 22nd, 2001 at 1:00 in the afternoon.  That will be the

9   hearing on the merits of your application for cancellation of

10  removal.  At that time you must be present with your attorney

11  ready to proceed with your case.  If you fail to appear at that

12  hearing and if there are no exceptional circumstances for your

13  failure to appear, a removal order will be entered against you at

14  that time, and you'd also become ineligible for voluntary

15  departure, cancellation of removal, adjustment of status, and

16  change of status under the Immigration and Nationality Act for 10

17  years after the date of entry of the final order of removal.

18  JUDGE FOR THE RECORD

19      We are adjourned.

20                      <u>HEARING ADJOURNED</u>

21

22

23

24

25

A 91 904 234                    41                    June 13, 2001

000095

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                      File A 91 904 234

```
                              )
                              )
PUGA DE VASQUEZ, MARIA LUISA   )   In REMOVAL Proceedings
                              )
                              )
              Respondent       )       Transcript of Hearing
```

Before HOWARD ACHTSAM, Immigration Judge

Date:  August 22, 2001              Place:  Harlingen, Texas

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:  Yolanda Martinez

Language:  Spanish

Appearances:

For the Immigration and
Naturalization Service:        For the Respondent:

Ken Muir                       Armando P. Duran

000096

1   JUDGE FOR THE RECORD

2       This is Immigration Court in Harlingen, Texas.  The date is

3   August 22nd, 2001.  This is Immigration Judge Howard Achtsam.

4   This is a removal proceeding in the case of Maria Luisa Puga de

5   Vasquez, case number A 91 904 234.  The respondent is present.

6   She is present today with legal counsel Armando P. Duran.  The

7   Immigration Service is represented today by its Assistant

8   District Counsel, Ken Muir.  The Clerk of the Court and

9   interpreter in the Spanish language today is Yolanda Martinez who

10  is an employee of the EOIR.  This case is scheduled today for a

11  hearing of, on the merits of respondent's application for

12  cancellation of removal pursuant to Section 240A(a) of the Act,

13  which is cancellation of removal for certain permanent residents.

14  And the Court is ready to proceed with the case today.

15  JUDGE TO MR. DURAN

16      Mr. Duran, is respondent prepared to proceed?

17  MR. DURAN TO JUDGE

18      Yes, Your Honor.

19  JUDGE TO MR. MUIR

20      Mr. Muir, is the Service prepared to proceed?

21  MR. MUIR TO JUDGE

22      Yes, Judge.

23  JUDGE FOR THE RECORD

24      We'll go off the record to check the tape recorder.

25                          (OFF THE RECORD)

A 91 904 234                    42                    August 22, 2001

000097

1                        (ON THE RECORD)

2  JUDGE FOR THE RECORD

3       We are back on the record.  Since the time of the last

4  hearing the parties have not submitted any additional documents

5  or briefs.  And there is pending the issue of whether the

6  respondent is eligible for cancellation of removal and that's the

7  issue that was previously raised regarding the 5th Circuit

8  decision in <u>United States v. Hernandez-Avalos</u>.

9  JUDGE TO MR. DURAN

10      Mr. Duran, do you have any, anything further to present with

11 respect to that?

12 MR. DURAN TO JUDGE

13      Yes, Your Honor.  Two, actually one, one issue and, and

14 additional sub-issue.  May I address the Court while sitting?

15 JUDGE TO MR. DURAN

16      Yes.

17 MR. DURAN TO JUDGE

18      I don't have to stand?

19 JUDGE TO MR. DURAN

20      No.

21 MR. DURAN TO JUDGE

22      Okay.  Briefly, the, the contention of the Service as I

23 recall correctly last hearing date, they brought up the issue of

24 whether client's conviction was a, was, would be considered as an

25 aggravated felony.  In fact, they contend, the Service contends

A 91 904 234                    43                    August 22, 2001

000098

1   that it is an aggravated felony, therefore, under the Notice to

2   Appear she would be charged as such.  Thus, not making her

3   eligible for, for Section, under Section 240A(a).  However, our

4   position is that Ms. Puga de Vasquez's conviction was, has

5   nothing to do with heroin, has nothing to do with re-entering

6   into the United States, is way off point.  However, we do, we do

7   admit there was a drug conviction.  However, our counter position

8   is, again, that the Service must establish that Ms. de Puga, Ms.

9   Puga de Vasquez's conviction, conviction is a drug trafficking

10  crime and, therefore, an aggravated felony.  Because that's what

11  Hernandez-Avalos is stating.  The addition, that, that would be

12  the issue of our contention.  An additional sub-issue would be

13  that generally even before the May 11 decision, if I recall the

14  case correctly, it must have been the Hinojosa case, where the

15  possession must include an intent to deliver the controlled

16  substance, the drug, in order to be considered an aggravated

17  felony.  In, in my client's, in respondent's case, her conviction

18  is a straight possession conviction.  That would be the sub-issue

19  that, that I submit to the Court.  Therefore, not an aggravated

20  felony.  The, the review, the procedural review or the status of

21  this case is unknown to all parties involved here.  In, in other

22  words we don't know where Hernandez-Avalos is heading.  We still

23  have the U.S. Supreme Court to decide what I have not

24  (indiscernible) Hernandez-Avalos.  I must not represent to the

25  Court or to the Service.  However, I'm, I'm not aware, it is

1    unknown, whether Avalos, Hernandez-Avalos it's on it's way to the

2    Supreme Court.  So as it stands, again, this deals with heroin,

3    this deals with possession.  In fact, it is my contention that it

4    is possession with intent.  It, it deals with a, an, a person who

5    re-entered the United States illegally.  This is not the case

6    with, with respondent's situation.  It's way off point.  And

7    again, our contention is for purposes of to preserve issues on

8    appeal.  That's all I have, Your Honor.

9    JUDGE TO MR. MUIR

10       Mr. Muir, any response?

11   MR. MUIR TO JUDGE

12       Judge, our only response is, maybe it's not exactly a

13   response, but we, I would ask that the Court allow us to

14   reinstate the charge that we withdrew of aggravated felony.  We

15   withdrew it on February 28.  Even though I know that's not really

16   necessary to the question whether cancellation is available to

17   this respondent today, still I would ask that that be reinstated

18   at this point.

19   JUDGE TO MR. DURAN

20       Mr. Duran, any, any objection to that?

21   MR. DURAN TO JUDGE

22       We object for purposes of the record.  And in addition, if I

23   may, Your Honor, the, the Trial Attorney, the previous Trial

24   Attorney, in, back in June, was it June the hearing date?

25   JUDGE TO MR. DURAN

A 91 904 234                        45                    August 22, 2001

**000100**

1    Last hearing date was June 13th.

2  MR. DURAN TO JUDGE

3    That is correct.  Thanks, Your Honor.  They had a chance, an

4  opportunity to reinstate that charge, the aggravated felony

5  charge except I don't know what was the Service position, the

6  Service's position at that time.  They, I don't, I'm not aware

7  whether on the record requested the Court to reinstate the

8  charge.

9  JUDGE TO MR. DURAN

10    I don't believe that they did.

11  MR. DURAN TO JUDGE

12    Okay.  And I don't know what's the wait or the hold up on

13  that until they saw that <u>Hernandez-Avalos</u> is back as part of the

14  case law, and counting against my client's, respondent's case.  I

15  don't know what's the, what's the purpose of reinstating it per

16  se on the record when I, I think if they reinstate it today am I

17  going to be allowed 15, 20 minutes to research the possible

18  relief as an aggravated felony the, the charge, for the charge of

19  an aggravated felony.  I have a series of, not a series, I would

20  say a couple of good collateral relief issues I can travel to

21  Falfurrias, I can travel, travel to Jim Wells county or to Brooks

22  county and try to reverse this on the, as a collateral issue.

23  But if they are reinstating it today, that gives me very, very

24  short notice to prepare, let's say, I was aware of the May 11

25  case, I must not represent to the Court to that effect.  And I

A 91 904 234                      46                  August 22, 2001

**000101**

1   did a little bit of research of whether this case is on it's way

2   to the Supreme Court.  It's unknown to me, I did not find the,

3   the procedures status of this case.  But again, if that was just

4   a contention of the Service whether or not my client was eligible

5   for the cancellation, the, the issue was not whether or not she

6   was charged as an aggravated felon.  So that's two different

7   issues.

8   JUDGE TO MR. MUIR

9        Mr. Muir, I, I think that it, the Service may have a right

10  to reinstate it and I would analogize it to an additional charge

11  of removability.  Since it's, it, at the time of pleadings it was

12  not in the Notice to Appear any longer because it had been

13  withdrawn, I think it would have to be analogized at this time to

14  an additional charge being, being lodged, and that would be

15  pursuant to 8 C.F.R. 240.10(e), which does state that at any time

16  during the proceeding additional or substituted charges of

17  inadmissibility and/or deportability and/or factual allegations

18  may be lodged by the Service in writing.  So I, I don't believe

19  that, it states at any time the Service may do that.  I, I don't

20  believe that there would be any way for the Court to preclude

21  that from happening at this time.  However, I believe that as is

22  done with additional charges, respondent would have the, the

23  opportunity to, for a continuance with respect to answering that

24  charge and, I mean, we could do that if that's how the Service

25  wants to proceed.

A 91 904 234                        47                 August 22, 2001

1  MR. MUIR TO JUDGE

2      In that event, Your Honor, after thinking about it further,

3  you know, we, we won't lodge that additional charge and we'll

4  just go forward with the, the charge that was already presented

5  and, and plead to and as, as the hearing was set for today.  Take

6  up the issue that was set for today.

7  JUDGE TO MR. MUIR

8      Mr. Muir, any, any further, anything further?

9  MR. MUIR TO JUDGE

10      No, nothing Judge.

11  JUDGE TO MR. DURAN

12      Mr. Duran, anything further on, on this issue?

13  MR. DURAN TO JUDGE

14      So, what's, again, I didn't quite --

15  JUDGE TO MR. DURAN

16      The Service is not, essentially withdrew the request to

17  reinstate the charge.  So the charge is not going to be

18  reinstated.

19  MR. DURAN TO JUDGE

20      Okay.

21  JUDGE TO MR. DURAN

22      It remains as, as withdrawn.

23  MR. DURAN TO JUDGE

24      Okay.  No objections to it.

25  JUDGE TO MR. DURAN

1        Any, anything further --

2    MR. DURAN TO JUDGE

3        No further --

4    JUDGE TO MR. DURAN

5        -- on this issue?

6    MR. DURAN TO JUDGE

7        -- no further, nothing further, Judge.

8    JUDGE FOR THE RECORD

9        The Court is going to take a, a 15 minute adjournment after

10   hearing the arguments of the parties and come back and make a

11   ruling on the issue of whether respondent is eligible to apply

12   for cancellation of removal.  If I find that she's not then I

13   would issue a, a decision in the case.  If I find that she is

14   then we will proceed today with the merits.  So we'll take a 15

15   minute adjournment.  Go off the record.

16                              (OFF THE RECORD)

17                              (ON THE RECORD)

18   JUDGE FOR THE RECORD

19       We are back on the record after a 15 minute adjournment.

20   The respondent is present with her attorney.  Counsel for the

21   Service is present as is the interpreter.  The Court has

22   determined that the respondent has been convicted of an

23   aggravated felony within the meaning of the Immigration law, and,

24   therefore, would not be eligible, is not eligible for

25   cancellation of removal.  And, therefore, the Court will deny the

A 91 904 234                    49                    August 22, 2001

000104

1    application because respondent is not eligible to be considered

2    for that relief.  And the Court will issue a, a decision in this

3    case at this time.

4    JUDGE TO MR. DURAN

5        Mr. Duran, anything further before the Court issues a

6    decision?

7    MR. DURAN TO JUDGE

8        Well just for purpose of the record, the Notice to Appear

9    that I have in my possession plus the Service's contention before

10   the adjournment, the 15 minute break, is that respondent has

11   never been convicted of an aggravated felony.  And under Section

12   240A(a) of the I, of the INA, or the IIRAIRA Act, states very

13   clear that the person will not, will be eligible if and only if

14   the three elements are met.  And, or that, that the respondent

15   would qualify to apply if and only if three elements are met.

16   And that is the five year LPR status, the seven year lawful

17   status, and if she has never been convicted of an aggravated

18   felony.  Nothing on the record except that there is case law out

19   there, nothing, there's no evidence to the contrary.  In fact,

20   the Service's, the Service has never charged her as, as an

21   aggravated felon.  And I have no proof other than the judgment of

22   the conviction that she was arrested, charged, and convicted at

23   state level for straight possession of marijuana.  And that's all

24   I have (indiscernible) purpose of preserving the issue of appeal.

25   Respondent's contention --

A 91 904 234                    50                    August 22, 2001

000105

1  JUDGE TO MR. DURAN

2       I see there is one other question now that you mention, the,

3  your statement brought to mind.  I asked you previously whether

4  respondent had appealed the criminal judgment, that's Group

5  Exhibit number 2, and you stated that, that you were not sure of

6  that if an appeal was filed with respect to that judgment.  And

7  that, I believe that was one of the reasons for a continuance, so

8  you could look into that.  Did respondent appeal that judgment?

9  MR. DURAN TO JUDGE

10       No.  It hasn't been appealed.

11  JUDGE TO MR. DURAN

12       And I will speak in my decision to the point that you just

13  raised earlier about the not being a charge of aggravated felony.

14  JUDGE TO MR. MUIR

15       Mr. Muir, anything further from the Service before I issue a

16  decision?

17  MR. MUIR TO JUDGE

18       Yes, Your Honor.  That even though the respondent is not

19  being charged with an, with an aggravated felony charge at this

20  time, nevertheless, it is the Service's position and has been

21  ever since this <u>Hernandez-Avalos</u> case came out, that, in fact,

22  she, her conviction is, is a conviction for an aggravated felony

23  under the law, and so we believe that she will not be eligible

24  for cancellation.  That's all I have, Judge.

25  JUDGE FOR THE RECORD

A 91 904 234                    51                    August 22, 2001

1       Therefore, at this time the Court will, will issue an oral

2   decision in this matter.

3                       JUDGE RENDERS ORAL DECISION

4   (TAPE 3)

5   JUDGE FOR THE RECORD

6       You have heard the decision and the order of the Court.

7   JUDGE TO MR. DURAN

8       Mr. Duran, on behalf of the respondent do you waive appeal

9   or reserve appeal?

10  MR. DURAN TO JUDGE

11      No, we reserve appeal, Your Honor.

12  JUDGE TO MR. MUIR

13      Mr. Muir, on behalf of the Service do you waive appeal or

14  reserve appeal?

15  MR. MUIR TO JUDGE

16      Waive appeal, Judge.

17  JUDGE FOR THE RECORD

18      We'll go off the record.

19                          (OFF THE RECORD)

20                          (ON THE RECORD)

21  JUDGE FOR THE RECORD

22      We are back on the record.

23  JUDGE TO MS. PUGA DE VASQUEZ

24      Please state your name.

25  MS. PUGA DE VASQUEZ TO JUDGE

A 91 904 234                    52                    August 22, 2001

1      Maria Luisa Puga de Vasquez.

2  JUDGE TO MS. PUGA DE VASQUEZ

3      I have issued a decision in your case.  I have concluded

4  based upon the law that you are not eligible to be granted

5  cancellation of removal.  And, therefore, I have denied that

6  application and ordered that you be removed to Mexico.  Your

7  attorney has reserved your right to appeal my decision and you

8  will have that opportunity.  If the removal order does ultimately

9  become a final order of removal, and if you fail to depart the

10 United States as required pursuant to the final order of removal,

11 you would be fined under Title 18 United States code or

12 imprisoned for not more than 10 years --

13 MS. MARTINEZ TO JUDGE

14     I'm sorry, for how much time, Judge?

15 JUDGE TO MS. MARTINEZ

16     For not more than 10 years.

17 JUDGE TO MS. PUGA DE VASQUEZ

18     -- or both.  And you would also be subject to having to pay

19 a civil penalty of not more than $500 for each day that you are

20 in violation of the requirement to depart the United States

21 pursuant to the final order of removal.

22 JUDGE FOR THE RECORD

23     We are adjourned.

24                          <u>HEARING CLOSED</u>

25

A 91 904 234                    53                  August 22, 2001

000108

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE HOWARD ACHTSAM, in the matter of:

PUGA DE VASQUEZ, MARIA LUISA

A 91 904 234

Harlingen, Texas

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.


*Kimberly Bolton*
Kimberly Bolton, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902


January 10, 2002
(completion date)


By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

000109

FILE NO. 99-07-00645

THE STATE OF TEXAS

v.

MARIA LUISA VASQUEZ

**INDICTMENT**

[District Clerk file Stamp]

OFFENSE: POSSESSION OF MARIHUANA

JOE FRANK GARZA, DISTRICT ATTORNEY

AMOUNT OF BAIL: $20,000

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:    THE GRAND JURORS** for the County of **Brooks**, State aforesaid, duly selected, organized, impaneled and sworn as such at the **FEBRUARY** Term, A. D., 1999, of the District Court of the **79th** Judicial District, in and for Brooks County, a quorum thereof being present, upon their oaths present in and to said court that,

### *MARIA LUISA VASQUEZ*

on or about the **29th day of March, A. D., 1999**, and anterior to the presentment of this Indictment, in Brooks County and State of Texas, did then and there intentionally and knowingly possess a usable quantity of marijuana in an amount of 50 lbs. Or less but more than 5 lbs.,

against the peace and dignity of the state.

Foreperson of the grand jury

3 yrs def
$2,000. fine

Group Exh #2 rec'd
6/13/01
tta

---

COUNTY OF BROOKS  § I, NOE GUERRA, Clerk of the 79th District Court of Brooks County, Texas, do hereby certify that the within and
§ foregoing is a true and correct copy of the Original Bill of Indictment, filed in said Court on the 1st day of
§ July A.D. 19 99, in Cause No. 99-07-00645 Given under my hand and the
§ seal of said Court, at office in Falfurrias, Texas, this 1st day of July A.D. 19 99. NOE
THE STATE OF TEXAS  § GUERRA, CLERK

By: _____ Deputy

**000110**

Cause No. <u>99-07-06645</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | BROOKS COUNTY, TEXAS |
| | § | |
| **MARIA LUISA VASQUEZ** | § | FEBRUARY TERM, A.D. 19 <u>99</u> |

# PLEA MEMORANDUM

Comes now the defendant, represented by counsel, and would show the Court under oath the following:

1. <u>ADMONITIONS</u>.  In accordance with Art. 26.13 C.C.P., in open Court, and joined by my attorney, acknowledge that I have been warned, advised, and admonished as follows:

    (a)    That I am charged with the offense of **POSSESSION OF MARIJUANA**.

    (b)    That the Court can sentence me, after finding me guilty of that offense, to a term of **not more than 10 years or less than 2 years** in the Texas Department of Criminal Justice - Institutional Division and may, in addition to such imprisonment, assess **a fine not to exceed $10,000.00**.

    (c)    That any recommendation of the prosecuting attorney as to punishment in my case is not binding on the Court;

    (d)    That if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by me and my attorney, the Court must give its permission to me before I may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial;

    (e)    That if I am not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense for which I am charged may result in my deportation, my exclusion from admission to this country, or the denial of my naturalization under federal law.

    My plea of guilty in this case is freely and voluntarily entered by me and is uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon prompting me to confess my guilt.  I am entering my plea of guilty because I am guilty as charged in the **INDICTMENT** and for no other reason.  I have consulted with my attorney regarding the above admonitions; I understand the admonitions and I am aware of the consequences of my plea of guilty.

X _Ma Risa Vasquez_
_____
Defendant **MARIA LUISA VASQUEZ**

_Homer Mora_
_____
Counsel for Defendant

V-54
P-239-241

**STATE's EXHIBIT "1"**

PLEA MEMO- THIRD (3RD) DEGREE FELONY
PAGE 1 OF 3.

AT 11:35 O'CLOCK A M
FILED
AUG 26 1999
Noe Esparza, Dist. Clerk, Brooks Co., TX
BY _____ Deputy

**000111**

2. <u>PUNISHMENT RECOMMENDATION</u>: I understand that

(X) <u>Binding Plea Bargaining</u>: the Court must either accept or reject the agreement that I have made with the State. If the court ACCEPTS the agreement, the Court must give me permission before I can prosecute an appeal on any matter except those raised by written motion filed before trial. If the Court REJECTS the agreement, I will be permitted to withdraw my plea, and neither the fact that I entered a plea or any statement made by me during the hearing may be used against me on the issue of guilt or punishment in any future criminal procedure. Knowing all of these things, I desire to persist in my plea.

( ) <u>No Binding Agreement</u>: any punishment recommendation of the prosecutor is not binding on the Court, and that the Court can assess any punishment within the range allowed by law for this offense. Knowing all these things, I desire to persist in my plea.

3. <u>MENTAL COMPETENCY TO STAND TRIAL</u>: I know and understand the proceedings involved in this case and fully cooperated with my counsel, and I certify that no issue of my mental competency to stand trial exists.

4. <u>VOLUNTARINESS OF PLEA</u>: I am entering my plea freely and voluntarily, and only because I am guilty of the offense alleged against me.

5. <u>CITIZENSHIP</u>: I understand that if I am not a citizen of the United States of America, my plea of guilty or nolo contendere may result in my deportation, the exclusion from admission to this country, or the denial of naturalization under Federal Law.

6. <u>PAROLE AND GOOD CONDUCT CREDIT</u>: I understand that if I am sentenced to the Texas Department of Criminal Justice - Institutional Division, it can not be accurately predicted how the parole or good conduct laws may be applied to me, because the application of these laws will depend on decisions made by prison and parole authorities.

7. <u>WAIVER OF PRE-SENTENCE REPORT</u>: In accordance with Art. 42.12, Sec. 4, I request that the Court not order a pre-sentence report be prepared by a probation officer. This waiver of pre-sentence report is hereby approved in writing by the court.

8. <u>WAIVER OF JURY TRIAL</u>: In accordance with Art. 1.13 C.C.P., in open Court, and joined by my attorney and counsel for the State, and with the consent and approval of the Court, I waive and give up any right to a jury trial in this case.

Defendant **MARIA LUISA VASQUEZ**

Presiding Judge **Terry A. Canales**

Counsel for Defendant

Counsel for State **JOE FRANK GARZA**

PLEA MEMO- THIRD (3RD) DEGREE FELONY
PAGE 2 OF 3.

000112

9. **STIPULATION OF EVIDENCE**: In accordance with Art. 1.15 C.C.P., I consent in writing and in open Court to waive and give up the right to appearance, confrontation and cross-examination of witnesses, and agree that the testimony of said witnesses may be orally stipulated into the record with the State's Attorney, such testimony being the same as the witnesses would give were they present in court personally and sworn to testify, and I further consent to the introduction of testimony by affidavit, written statements of witnesses, and all other documentary evidence by the State, and this waiver and consent is approved in writing by the Court.

I further agree and stipulate that I am the identical person named in the above-styled and numbered cause and that the fingerprint below was taken from my right thumb.



Defendant- **MARIA LUISA VASQUEZ**

Counsel for Defendant

Presiding Judge **Terry A. Canales**

**Defendant's Right Thumb**

10. **WAIVER OF 10 DAYS PREPARATION**: If my attorney is appointed, I give up and waive the right provided in Art. 26.04 C.C.P. to wait l0 days to prepare for trial.

11. **APPROVAL OF COUNSEL**: I am totally satisfied with the representation given be my attorney in this case. He provided me fully effective and competent representation.

12. **WAIVER OF RIGHTS**: In accordance with Art. 1.14 C.C.P., I hereby waive and give up all rights given me by law, whether of form, substance or procedure.

13. **JUDICIAL CONFESSION**: Under oath, in writing and in open court, I swear that I have read the INDICTMENT in this cause, that I understand everything that it contains and that I committed each and every element alleged and that I am in fact GUILTY of the offense of **POSSESSION OF MARIJUANA**.

Defendant **MARIA LUISA VASQUEZ**

Sworn to and subscribed to before me by the Defendant on this 26th day of Aug., 19 99

District Clerk,
Brooks County, Texas
by Michelle William

**PLEA MEMO– THIRD (3RD) DEGREE FELONY**
**PAGE 3 OF 3.**

000113

CAUSE NO. 99-07-06645

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | BROOKS COUNTY, TEXAS |
| MARIA LUISA VASQUEZ | § | 79TH JUDICIAL DISTRICT |

## ORDER OF DEFERRED ADJUDICATION
## PLACEMENT ON COMMUNITY SUPERVISION

**Judge Presiding:** Terry A. Canales

**Date of Judgement:** 8-26-99

**State's Attorney:** CARLOS OMAR GARCIA
**Defendant's Attorney:** Homer Mora

**Offense Convicted of:** POSSESSION OF MARIJUANA

**Degree or Class of Offense:** 3RD
**Date Offense Committed:** 3-29-99

**Charging Instrument:** Indictment

**PLEA : GUILTY**

**Term of Plea Agreement (In Detail)** three (3) years Deferred Adjudication

**Plea to Enhancement:** True

**Total Amount Of Restitution:** None

**Restitution to be paid to:** None    NAME:_____
ADDRESS:_____

**Findings on Special
Issue (In Detail):** None

**Period of Supervision: three (3) years deferred adjudication**    **Fine: $2,000.00**

**Court Costs:** $246.25 in payments/~~$225.06 immediater~~    **Date to Commence:** 8-26-99

**This sentence is to be served concurrent with any other sentence unless otherwise specified.**

V- 754
P-242-252



AT 11:30 O'CLOCK A. M
FILED
AUG 26 1999
Noel Guerra, Dist. Clerk, Brooks Co., TX
BY_____ Deputy

000114

ON the date stated above, the above entitled and numbered cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, defendant's Attorney, and the State's Attorney agreed in open court and in writing to waive a jury trial of this cause and to submit it to the Court.

The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon been asked by the court as to how the Defendant pleaded, entered a plea of guilty to
　　POSSESSION OF MARIJUANA　. Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the court that the Defendant was competent to stand trial and that the Defendant was bot influenced in making said plea buy any consideration of fear of by any persuasion prompting a confession of guilt, the free and voluntary lea of guilty was received by the court and is now entered of record in the minutes of the court as the plea of te Defendant. The Court, having heard all evidence from the State and the Defendant, and having hear argument of counsel for both parties found that there was sufficient evidence to support the defendant's plea.

However, the court, after due consideration, and after reviewing the presentence investigations report, is of the opinion that the best interest of society and the Defendant will be served in this cause by deferring further proceedings without entering an adjudication of guilty persuant to TEX. CODE CRIM. PRO. Art. 42.12§5.

It is therefore ordered that further proceedings in the cause shall be and are hereby deferred and the Defendant is placed on community supervision in this cause for three (3) years with a fine as stated above, beginning on this date, subject to the conditions of supervision imposed by the Court.

The conditions stated below viz:

The Defendant shall:

1.    Commit no offense against the laws of this State or any other State or of the United States of America;

2.    Abstain from the consumption of alcohol in any form at any time and do not go upon any premises where alcoholic beverages are served or sold as the primary business purposes;

3.    Avoid injurious or vicious habits and abstain from the use of harmful substance, narcotic drug or other controlled substances in any form, except as prescribed by a licensed physician for medical purposes;

4.    Avoid places and persons of harmful or disreputable character, including places where controlled substances or dangerous drugs are illegally possessed, sold or used and specifically not associate with persons with felony criminal records;

5.    Report in person, during the term of probation, to the Adult Probation Officer of this County, once each month, between the first and tenth days of the month;

6.    Permit the probation Officer to visit you in your home or elsewhere in order to supervise this probation;

7.    Not leave the State of Texas or the County of approved residence without first obtaining permission in writing from the Probation Officer showing that the Court authorizes such removal;

8.    Support your dependents, if any;

9.    Report in person or by letter to the Probation Officer within five days after any charge of violating any law of the State of Texas or any other state or of the United States of America has been made against the defendant, stating the offense charged, the Court in which the charges is filed, and disposition of the charge.

10.   Furnish the Probation Officer with accurate information concerning background and present status and report in person or by letter, within five days, any changes in employment or marital status.

11.   Not purchase nor have in possession a rifle, shotgun, revolver, or any other weapon, either at home, in an automobile or on the defendant's person;

12.   Submit to a breath test for alcohol and a urinalysis immediately upon arrest for any offense or when requested by the Probation Officer for the purpose of determining whether or not you are using or under the influence of alcohol, narcotic drugs, marijuana or any other controlled substance:

1

000116

13. Abide by an 10:00 P.M. curfew every night. The defendant shall be in the defendant's home or place of residence before 10:00 P.M. each night and shall not leave such home or place of residence between 10:00 P.M. and 5:00 A.M. without written permission of the Probation Officer. The written permission, when issued, is to be kept on the defendant's person when away from or place of residence.

14. Report all income and the sources of income from whatever source to the Probation Officer. Income means wages, salary, commission, gifts, loans, found property and anything else of value, no matter how acquired.

15. Pay to the Probation Officer of this county, a probation supervision fee of $ 50.00 __ per month every month of the probationary period beginning in the month next following entry of this Order;

16. Pay a fine of $_2000 0 4_ payable:

____ A. Instanter

____ B. $___ within __ days of the date of this judgment.

_X_ C. $_100.00_ per month, beginning on _October 1, 1999_, and on the first day of the month thereafter until paid in full.

____ D. $___, instanter, and $_____ per month, beginning on _____, and payable thereafter on the 1st day of each month until paid in full.

Payment to be made to the Brooks County District Clerk's Office, P.O, Box 534, Falfurrias, Texas  78355.

17. Pay Court Costs  of $246.25/221.25 and the fee for court appointed counsel of $_____ ____, payable:

____ A. $221.25 Instanter

_X_ B. Within _30_ days of the date of this judgment.

____ C. $246.25 At $___ per month, beginning on _____ and payable thereafter on the first day of each  month until paid in full.

____ D. $_____, instanter, and $_____ per month, beginning on _____ and payable thereafter on the 1st day of each month until paid in full.

Payment to be made to the Brooks County District Clerk's Office, P.O, Box 534, Falfurrias,

2

000117

Texas  78355.

18.   Make restitution to _____ in the amount of $____
      payable:

      ____ A.  Instanter

      ____ B.  Within __ days of the date of this judgment.

      ____ C.  At $___ per month, beginning on _____and payable thereafter on the first
               day of each month until paid in full.

      ____ D.  $_____, instanter, and $_____
               per month, beginning on _____
               and payable thereafter on the 1st day of each
               month until paid in full.

      **Payment to be made to the Brooks County District Clerk's Office, P.O. Box 534, Falfurrias,
      Texas  78355.**

19.   Pay to the **Texas Department of Public Safety, Crime Laboratory, P. O. Box 5277, Corpus
      Christi, Texas 78465-5277,** in the sum of $_____ as reimbursement for costs incurred in
      the confiscation, analysis, storage, or disposal of raw materials, controlled substances,
      chemical precursors, drug paraphernalia, or other materials seized in connection with this
      offense, as follows:

      ___ A.  Instanter

      ___ B.  Within _____ days of the date of this judgment.

      ___ C.  At $_____ per month, beginning on _____, and payable thereafter on the first day
              of each month until paid in full.

      ___ D.  $_____, instanter, and $_____ per month, beginning on _____ and
              payable thereafter on the 1st day of each month until paid in full.

      **Payment to be made to the Brooks County District Clerk's Office, P.O. Box 534, Falfurrias,
      Texas  78355.**

### CHECK OFF THE FOLLOWING IF APPLICABLE

____  Assigned to Intensive Probation (Intensive Supervision Project) for one (1) year or until the
      level of supervision is changed by the Court and/or the Probation Officer.  Submit a urine
      specimen at the direction of the Probation Officer, daily if ordered.  Report twice monthly
      or as directed by the Adult Probation Department.

3

_____   Assigned to Intensive Probation for Specialized Caseload--(circle One:  mental Health, Developmentally Disabled Alcohol, Drug) Offenders (in lieu of incarceration if TDC) for a period of one (1) year or until the level of supervision is changed by the Court and/or the Probation Officer.  Report twice monthly or as directed by the Adult Probation Department.

✔   Submit a urine specimen at the direction of the Probation Officer, daily if ordered.

✔   Attend and participate with drug counseling (out-patient) and remain until officially discharged by the proper authorities.

_____   Attend and Participate with alcohol counseling (out-patient) and remain until officially discharged by the proper authorities.

_____   Attend and participate with Family Violence counseling (out-patient) and remain until officially discharged by the proper authorities.

_____   Attend and participate with professional counseling and/or psychological/psychiatric treatment (out-patient) as directed by the Adult Probation Department and continue with said counseling until officially discharged by the proper authorities.

_____   Attend and participate with residential treatment at the Center for Health Care Services and remain until officially discharged by the proper authorities.

_____   Attend and participate with alcoholic anonymous meetings (2 times per week) until discharged by your Probation Officer.

✔   Obtain and keep gainful employment during the period of this probation.

_____   Obtain your General Equivalent Diploma (GED) within (1) one year from the date of your probation.  Must complete an adult education and/or English literacy course.

_____   Enroll in high school and remain there until successful completion of all requirements necessary to obtain a high school diploma.   The defendant shall have no unexcused absences while enrolled in high school.

_____   Upon obtaining a high school diploma, attend either a vocational school, college or university and remain there until successful completion of all requirements necessary to obtain a degree or certificate.

_____   Enroll in an Adult Education or English Literacy Program and remain until officially discharged by proper authorities.

_____   Enlist in the armed services of the United States of America and remain there until

4

successful completion of the term of enlistment.

__✔__    Attend and participate with the Community Service Restitution Program and complete
160 / ~~Thirty~~ hours  starting _____ at __16 (sixteen)__  hours per month.  (A minimum of
16 hours per month).

_____    Attend and participate with the Job Corp Program, beginning _____.
Defendant shall continue with said program until discharged by proper authorities.

_____    The defendant shall submit to Acquired Immune Deficiency Syndrome (HIV) testing
and/or counseling as directed by the Brooks County Community Supervision and
Corrections Department within thirty (30) days from the date of the signing of this Order.

_____    Pay _____ to Community Supervision and Corrections Department of
Brooks County for the local crime stoppers program within _____ days of the date
this order is signed by the Court.

_____    Pay _____($1,000.00 or less for felony) to Community Supervision and
Corrections Department of Brooks County for Abused Children's Counseling Fund within
_____ days of the date this Order is signed by the Court.

_____    The defendant is hereby committed as pursuant to TEX. CODE CRIM. PRO. Art. 42.12 §
14(b) or 22 (a) (4), the Court finds that you have been convicted of a felony other than
aggravated sexual assault, sexual assault, indecency with a child or an attempt of the
foregoing offense, that drug or alcohol supervision, and that you are a suitable candidate
for treatment pursuant to the criteria established by the Texas Board of Criminal Justice
under TEX. GOV. CODE § 493.009 (b).  Therefore you shall remain confined in a
Substance Abuse Felony Punishment Facility, as established in TEX. GOV. CODE §
483.009, for no less than ninety days or more than twelve months.  Comply with all rules
and regulations of the facility, attend and successfully complete any treatment programs,
and remain in such facility until discharged by the court.  Remain in the Brooks County
Jail until you are transported to a Substance Abuse Treatment Facility.

_____    Voluntarily commit yourself, by _____, to the outpatient chemical
abuse treatment program approved by the Court and the Adult supervision officer in charge
of the case.  Participate in all programs offered, abide by all rules of the program, and do
not leave or withdraw for the program without the permission of the Court and the Adult
Supervision officer in charge of the case and the director of the treatment facility or his
official designate, be responsible for any costs of the program, and provide the adult
supervision officer with satisfactory written proof of attendance.

_____    Attend and participate in the chemical abuse treatment approved by the Court and the adult
supervision officer in charge of the case.  Participate in all programs offered, abide by all
rules of the program, and do not leave or withdraw from the program without the
permission of the Court and the Adult Supervision officer in charge of the case and the
director of the treatment facility or his official designate, be responsible for any costs of the

5

program, and provide the adult supervision officer with satisfactory written proof of attendance.

_____ Attend and successfully complete the National Corrective Training Institute Hot Check Course, by _____ , as instructed by the adult supervision officer in charge of your case, provide the officer with satisfactory written proof of completion and be responsible for any costs of the classes.

_____ Have no contact, whether in person, by electric communication, in writing, by and through a third party, or otherwise, with _____.

_____ Write a letter of apology for the offense you committed against _____, by _____, to be approved by the Court and delivered by the adult supervision officer in charge of your case to _____.

_____ The defendant is hereby committed to the Brooks County Jail for _____days.

**JAIL:**

_____ The Court finds that the Defendant (is not indigent, willfully refused to pay, or failed to make sufficient bona fide legally to acquire the resources to pay ) and that no alternative method of discharging fine and costs is appropriate for the Defendant. Therefore, the court orders the Defendant to discharge the fine and costs by Defendant shall receive credit of $50.00 for each day of confinement.

**RESTITUTION CENTER:**

_____ Enter and remain in a community correctional facility established for the payment of restitution, namely,_____. for not less than _____ months and not more than 24 months, beginning on _____. Obey the following orders:

(a)  Participate in all programs, obey all rules and regulations of the facility until successful completion of the program. Follow and complete all recommendation regarding restitution and length of stay as set forth by the staff of the facility.

(b)  Remain confined in the facility at all times, except, as authorized by the facility director or his designee, time spend attending and traveling to and from and education of rehabilitation program, time spent attending and traveling to and from a community service project, time spend away from the facility for the purpose of restitution and time spent traveling to and from work, if applicable.

(c)  Submit urine, breath, blood and saliva samples when requested by the facility staff.

(d)  Participate in _____ hours of community service projects as assigned by the facility staff, either during off-work hours if employed or during any time if you are

6

unable to find employment.

(e)     If employed during confinement in the facility, pay a percentage of your income to your dependants for their support, to the facility for room and aboard, necessary travel expenses to an from work and community service projects, restitution to _____ and any other incidental expenses you may incur.

(f)     Remain in the Brooks County Jail until you are transported to the facility.

## LOCAL BOOT CAMP

____     Enter and remain in a community correctional facility established for a local boot camp program, namely, _____ for not less than _____ months and not more than 24 months, beginning on _____. Obey the following orders:

(a)     Participate in all programs, obey all rules and regulations of the facility until successful completion of the program.  Follow and complete all recommendation regarding restitution and length of stay as set forth by the staff of the facility.

(b)     Remain confined in the facility at all times, except, as authorized by the facility director or his designee, time spend attending and traveling to and from and education of rehabilitation program, time spent attending and traveling to and from a community service project, time spend away from the facility for the purpose of restitution and time spent traveling to and from work, if applicable.

(c)     Submit urine, breath, blood and saliva samples when requested by the facility staff.

(d)     Participate in _____ hours of community service projects as assigned by the facility staff, either during off-work hours if employed or during any time if you are unable to find employment.

(e)     If employed during confinement in the facility, pay a percentage of your income to your dependants for their support, to the facility for room and aboard, necessary travel expenses to an from work and community service projects, restitution to _____ and any other incidental expenses you may incur.

(f)     Remain in the Brooks County Jail until you are transported to the facility.

## FOR SEX OFFENDERS:

____     The Court further finds that the Defendant has been convicted for a sex offense requiring sex offender registration with your local municipal or county law enforcement agency as a sex offender within 30 days.  If you move to a new residence , register with your local

7

municipal or county law enforcement agency with seven days of moving to the new residence.

____ Report to _____, a license Therapist on the date specified by the adult supervision officer in charge of your case for an evaluation, including psychological, psychiatric and /or psychophysiological testing, a clinical evaluation and a clinical polygraph and be responsible for all costs of said evaluation and testing.

____ Attend and participate in the sex offender program approved by the court and the adult supervision officer in charge of your case. Participate in psychological, psychological, psychiatric, and psychophysiological testing and report for clinical polygraph examinations as directed by the therapist. Abide by all rules and regulations of the program and of not leave or withdraw from the program without the permission of the Court, the adult supervision officer in charge of your case and the program director of his official designee and be responsible for any costs of the program.

____ Have no unsupervised contact with children under the age of seventeen. Do not frequent, remain about, or enter any place where children under the age of seventeen congregate.

____ Do not reside in any household with children under the age of seventeen until such residence is approved in writing by the sex offender program therapist, the Court, and the adult supervision contact with children under the age of seventeen.

____ Do not accept any employment and do not participate in any volunteer activity requiring unsupervised contact with children under the age of seventeen.

____ Pay all costs of therapy and medical treatment incurred by _____ as a result of your criminal misconduct, namely, _____.

**FOR DRUG OFFENDERS:**

____ If the Defendant is under the age of 21 years, his/her driver's license shall be suspended for 12 months beginning on the date of this judgement and ending on _____.

____ If the Defendant is 21 years of age or older, his/her driver's license shall be suspended for a period of 180 days immediately following the date of this judgement and ending on _____.

____ Other: _____
_____
_____

**FOR D.W.I. DEFENDANTS:**

_____ a.    SUCCESSFULLY COMPLETE within 60 days of the date of this Order the Brooks

8

County Traffic Safety Education Program (for Rehabilitation of persons who have driven while intoxicated). Note: a $35.00 fee is charged for this program. This fee is to be paid within 30 days from the date of this Order.)

_____ b.    If you operate any motor vehicle--obtain and maintain at least minimum limits of Automobile Liability Insurance as required by V.C.S. 670lh 1A Proof of such insurance shall be shown to the Probation Officer within 15 days of the date of this ORDER, and monthly throughout the probation term.

_____ c.    PARTICIPATE IN A Community-based Alcohol/Drug Abuse Program:

_____

_____ d.    PROBATION REVIEW: DRIVERS LICENSE SUSPENDED FOR 12 MONTHS PROBATED 24 MONTHS

_____ e.    DEFENDANT IS ORDERED TO SERVE _____ DAYS IN COUNTY JAIL, AS FOLLOWS:_____

_____

_____ f.    DRIVER'S LICENSE SUSPENDED BEGINNING _____AND ENDING ON _____

**R. THUMB**

    The court further finds there was in existence a plea bargaining agreement between the state and the defendant and that the punishment assessed does not exceed the punishment recommended.

    Done in Open Court this 20th day of Aug, 1998. 1999

_____        _____
Defendant acknowledges that he                    Presiding Judge
has read & received a copy of

**STATE OF TEXAS**
**COUNTY OF BROOKS**

I/Noe Guerra, Jr., District Clerk of Brooks County, Texas do hereby certify that the foregoing is a true and correct copy of the original record now in my lawful custody and possession, filed on: _Aug 26, 1999_ as appears of record in my office.
WITNESS my official hand and seal of office this _July 25, 2000_

Noe Guerra, Jr., District Clerk
Brooks County, Texas

By _Mary Garza_ Deputy

000125

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

RE:  PUGA DE VASQUEZ, MARIA LUISA
FILE:  A91-904-234                        DATE:  Jun 13, 2001

TO:        ARMANDO DURAN
           801 AUSTIN, P.O. BOX 516
           ALAMO, TX  78516

     Please take notice that the above captioned case has been scheduled for a Master/Individual hearing before the Immigration Court on *August 22, 2001* at *1:00 P.M.* at

201 E. JACKSON STREET
HARLINGEN, TX  78550

     You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court.  Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative.  If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed.  You can request an earlier hearing in writing.
     Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:
     1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.
     2) Your hearing will be held in your absence under section 240(b)(5) of the Immigration and Nationality Act.  An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT HARLINGEN, TX THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
     A List of Free Legal Service Providers has been given to you.  For information regarding the status of your case, call toll free 1-800-898-7180 OR 703-305-1662.
YM

000126

Alien Number: 91-904-234                    Alien Name: PUGA DE VASQUEZ, MARIA LUISA

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ✓ ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A.   THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1)   Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2)   Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3)   Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Jun 13, 2001
Immigration Judge: _Harold Rehtsan_   or Court Clerk: _____

## CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN, [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] INS
DATE: _6/13/01_ BY: COURT STAFF _D. Martinez_
   Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other
                                                              V6

000127

# *Vernon's*

# TEXAS CODES

# ANNOTATED

〜〜〜〜〜

## Volume 4

## HEALTH AND SAFETY CODE

### Sections 481.001 to 670

### 2000
### Cumulative Annual Pocket Part

Replacing 1999 pocket part supplementing 1992 main volume

### *For Use In 1999–2000*

<div style="border:1px solid">

**Includes**
**Laws through the 1999 Regular Session**
**of the 76th Legislature**
**Court Constructions through 993 S.W.2d 897**

</div>

 **WEST** GROUP

34

C00128

of marihuana delivered is 2,000 pounds or less but more than 200 pounds; and

"(3) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000, if the amount of marihuana delivered is more than 2,000 pounds."

**ss References**

Misdemeanors, see V.T.C.A., Penal Code § 12.21 et seq.

**ary References**

Felony community supervision from jury, 10 year rule, see Dix & Dawson, 42 Texas Practice § 39.24.

**es of Decisions**

1992) 840 S.W.2d 69, rehearing overruled, petition for discretionary review refused.

**9. Weight of marihuana**

Transaction was intended to further commission of delivery of more than 50 pounds of marihuana, and so could support defendant's conviction for illegal investment of funds to further aggravated delivery of marihuana, even though defendant's associates only possessed enough money to buy 35 pounds of marihuana, where defendant had indicated to undercover officer that if transaction went well, he would purchase between 200 and 500 pounds of marihuana, and defendant's associates told undercover officer that they would purchase an additional 165 pounds after purchasing the initial 35 pounds; transaction was apparently test run to further commission of later delivery of aggravated amount of marihuana. Munoz v. State (App. 13 Dist. 1992) 840 S.W.2d 69, rehearing overruled, petition for discretionary review refused.

State had to show only that defendant, who was charged with illegal investment of funds to further commission of offense of aggravated delivery of marihuana, knowingly and intentionally invested funds that he knew or believed were intended to further delivery of more than 50 pounds of marihuana; neither the actual transfer of funds sufficient to purchase more than 50 pounds of marihuana, nor actual delivery of more than 50 pounds of marihuana was required to complete offense. Munoz v. State (App. 13 Dist. 1992) 840 S.W.2d 69, rehearing overruled, petition for discretionary review refused.

**11. —— Delivery, indictment and information**

Phillips v. State (App. 9 Dist. 1986) 704 S.W.2d 557, [main volume] petition for discretionary review refused.

126

Esterline v. State (App. 13 Dist. 1986) 707 S.W.2d 171, [main volume] petition for discretionary review refused.

**13. Presumptions and burden of proof**

Marroquin v. State (Cr.App. 1988) 746 S.W.2d 747, [main volume] rehearing on petition for discretionary review denied.

**15. Admissibility of evidence**

Prescott v. State (App. 2 Dist. 1983) 660 S.W.2d 599, [main volume] petition for discretionary review refused.

When undercover officers were acting in line of duty by possessing and delivering marijuana, their possession and delivery fell under provision of Health and Safety Code stating that chapter did not impose liability on authorized state, county, or municipal officer engaged in lawful performance of officer's duties, and, therefore, evidence did not have to be suppressed pursuant to another statute stating that no evidence obtained by officer in violation of State or Federal laws or Constitutions shall be admitted against accused. Leos v. State (App. 6 Dist. 1993) 847 S.W.2d 665, petition for discretionary review granted, reversed 883 S.W.2d 209.

**17. Sufficiency of evidence—In general**

State was not required to introduce any evidence in addition to police report to incriminate defendant whose guilty plea to charge of illegal investment of funds to further commission of aggravated delivery of marihuana was supported by judicial confession, and therefore, Court of Appeals could not determine that report indicating that defendant's associates had money to purchase 35 pounds of marihuana included all evidence incriminating defendant which state could have introduced. Munoz v. State (App. 13 Dist. 1992) 840 S.W.2d 69, rehearing overruled, petition for discretionary review refused.

**18. —— Parties to transaction, sufficiency of evidence**

Hargett v. State (App. 12 Dist. 1986) 718 S.W.2d 923, [main volume] petition for discretionary review refused 729 S.W.2d 748.

**19. —— Quantity of marihuana, sufficiency of evidence**

Marroquin v. State (App. 13 Dist. 1987) 724 S.W.2d 877, petition for discretionary review granted, affirmed 746 S.W.2d 747, [main volume] rehearing on petition for discretionary review denied.

Marroquin v. State (Cr.App. 1988) 746 S.W.2d 747, [main volume] rehearing on petition for discretionary review denied.

## § 481.121. Offense: Possession of Marihuana

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

(b) An offense under Subsection (a) is:

(1) a Class B misdemeanor if the amount of marihuana possessed is two ounces or less;

(2) a Class A misdemeanor if the amount of marihuana possessed is four ounces or less but more than two ounces;

(3) a state jail felony if the amount of marihuana possessed is five pounds or less but more than four ounces;

(4) a felony of the third degree if the amount of marihuana possessed is 50 pounds or less but more than 5 pounds;

(5) a felony of the second degree if the amount of marihuana possessed is 2,000 pounds or less but more than 50 pounds; and

(6) punishable by imprisonment in the institutional division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 5 years, and a fine not to exceed $50,000, if the amount of marihuana possessed is more than 2,000 pounds.

Amended by Acts 1993, 73rd Leg., ch. 900, § 2.02, eff. Sept. 1, 1994.

### Historical and Statutory Notes

**1993 Legislation**
The 1993 amendment rewrote the section, which formerly read:
"(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

"(b) An offense under Subsection (a) is:

"(1) a Class B misdemeanor if the amount of marihuana possessed is two ounces or less;

"(2) a Class A misdemeanor if the amount of marihuana possessed is four ounces or less but more than two ounces;

"(3) a felony of the third degree if the amount of marihuana possessed is five pounds or less but more than four ounces; and

"(4) a felony of the second degree if the amount of marihuana possessed is 50 pounds or less but more than 5 pounds.

127

# 000 Edition
:ersedes 1999 Edition and Supplement

# *Federal*
# RIMINAL CODE and RULES

## DERAL RULES:

MINAL PROCEDURE
BEAS CORPUS RULES
TION ATTACKING SENTENCE RULES
EN TERRORIST REMOVAL
DENCE
PELLATE PROCEDURE
PREME COURT RULES

TITLE 18—CRIMES AND CRIMINAL PROCEDURE

CONSTITUTION OF THE UNITED STATES
TITLE 15—Section 1644–FRAUDULENT USE OF
    CREDIT CARDS
TITLE 21—Chapter 13–DRUG ABUSE PREVENTION
    AND CONTROL
TITLE 26—Chapter 53–MACHINE GUNS, DESTRUCTIVE
    DEVICES, AND CERTAIN OTHER FIREARMS
    —Sections 7201 to 7217–PROCEDURE &
    ADMINISTRATION–CRIMES
TITLE 28—Chapter 58–UNITED STATES SENTENCING
    COMMISSION
    —Chapter 153–HABEAS CORPUS
    —Chapter 154–SPECIAL HABEAS CORPUS
    IN CAPITAL CASES
    —Chapter 175–CIVIL COMMITMENT AND
    REHABILITATION OF NARCOTIC ADDICTS
TITLE 31—Chapter 53, Subch. II—MONETARY
    INSTRUMENTS TRANSACTIONS
TITLE 41—Sections 51 to 58–ANTI–KICKBACK
    ACT OF 1986
TITLE 46 App.—Chapter 38–MARITIME DRUG LAW
    ENFORCEMENT
TITLE 49—Sections 1155, 46306 to 46316, & 46501 to
    46507– FEDERAL AVIATION CRIMINAL
    PENALTIES

 **WEST GROUP**

ADVISORY COMMITTEE NOTES ON RULES
REVISORS' NOTES ON TITLES 18, 28, 31, and 49

Summary of Features on back cover

RECV'D IN COURT
HLG 4/24 YM

000130

# TITLE 21

# FOOD AND DRUGS

As amended to January 28, 2000

## CHAPTER 13—DRUG ABUSE PREVENTION AND CONTROL

### SUBCHAPTER I—CONTROL AND ENFORCEMENT

#### PART A—INTRODUCTORY PROVISIONS

Sec.
801. Congressional findings and declarations: controlled substances.
801a. Congressional findings and declarations: psychotropic substances.
802. Definitions.
803. Repealed.

#### PART B—AUTHORITY TO CONTROL; STANDARDS AND SCHEDULES

811. Authority and criteria for classification of substances.
812. Schedules of controlled substances.
813. Treatment of controlled substance analogues.
814. Removal of exemption of certain drugs.

#### PART C—REGISTRATION OF MANUFACTURERS, DISTRIBUTORS, AND DISPENSERS OF CONTROLLED SUBSTANCES

821. Rules and regulations.
822. Persons required to register.
823. Registration requirements.
824. Denial, revocation, or suspension of registration.
825. Labeling and packaging.
826. Production quotas for controlled substances.
827. Records and reports of registrants.
828. Order forms.
829. Prescriptions.
830. Regulation of listed chemicals and certain machines.
831 to 840. Reserved.

#### PART D—OFFENSES AND PENALTIES

841. Prohibited acts A.
842. Prohibited acts B.
843. Prohibited acts C.
844. Penalties for simple possession.
844a. Civil penalty for possession of small amounts of certain controlled substances.
845. Transferred.
846. Attempt and conspiracy.
847. Additional penalties.
848. Continuing criminal enterprise.
849. Transportation safety offenses.
850. Information for sentencing.
851. Proceedings to establish prior convictions.

852. Application of treaties and other international agreements.
853. Criminal forfeitures.
853a. Transferred.
854. Investment of illicit drug profits.
855. Alternative fine.
856. Establishment of manufacturing operations.
857. Repealed.
858. Endangering human life while illegally manufacturing a controlled substance.
859. Distribution to persons under age twenty-one.
860. Distribution or manufacturing in or near schools and colleges.
861. Employment or use of persons under 18 years of age.
862. Denial of Federal benefits to drug traffickers and possessors.
862a. Denial of assistance and benefits for certain drug-related convictions.
862b. Sanctioning for testing positive for controlled substances.
863. Drug paraphernalia.

#### PART E—ADMINISTRATIVE AND ENFORCEMENT PROVISIONS

871. Attorney General.
872. Education and research programs of Attorney General.
872a. Public-private education program.
873. Cooperative arrangements.
874. Advisory committees.
875. Administrative hearings.
876. Subpenas.
877. Judicial review.
878. Powers of enforcement personnel.
879. Search warrants.
880. Administrative inspections and warrants.
881. Forfeitures.
881-1. Transferred.
881a. Transferred.
882. Injunctions.
883. Enforcement proceedings.
884. Immunity and privilege.
885. Burden of proof; liabilities.
886. Payments and advances.
886a. Diversion Control Fee Account.
887. Consolidation and consolidation of post-seizure administration.
888. Expedited procedures for seized conveyances.
889. Production control of controlled substances.

000131

popularly known as the "Controlled Substances Act". For complete classification of Title II to the Code, see Short Title note set out under § 801 of this title and Tables.

The Federal Food, Drug, and Cosmetic Act, referred to in subsecs. (d)(3) and (g)(1), is Act June 25, 1938, c. 675, 52 Stat. 1040, as amended, which is classified generally to chapter 9 (§ 301 et seq.) of this title. For complete classification of this Act to the Code, see § 301 of this title and Tables.

Schedules IV and V, referred to in subsec. (d)(4)(A), (B), are set out in § 812(c) of this title.

The Psychotropic Substances Act of 1978, referred to in subsec. (d)(5), is Pub.L. 95–633, Nov. 11, 1978, 92 Stat. 3768, which enacted §§ 801a, 830, and 852 of this title, amended this section and §§ 352, 802, 812, 823, 827, 841 to 843, 872, 881, 952, 953, and 965 of this title and § 242a of Title 42, The Public Health and Welfare, and enacted provisions set out as notes under §§ 801, 801a, 812, and 830 of this title. For complete classification of the Act to the Code, see Short Title of 1978 Amendment note set out under § 801 of this title and Tables volume.

**Effective and Applicability Provisions**

1978 Acts. Amendment by Pub.L. 95–633 effective on the date the Convention on Psychotropic Substances enters into force in the United States [July 15, 1980], see § 112 of Pub.L. 95–633, set out as a note under § 801a of this title.

Section effective Oct. 27, 1970, see § 704(b) of Pub.L. 91–513, set out as a note under § 801 of this title.

**Change of Name**

"Secretary of Health and Human Services" was substituted for "Secretary of Health, Education, and Welfare" on authority of Pub.L. 96–88, Title V, § 509, Oct. 17, 1979, 93 Stat. 695, which is classified to § 3508 of Title 20, Education.

## § 812.    Schedules of controlled substances

### (a) Establishment

There are established five schedules of controlled substances, to be known as schedules I, II, III, IV, and V. Such schedules shall initially consist of the substances listed in this section. The schedules established by this section shall be updated and republished on a semiannual basis during the two-year period beginning one year after October 27, 1970 and shall be updated and republished on an annual basis thereafter.

### (b) Placement on schedules; findings required

Except where control is required by United States obligations under an international treaty, convention, or protocol, in effect on October 27, 1970, and except in the case of an immediate precursor, a drug or other substance may not be placed in any schedule unless the findings required for such schedule are made with respect to such drug or other substance. The findings required for each of the schedules are as follows:

(1) Schedule I.—

(A) The drug or other substance has a high potential for abuse.

(B) The drug or other substance has no currently accepted medical use in treatment in the United States.

(C) There is a lack of accepted safety for use of the drug or other substance under medical supervision.

(2) Schedule II.—

(A) The drug or other substance has a high potential for abuse.

(B) The drug or other substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions.

(C) Abuse of the drug or other substances may lead to severe psychological or physical dependence.

(3) Schedule III.—

(A) The drug or other substance has a potential for abuse less than the drugs or other substances in schedules I and II.

(B) The drug or other substance has a currently accepted medical use in treatment in the United States.

(C) Abuse of the drug or other substance may lead to moderate or low physical dependence or high psychological dependence.

(4) Schedule IV.—

(A) The drug or other substance has a low potential for abuse relative to the drugs or other substances in schedule III.

(B) The drug or other substance has a currently accepted medical use in treatment in the United States.

(C) Abuse of the drug or other substance may lead to limited physical dependence or psychological dependence relative to the drugs or other substances in schedule III.

(5) Schedule V.—

(A) The drug or other substance has a low potential for abuse relative to the drugs or other substances in schedule IV.

(B) The drug or other substance has a currently accepted medical use in treatment in the United States.

(C) Abuse of the drug or other substance may lead to limited physical dependence or psychological dependence relative to the drugs or other substances in schedule IV.

### (c) Initial schedules of controlled substances

Schedules I, II, III, IV, and V shall, unless and until amended [1] pursuant to section 811 of this title,

000132

DRUG ABUSE PREVENTION AND CONTROL          21 § 812

...ing drugs or other substances, by whatev-
...name, common or usual name, chemical
...and name designated:

**Schedule I**

...ess specifically excepted or unless listed in
...hedule, any of the following opiates, includ-
...isomers, esters, ethers, salts, and salts of
...ers, and ethers, whenever the existence of
...ers esters, ethers, and salts is possible
...specific chemical designation:

Acetylmethadol.
Allylprodine.
Alphacetylmathadol.[2]
Alphameprodine.
Alphamethadol.
Benzethidine.
Betacetylmethadol.
Betameprodine.
Betamethadol.
(10) Betaprodine.
(11) Clonitazene.
(12) Dextromoramide.
(13) Dextrorphan.
(14) Diampromide.
(15) Diethylthiambutene.
(16) Dimenoxadol.
(17) Dimepheptanol.
(18) Dimethylthiambutene.
(19) Dioxaphetyl butyrate.
(20) Dipipanone.
(21) Ethylmethylthiambutene.
(22) Etonitazene.
(23) Etoxeridine.
(24) Furethidine.
(25) Hydroxypethidine.
(26) Ketobemidone.
(27) Levomoramide.
(28) Levophenacylmorphan.
(29) Morpheridine.
(30) Noracymethadol.
(31) Norlevorphanol.
(32) Normethadone.
(33) Norpipanone.
(34) Phenadoxone.
(35) Phenampromide.
(36) Phenomorphan.

(37) Phenoperidine.
(38) Piritramide.
(39) Proheptazine.
(40) Properidine.
(41) Racemoramide.
(42) Trimeperidine.

(b) Unless specifically excepted or unless listed in
another schedule, any of the following opium deriva-
tives, their salts, isomers, and salts of isomers when-
ever the existence of such salts, isomers, and salts of
isomers is possible within the specific chemical desig-
nation:

(1) Acetorphine.
(2) Acetyldihydrocodeine.
(3) Benzylmorphine.
(4) Codeine methylbromide.
(5) Codeine-N-Oxide.
(6) Cyprenorphine.
(7) Desomorphine.
(8) Dihydromorphine.
(9) Etorphine.
(10) Heroin.
(11) Hydromorphinol.
(12) Methyldesorphine.
(13) Methylhydromorphine.
(14) Morphine methylbromide.
(15) Morphine methylsulfonate.
(16) Morphine-N-Oxide.
(17) Myrophine.
(18) Nicocodeine.
(19) Nicomorphine.
(20) Normorphine.
(21) Pholcodine.
(22) Thebacon.

(c) Unless specifically excepted or unless listed in
another schedule, any material, compound, mixture, or
preparation, which contains any quantity of the follow-
ing hallucinogenic substances, or which contains any
of their salts, isomers, and salts of isomers whenever
the existence of such salts, isomers, and salts of
isomers is possible within the specific chemical desig-
nation:

(1) 3,4-methylenedioxy amphetamine.
(2) 5-methoxy-3,4-methylenedioxy amphetamine.
(3) 3,4,5-trimethoxy amphetamine.
(4) Bufotenine.
(5) Diethyltryptamine.

Complete Annotation Materials, see Title 21 U.S.C.A.

000133

(6) Dimethyltryptamine.

(7) 4-methyl-2,5-dimethoxyamphetamine.

(8) Ibogaine.

(9) Lysergic acid diethylamide.

(10) Marihuana.

(11) Mescaline.

(12) Peyote.

(13) N-ethyl-3-piperidyl benzilate.

(14) N-methyl-3-piperidyl benzilate.

(15) Psilocybin.

(16) Psilocyn.

(17) Tetrahydrocannabinols.

## Schedule II

(a) Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

(1) Opium and opiate, and any salt, compound, derivative, or preparation of opium or opiate.

(2) Any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances referred to in clause (1), except that these substances shall not include the isoquinoline alkaloids of opium.

(3) Opium poppy and poppy straw.

(4) Coca leaves except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.

(b) Unless specifically excepted or unless listed in another schedule, any of the following opiates, including their isomers, esters, ethers, salts, and salts of isomers, esters and ethers, whenever the existence of such isomers, esters, ethers, and salts is possible within the specific chemical designation:

(1) Alphaprodine.

(2) Anileridine.

(3) Bezitramide.

(4) Dihydrocodeine.

(5) Diphenoxylate.

(6) Fentanyl.

(7) Isomethadone.

(8) Levomethorphan.

(9) Levorphanol.

(10) Metazocine.

(11) Methadone.

(12) Methadone-Intermediate, 4-cyano-2-dimethylamino-4, 4-diphenyl butane.

(13) Moramide-Intermediate, 2-methyl-3-morpholino-1, 1-diphenylpropane-carboxylic acid.

(14) Pethidine.

(15) Pethidine-Intermediate-A, 4-cyano-1-methyl-4-phenylpiperidine.

(16) Pethidine-Intermediate-B, ethyl-4-phenylpiperidine-4-carboxylate.

(17) Pethidine-Intermediate-C, 1-methyl-4-phenylpiperidine-4-carboxylic acid.

(18) Phenazocine.

(19) Piminodine.

(20) Racemethorphan.

(21) Racemorphan.

(c) Unless specifically excepted or unless listed in another schedule, any injectable liquid which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers.

## Schedule III

(a) Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system:

(1) Amphetamine, its salts, optical isomers, and salts of its optical isomers.

(2) Phenmetrazine and its salts.

(3) Any substance (except an injectable liquid) which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers.

(4) Methylphenidate.

(b) Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a depressant effect on the central nervous system:

(1) Any substance which contains any quantity of a derivative of barbituric acid, or any salt of a derivative of barbituric acid.

(2) Chorhexadol.

(3) Glutethimide.

(4) Lysergic acid.

(5) Lysergic acid amide.

(6) Methyprylon.

HE/
6/13/01 .

**LAW OFFICES OF**
**RENE RAMIREZ**
1906 Tesoro Boulevard
Pharr, Texas 78577

RENE RAMIREZ
Celeste Guerra

April 11, 2001

United States Immigration
and Naturalization Service

RE:    Maria Luisa Vasquez
       SSN 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
       D.O.B. 4/14/65

Dear Sirs:

It is with distinct pleasure that I am writing this letter on behalf of Maria Luisa Vasquez. I have
personally known Ms. Vasquez for over two (2) years and have nothing but the utmost admiration
and respect for her.

Ms. Vasquez is a single parent who supports her family.  She is a hard-working, honest and reliable
person who works at a restaurant where my associates and I eat breakfast at on an almost daily basis.
She has been employed at Alonso Res Rios Restaurant in McAllen and Pharr, Texas since October,
1989 to the present.

Because I am an attorney,  Ms. Vasquez trusts me, I am privy to the circumstances surrounding the
basis of her hearing before the honorable I.N.S. Judge. I firmly believe that she has learned a valuable
lesson. I believe that she was a targeted victim of a group of ill-spirited, ruthless people who prey
on persons such as Ms. Vasquez.  She is a person of high morals and is respected by all.  I believe that
her presence in the United States of America is an asset to all who know her.

Should you have any questions please contact my office.

Sincerely,

RENE RAMIREZ

RR/ng

RE: A-91-904-234

Telephone (956)783-7880 • Facsimile (956)783-7884          000135

A Note From...    RE: 91-904-234

**Ármando P. Durán**

Dear Clrk:

Pls file the enclosed additional supporting documents. I've served the Trial Attorney with copies of same, accordingly.

Thank you

5/31/01
4:35pm

000136

*A, ote From...*

**Armando P. Durán**

— Letter of Recommendation
— Supplement, Item # 38. —

— Supplement, Item #46. —

RE: A-91-904-234

(SUPPLEMENT)

ATTACHMENT

Item # 38 ———————          ————————

H.E.B                    1988-1989/90

Pharr, Texas

Antonio's Restaurant      1988-1989/90

Mc Allen, Texas

Odd Jobs                  1983-1988

A-91-904-234

Maria Luisa Puga - De Vasquez

000138

**ATTACHMENT**
**(SUPPLEMENT)**

**Item #46.-**    Brothers and Sisters

Juan Francisco De P. Puga Gonzalez - Reynosa, Mexico
Maria del Carmen De P. Puga Gonzalez - Edinburg, Texas
Luis De P. Puga Gonzalez - Reynosa, Mexico
Antonio De P. Puga Gonzalez - Reynosa, Mexico
Netzahualcoyotl De P. Puga Gonzalez - Reynosa, Mexico
Self
Jose de Jesus De P. Puga Gonzalez - Reynosa, Mexico
Rosario Guadalupe De P. Puga Gonzalez - Reynosa, Mexico
Luz De P. Puga Gonzalez - Reynosa, Mexico
Guayautitali De P. Puga de Matus - Matamoros, Mexico
Itzcoatl De P. Puga Gonzalez - Reynosa, Mexico
Cruz Perez - Mission, Texas
Jesus Ilhuicamina De P. Puga Gonzalez - Reynosa, Mexico


Parents

Maria Luisa Gonzalez Viuda de Puga - Reynosa, Mexico

Antonio Puga Taboada (Deceased) - POB: Perote, Veracruz


RE: A-91-904-234

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

RE: PUGA DE VASQUEZ, MARIA LUISA
FILE: A91-904-234                              DATE: Apr 18, 2001

TO:          ARMANDO DURAN
             801 AUSTIN, P.O. BOX 516
             ALAMO, TX 78516

     Please take notice that the above captioned case has been scheduled for a
Master/Individual hearing before the Immigration Court on *June 13, 2001*
at ___*1:00 P.M.*___ at

                    201 E. JACKSON STREET
                    HARLINGEN, TX 78550

     You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
     Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:
     1) You may be taken into custody by the Immigration and Naturalization
Service and held for further action.
     2) Your hearing may be held in your absence under section 240(b)(5) of the
Immigration and Nationality Act.  An order of removal will be entered against
you if the Immigration and Naturalization Service established by clear,
unequivocal and convincing evidence that a) you or your attorney has been
provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT
HARLINGEN, TX THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
     A List of Free Legal Service Providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
OR 703-305-1662.
DRL

000140

Alien Number: 91-904-234                    Alien Name: PUGH DE VASQUEZ, MARIA LUISA

### LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(✓)  1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years after the date of entry of the final order of removal.

( )  2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

( )  3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A.  THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1)  Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2)  Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3)  Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Apr 18, 2001
Immigration Judge: _Havard Achtsen_  or Court Clerk: _____

### CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [✓] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [✓] INS
DATE: _4-18-01_ BY: COURT STAFF _V. Mena_
      Attachments: [✓] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other
                                                                        V6

000141

**U.S. Department of Justice**
Executive Office for Immigration Review

OMB #1125-0001

**Application for Cancellation of Removal
For Certain Permanent Residents**
(Under Section 240A of the Immigration and Nationality Act)

**PLEASE READ ADVICE AND INSTRUCTIONS
BEFORE FILLING IN FORM**

**PLEASE TYPE OR PRINT**

1939 Fee Stamp    04/04/01  15:38
I-256A                     100.00

## PART 1 - INFORMATION ABOUT YOURSELF

1) My present true name is: *(Last, First, Middle)*
Puga-De Vásquez, María Luisa

2) Alien Registration Number:
091-904-234

3) My name given at birth was: *(Last, First, Middle)*
De P. Puga-González, María Luisa

4) Birth Place: *(City, Country)*
Reynosa, México

5) Date of Birth: *(Month, Day, Year)*
April 14, 1963

6) Gender:
☐ Male  ☑ Female

7) Height:
5-6"

8) Hair Color:
Drk Brn

9) Eye Color:
Brown

10) Current Nationality & Citizenship:
Mexican

11) Social Security Number:
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

12) Home Phone Number:
(956) 702-2134

13) Work Phone Number:
(956) 782-4244

14) I currently reside at:
1116 East Kathy
*Apt. number and/or in care of*

*Number and Street* Pharr      Texas      78577
*City or Town*           *State*        *ZIP Code*

15) I have been known by these additional name(s):
N/A

16) I have resided in the following locations in the United States: (List PRESENT ADDRESS FIRST, and work back in time for at least 7 years.)

| Street and Number - Apt. or Room# - City or Town - State - ZIP Code | Resided From: *(Month, Day, Year)* | Resided To: *(Month, Day, Year)* |
|---|---|---|
| 1116 East Kathy Pharr Texas 78577 | June, 1996 | PRESENT |
| 2215 #D23 McAllen Texas 78501 | 1989 | June, 1996 |
| Prince | | |

## PART 2 - INFORMATION ABOUT THIS APPLICATION

17) I, the undersigned, hereby request that my removal be cancelled under the provisions of section 240A(a) of the Immigration and Nationality Act (INA). I believe that I am eligible for this relief because I have been a lawful permanent resident alien for 5 or more years, have 7 years of continuous residence in the United States, and have not been convicted of an aggravated felony. I was admitted as or adjusted to the status of an alien lawfully admitted for permanent residence on _11-01-88_
*(date)*

at _Harlingen, Texas_
*(place)*

APR 5  1 29 PM '00
RECEIVED
DEPARTMENT OF JUSTICE

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
IMMIGRATION COURT
HARLINGEN, TEXAS

000142

*Please use a separate sheet for additional entries.*
(1)

Form EOIR-42A
4/97

## PART 3 - INFORMATION ABOUT YOUR PRESENCE IN THE UNITED STATES

**18)** My first arrival into the United States was under the name of: *(Last, First, Middle)* Puga- De Vasquez, Maria Luisa

**19)** My first arrival to the United States was on: *(Month, Day, Year)* Approx. July, 1983

**20)** Place or port of first arrival: *(Place or Port, City, and State)* Hidalgo, Texas

**21) I:**
- [ ] was admitted as a lawful permanent resident.
- [ ] was admitted as a nonimmigrant. Specify visa type: _____
- [X] entered without inspection.
- [ ] other - specify _____

**22)** If admitted as a nonimmigrant, period for which admitted: *(Month, Day, Year)* N/A

**23)** My last extension of stay in the United States expired on: *(Month, Day, Year)* N/A

**24)** Since the date of my first arrival, I departed from and returned to the United States at the following places and on the following dates: *(Please list all departures regardless of how briefly you were absent from the United States)*
**If you have never departed from the United States since your original date of arrival, please mark an X in this box:** [ ]

| | Port of Departure (Place or Port, City and State) | Departure Date (Month, Day, Year) | Purpose of Travel | Destination | |
|---|---|---|---|---|---|
| 1 | SEE ATTACHMENT | N/A | N/A | N/A | |
| | Port of Return (Place or Port, City and State) N/A | Return Date (Month, Day, Year) N/A | Manner of Return N/A | Inspected & Admitted? [ ] Yes [ ] No | |
| 2 | Port of Departure (Place or Port, City and State) N/A | Departure Date (Month, Day, Year) N/A | Purpose of Travel N/A | Destination N/A | |
| | Port of Return (Place or Port, City and State) N/A | Return Date (Month, Day, Year) N/A | Manner of Return N/A | Inspected & Admitted? [ ] Yes [ ] No | |

**25)** Have you ever departed the United States:
a) under an order of deportation, exclusion or removal? -------- [ ] Yes [X] No
b) pursuant to a grant of voluntary departure? ------------------- [ ] Yes [X] No

## PART 4 - INFORMATION ABOUT YOUR MARITAL STATUS AND SPOUSE *(Continued on page 3)*

**26)** I am not married: [ ]
I am married: [X]

**27)** If married, the name of my spouse is: *(Last, First, Middle)* Vásquez, Richardo J.

**28)** Date of marriage: *(Month, Day, Year)* Nov. 27, 1978

**29)** The marriage took place in: *(City and Country)* Reynosa, México

**30)** Birth place of spouse: *(City and Country)* Reynosa, México

**31)** My spouse currently resides at: Apt. number and/or in care of Callejon Arguelles #425
Number and Street    City or Town Reynosa    State/Country Tamaulipas México    ZIP Code

**32)** Birth date of spouse: *(Month, Day, Year)* Oct. 31, 1959

**33)** My spouse is a citizen of: *(Country)* México

**34)** If your spouse is other than a native born United States citizen, answer the following:
He/she arrived in the United States at: *(City and State)* McAllen, Texas
He/she arrived in the United States on: *(Month, Day, Year)* Approx. July 1983
His/her alien registration number is: A# 91-366-556
He/she was naturalized on *(Month, Day, Year)* N/A at N/A
*(City and State)*

**35)** My spouse [ ] - is [ ] - is not employed. If employed, please give salary and the name and address of the place(s) of employment. DO NOT KNOW

| Full Name and Address of Employer | Earnings Per Week *(Approximate)* |
|---|---|
| UNKNOWN | N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |

*Please use a separate sheet for additional entries.*
(2)

Form EOIR-42A
4/97

## PART 4 - INFORMATION ABOUT YOUR MARITAL STATUS AND SPOUSE *(Continued)*

36) I ☐ - have ☑ - have not been previously married: *(If previously married, list the name of each prior spouse, the dates on which each marriage began and ended, the place where the marriage terminated, and describe how each marriage ended.)*

| Name of prior spouse: *(Last, First, Middle)* | Date marriage began: Date marriage ended: | Place marriage ended: *(City and Country)* | Description or manner of how marriage was terminated or ended: |
|---|---|---|---|
| *N/A* | *N/A* | *N/A* | *N/A* |

| Name of prior spouse: *(Last, First, Middle)* | Date marriage began: Date marriage ended: | Place marriage ended: *(City and Country)* | Description or manner of how marriage was terminated or ended: |
|---|---|---|---|
| *N/A* | *N/A* | *N/A* | *N/A* |

37) Have you been ordered by any court, or are otherwise under any legal obligation, to provide child support and/or spousal maintenance as a result of a separation and/or divorce?          ☐ - Yes          ☐ - No

## PART 5 - INFORMATION ABOUT YOUR EMPLOYMENT AND FINANCIAL STATUS

38) Since my arrival into the United States, I have been employed by the following - named persons or firms: *(Please begin with present employment and work back in time. Any periods of unemployment or school attendance should be specified.)*

| Full Name and Address of Employer | Earnings Per Week *(Approximate)* | Type of Work Performed | Employed From: *(Month, Day, Year)* | Employed To: *(Month, Day, Year)* |
|---|---|---|---|---|
| *Alonso's Tres Rios Restaurant 495 Fm Rd @ N. 281  Pharr, Tx* | $ 240.00 | *Manager* | *1990* | PRESENT |
| *SEE ATTACHMENT* | $ | | | |
| | $ | | | |

39) If self-employed, describe the nature of the business, the name of the business, its address, and net income derived therefrom:
*SEE ATTACHMENT*

40) My assets (and if married, my spouse's assets) in the United States and other countries, not including clothing and household necessities, are:

| **Self** | | **Jointly Owned with Spouse** | |
|---|---|---|---|
| Cash, Stocks, and Bonds — — — — — — | $ 1,200 | Cash, Stocks, and Bonds — — — — — | $ |
| Real Estate — 67,000 - 42,000 — | $25,000 | Real Estate — — — — — — — | $ |
| Automobile (value minus amount owed) — | $ 0 | Automobile (value minus amount owed) — — | $ |
| Other (describe on line below) — — — | $ | Other (describe on line below) — — — — | $ |
| **TOTAL** | $ 26,200 | **TOTAL** | $ N/A |

41) I ☑ - have ☐ - have not received public or private relief or assistance (e.g. Welfare, Unemployment Benefits, Medicaid, ADC, etc.). If you have, please give full details including the type of relief or assistance received, date for which relief or assistance was received, place, and amount received during this time: *SEE ATTACHMENT*

42) Please list each of the years in which you have filed an income tax return with the Internal Revenue Service:
*1989 - 2000*

**PART 6 - INFORMATION ABOUT YOUR FAMILY** *(Continued on page 5)*

43) I have _two (2)_ _____ *(Number of)* children. Please list information for each child below, include assets and earnings information for children over the age of sixteen who have separate incomes:

| Name of Child: *(Last, First, Middle)* / Child's Alien Registration Number: | Citizen of What Country: / Birth Date: *(Month, Day, Year)* | Now Residing At: *(City and Country)* / Birth Place: *(City and Country)* | Immigration Status of Child? |
|---|---|---|---|
| _Vásquez Geizel Korina_ A#: _N/A_ | _Mexico_ _March 9, 1983_ | _Pharr, U.S.A._ | _Undocumented_ |
| Estimated Total of Assets: $ _N/A_ | Estimated Average Weekly Earnings: $ _N/A_ | | |
| _Vásquez-De Enriquez, Maxil_ _Karina_ A#: _N/A_ | _México_ | _Monte, México_ _Reynosa, México_ | _N/A_ |
| Estimated Total of Assets: $ _N/A_ | Estimated Average Weekly Earnings: $ _N/A_ | | |
| _N/A_ A#: _N/A_ | _N/A_ _N/A_ | _N/A_ _N/A_ | _N/A_ |
| Estimated Total of Assets: $ _N/A_ | Estimated Average Weekly Earnings: $ _N/A_ | | |

44) If your application is denied, would your spouse and all of your children accompany you to your:

Country of Birth - ☐ Yes  ☒ No

Country of Nationality - ☐ Yes  ☒ No

Country of Last Residence - ☐ Yes  ☒ No

If you answered "NO" to any of the responses, please explain: _My daughter Geizel has been under strict medical treatment for her heart condition ever since she was 2 years of age. She will not receive same medical attention in México if she were to accompany me._

45) Members of my family, including my spouse and/or child(ren) ☐ - have ☒ - have not received public or private relief or assistance (e.g., Unemployment Benefits, Welfare, Medicaid, ADC, etc.). If any member of your immediate family has received such relief or assistance, please give full details including identity of person(s) receiving relief or assistance, dates for which relief or assistance was received, place, and amount received during this time: _I do not know specifically, whether my husband has received assistance after we separated. I do not know whether my daughter Maxil has received assistance after she got married._

46) Please give the requested information about your parents, brothers, sisters, aunts, uncles, and grandparents. As to residence, show street address, city, and state, if in the United States; otherwise show only country:

| Name: *(Last, First, Middle)* / Alien Registration Number: | Citizen of What Country: / Birth Date: *(Month, Day, Year)* | Relationship to Me: / Birth Place: *(Place and Country)* | Immigration Status of Listed Relative |
|---|---|---|---|
| _Gonzalez-Viuda de Puga,_ A#: _N/A_ | _Maria Luisa_ _México_ _Jan / 17 / UNK_ | _Mother_ _China, México_ | _N/A_ |
| Complete Address of Current Residence: _MEXICO_ | | | |
| A#: | _ / /_ | | _N/A_ |
| Complete Address of Current Residence: _SEE ATTACHMENT_ | | | |

## PART 7 - MISCELLANEOUS INFORMATION *(Continued on page 6)*

47) I ☐ - have ☒ - have not   entered the United States as a crewman after June 30, 1964.

48) I ☐ - have ☒ - have not   been admitted as, or after arrival in the United States acquired the status of, an exchange alien.

49) I ☐ - have ☒ - have not   submitted address reports as required by section 265 of the Immigration and Nationality Act.

50) I ☒ - have   ☐ - have never (either in the United States or in any foreign country) been arrested, summoned into court as a defendant, convicted, fined, imprisoned, placed on probation, or forfeited collateral for an act involving a felony, misdemeanor, or breach of any public law or ordinance (including, but not limited to, traffic violations or driving incidents involving alcohol). *(If answer is in the affirmative, please give a brief description of each offense including the name and location of the offense, date of conviction, any penalty imposed, any sentence imposed, and the time actually served).*

Possession of a Controlled Substance, to wit: Marijuana
Brooke County, Texas
August 26, 1999
3 years Probation

51) Have you ever served in the Armed Forces of the United States? ☐ - Yes ☒ - No.  If "Yes", please state branch *(Army, Navy, etc.)* and service number. _____ N/A _____

Place of entry on duty: *(City and State)* _____ N/A _____
Date of entry on duty: *(Month, Day, Year)* _____ N/A _____.   Date of discharge: *(Month, Day, Year)* _____ N/A _____
Type of discharge *(Honorable, Dishonorable, etc.):* _____ N/A _____
I served in active duty status from:   *(Month, Day, Year)* _____ N/A _____   to   *(Month, Day, Year)* _____ N/A _____

52) Have you ever left the United States or the jurisdiction of the district where you registered for the draft to avoid being drafted into the military or naval forces of the United States? ☐ Yes ☒ No

53) Have you ever deserted from the military or naval forces of the United States while the United States was at war? ☐ Yes ☒ No

54) If male, did you register under the Selective Service (Draft) Law of 1917, 1918, 1948, 1951, or later Draft Laws? ☐ Yes ☒ No
If "Yes," please give date, Selective Service number, local draft board number, and your last draft classification: _____ N/A _____

55) Were you ever exempted from service because of conscientious objection, alienage, or any other reason? ☐ Yes ☒ No

56) Please list your present or past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or any other place since your 16th birthday. Include any foreign military service in this part. If none, write "NONE." Include the name of the organization, location, nature of the organization, and the dates of membership.

| Name of Organization | Location of Organization | Nature of Organization | Member From: *(Month, Day, Year)* | Member To: *(Month, Day, Year)* |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

C00146

Form EOIR-42A
4/97

## PART 7 - MISCELLANEOUS INFORMATION *(Continued)*

**57) Have you ever:**

☐ Yes ☒ No   been ordered deported or removed?

☐ Yes ☒ No   overstayed a grant of voluntary departure from an Immigration Judge or the Immigration and Naturalization Service (INS)?

☐ Yes ☒ No   failed to appear for deportation or removal?

**58) Have you ever been:**

☐ Yes ☒ No   a habitual drinker?

☐ Yes ☒ No   one whose income is derived principally from illegal gambling?

☐ Yes ☒ No   one who has given false testimony for the purpose of obtaining immigration benefits?

☐ Yes ☒ No   engaged in prostitution or unlawful commercialized vice?

☐ Yes ☒ No   involved in a serious criminal offense and asserted immunity from prosecution?

☐ Yes ☒ No   a polygamist?

☐ Yes ☒ No   one who aided and/or abetted another to enter the United States illegally?

☒ Yes ☐ No   a trafficker of a controlled substance, or a knowing assister, abettor, conspirator, or colluder with others in any such controlled substance offense (not including a single offense of simple possesion of 30 grams or less of marijuana)?

☐ Yes ☒ No   inadmissible or deportable on security-related grounds under sections 212(a)(3) or 237(a)(4) of the INA?

☐ Yes ☒ No   one who has ordered, incited, assisted, or otherwise participated in the persecution of an individual on account of his or her race, religion, nationality, membership in a particular social group, or political opinion?

☐ Yes ☒ No   a person previously granted relief under sections 212(c) or 244(a) of the INA or whose removal has previously been cancelled under section 240A of the INA?

**59)** The following certificates or other supporting documents are attached hereto as a part of this application: *(Refer to the Instruction Sheet for documents which **should be attached**).*

*See Supporting Docs Binder*

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

## PART 7 - MISCELLANEOUS INFORMATION *(Continued)*

### APPLICATION NOT TO BE SIGNED BELOW UNTIL APPLICANT APPEARS BEFORE AN IMMIGRATION JUDGE

I do swear (affirm) that the contents of the above application, including the documents attached hereto, are true to the best of my knowledge and that this application is now signed by me with my full, true name.

X _____

*(Complete and true signature of applicant or parent or guardian)*

Subscribed and sworn to before me by the above-named applicant at _____

_____

*Immigration Judge*

_____

*Date: (Month, Day, Year)*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was: ☑ - delivered in person, ☐ - mailed first class, postage prepaid on

*April 4, 2001* (Month, Day, Year) to *INS, Office of the District Counsel*
*(INS District Counsel and Address)*

*P.O. Box 1711*

*Harlingen, Texas 78551*

_____
Signature of Applicant (or attorney or representative)

**000148**

# _ATTACHMENTS_

**Item # 24.-**    Upon my arrival, I did not return to Mexico up until my legal status
was formalized.  After I obtained my legal immigration status, I
have gone to Mexico in several occasions for purposes of visiting
relatives, shopping, etc., for very short periods of time, to wit: one
or two days at the most.

**Item # 39.-**    Guarderia "Mundo Magico" (Day Care Center)
Reynosa, Mexico
Average Net Income: $7,600/year
Started up Business approximately 2+ (two-plus) years ago in
1998. Still in existence.

Boutique "Paloma"
Reynosa, Mexico
Average Net Income:  $2,000/year
Started up Business during 1996.  Lasted approximately 1
(one) year.  No longer in existence.

**Item # 41.-**    Food Stamps.
Approximately $60 to $100 per month.
For Approximately 1 (one) year.

McAllen Housing Assistance.
Approximately $200 per month.
For Approximately 2 ½ (two & one half) years.

Medical Private Assistance for child Geizel
Dollar amount of Assistance Unknown
Period of time of Private Assistance Provided:  Since Geizel
was approximately 3 years of age.

U.S. Department of Justice
Immigration and Naturalization Service

(Approved by the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402, Per 100)

**FORM G-325A**
**BIOGRAPHIC INFORMATION**

OMB No. 1115-0066

| (Family name) | (First name) | (Middle name) | ☐ MALE ☒ FEMALE | BIRTHDATE (Mo.-Day-Yr.) | NATIONALITY | FILE NUMBER |
|---|---|---|---|---|---|---|
| Puga-De Vasquez | Maria | Luisa | | 4-14-63 | Mexican | A- 091-904-234 |

ALL OTHER NAMES USED (Including names by previous marriages)
De P. Puga-González, Maria Luisa

CITY AND COUNTRY OF BIRTH
Reynosa, México

SOCIAL SECURITY NO. (If any)
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

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | Puga-Taboada | Antonio | 5/27/26 Perote, Mexico | Deceased |
| MOTHER (Maiden name) | Gonzalez-Gracia | Maria Luisa | 1/17/? UNK China, Mexico | Reynosa, Mexico |

| HUSBAND (If none, so state) OR WIFE | FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH. | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|---|
| | ♯ Vasquez | Ricardo | 10-31-59 | Reynosa, México | 11-27-78 | Reynosa, Mexico |

| FORMER HUSBANDS OR WIVES (If none, so state) FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | DATE & PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

APPLICANT'S RESIDENCE LAST FIVE YEARS. LIST PRESENT ADDRESS FIRST.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| | | | | | | PRESENT TIME | |
| 1116 East Kathy | Pharr | Tx | USA | June | 1996 | | |
| 2215 Quince, #D23 | McAllen | Tx | USA | UNK | 1989 | June | 1996 |
| | | | | | | | |
| | | | | | | | |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR.

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| Calle Berlin, Colonia La Cañada | Reynosa | Tamaulipas | Mexico | UNK | 1979 | UNK | 1983 |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE.) LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (SPECIFY) | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|
| | | | | PRESENT TIME | |
| ALONSO'S TRES RIOS RESTAURANT 495 FM RD @ N. 281 Pharr, Tx 78577 | MANAGER | UNK | 1990 | PRESENT | |
| | | | | | |
| | | | | | |

Show below last occupation abroad if not shown above. (Include all information requested above.)

| | | | | | |
|---|---|---|---|---|---|
| Petroleos Mexicanos, Reynosa, Mexico | SECRETARY | UNK | 1980 | JULY | 1983 |

THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR:
☐ NATURALIZATION
☐ STATUS AS PERMANENT RESIDENT
☒ OTHER (SPECIFY): CANCELLATION UNDER 240(A)(a)

Are all copies legible? ☒ Yes

SIGNATURE OF APPLICANT
X Mª Luisa Vasquez

DATE
4-2-01

IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS, WRITE YOUR NAME IN YOUR NATIVE ALPHABET IN THIS SPACE.
N/A

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT

# APPLICANT:
**BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.**

| COMPLETE THIS BOX (Family name) (Given name) | (Middle name) | (Alien registration number) |
|---|---|---|
| Puga-De Vasquez, Maria | Luisa | A-091-904-234 |

Form G-325 A (Rev. 10-1-82)    (1) Ident.

000150

## IMMIGRATION COURT CASES WITHIN THE
## JURISDICTION OF THE HARLINGEN DISTRICT

01 APR -4 PM 2:32

INFORMATION HLG

### INFORMATION REQUIRED FOR PROCESSING OF FINGERPRINTS

Applicant's A-Number: _091 904 234_

Applicant's Name: _Puga-DeVasquez   Maria   Luisa_
                 (Last)        (First)      (Middle)

Applicant's Address: _1116   East   Kathy_
                     _Pharr,   Texas   78577_

Application/Form of Relief Filed
with Immigration Court (i.e. asylum,
adjustment....)*      _Cancellation of Removal, Sec 240(A)(a)_
_to be filed on or before 4.4.01._

**\*Please attach:**

1)  A copy of the application **and** a copy of the fee receipt for such application for relief
    before the Immigration Court (except in asylum/withholding/refugee case), and

2)  A copy of the fee receipt evidencing payment of the fingerprint fee (except in
    asylum/withholding/refugee cases).  _25_

3)  Since no fee is required in asylum/withholding/refugee cases, please attach a copy of
    the application filed with EOIR bearing the EOIR receipt stamp.

4)  Attorneys/Representatives must attach a completed G-28 "Notice of Appearance".

IN ORDER FOR FINGERPRINTS TO BE PROCESSED, THIS DOCUMENT MUST
BE COMPLETED IN ITS ENTIRETY AND SUBMITTED, ALONG WITH ALL
REQUIRED ATTACHMENTS TO THE FOLLOWING ADDRESS:

**U.S. Immigration & Naturalization Service**
**Office of the District Counsel**
**P.O. Box 1711**
**Harlingen, Texas   78551**



**You will be notified of your fingerprint appointment.**

U.S. Department of Justice
Immigration and Naturalization Service

No     f Entry of Appearance
as Attorney or Representative

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

In re: _Maria Luisa Puga-De Vásquez_    Date: _3-18-01_    File No. _A 091-904-234_

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name: _Maria Luisa Puga-De Vásquez_    ☐ Petitioner    ☒ Applicant
☐ Beneficiary

Address: (Apt. No.)    (Number & Street)    (City)    (State)    (Zip Code)
_1116 E. Kathy_    _Pharr_    _Tx_    _78577_

Name:    ☐ Petitioner    ☐ Applicant
☐ Beneficiary

Address: (Apt. No.)    (Number & Street)    (City)    (State)    (Zip Code)

Check Applicable Item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia _Texas_ _Supreme Court of Texas_ and am not under a court or administrative agency
Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain Fully.)

SIGNATURE    COMPLETE ADDRESS
_801 Austin_
_Alamo, Texas 78516_

NAME (Type or Print)    TELEPHONE NUMBER
_ARMANDO P. DURAN_    _956-781-2299_

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: _Armando P. Durán_
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

_Application for Cancellation of Removal for Certain Permanent Residents E-42A_

Name of Person Consenting    Signature of Person Consenting    Date
_Maria Luisa Puga-De Vasquez_    X _Ma Luisa Vasquez_    _3-18-01_

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

000152

I N S
HARLINGEN, TEXAS
DISTRICT OFFICE



04/04/01

**0005**
MARIA LUISA #
PUGA DE VASQUEZ #
A91904234 #
I-256A
FD258          100.00
SUBTTL          25.00
               125.00
M-0     125.00
M-0             25.00
               100.00

2 ITEMS

1939 001
THANK YOU      15:39

RECEIVED
DEPARTMENT OF JUSTICE
APR 5 | 30 PM '01
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
HARLINGEN COURT
HARLINGEN, TEXAS

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
HARLINGEN, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF | )( | FILE NUMBER |
| | )( | |
| PUGA-DE VASQUEZ | )( | |
| MARIA LUISA, *Respondent* | )( | A 091 904 234 |

### MOTION FOR CONTINUANCE

**NOW COMES**, Respondent, Maria Luisa Puga-De Vasquez, through and by her Attorney of Record, Armando P. Duran, and presents this her Motion for Continuance, and shows unto the Court as follows:

I.

Respondent and Counsel appeared before this Honorable Court on or about February 28, 2001, at 10:00 AM, for a Master Hearing. On that same date Respondent admitted to the allegations in the Notice to Appear as set forth therein.

II.

On that same date, the Court set this case for a Merits Hearing for April 18, 2001, at 1:00 PM, with a cross-service date of April 4, 2001. A process of fingerprints was likewise required by the Service and the Court.

III.

The undersigned Counsel represented to the Court on February 28, 2001, that the Application for an appointment for fingerprints would be filed on that

000154

same day or the following the day.  However, this Counsel was not aware that in order to submit a paid-fee-stamped ("feed") application for fingerprints, an application for Cancellation E-42A must likewise be completed and "feed". However, in order to accurately complete said E-42A application, a series of supporting documents must be sorted out and selected so that these documents may accurately match to the information in said application.

## IV.

The above mentioned information and process has not been fast nor easy to obtain.  The data is voluminous, not of recent dates, and difficult to search for.

## V.

As of to date, Respondent and her Counsel are vigorously working on gathering data and information so that it may be provided and presented as accurate and as complete as possible.

## VI.

The E-42A application as well as the application for fingerprints will have been properly "feed" on or about April 4, 2001.  Said applications will have likewise been properly filed with the Court on or about April 4, 2001.  The cross-service deadline will have been met on a timely manner, on or about April 4, 2001.

## VII.

As a result, the Service will more than likely not be able to provide Respondent with an appointment for fingerprints before the existent scheduled Merits Hearing date, April 18, 2001.  Therefore, it is anticipated that if the Merits

Hearing is held as scheduled on April 18, 2001, the Service will not have in its possession for review the required fingerprints of Respondent on or before that date.

## VIII.

Respondent has never before requested a continuance in this case. The continuance is requested not to cause undue delay, but so that all parties may have an equal and fair opportunity to review accurate, complete, and correct data/information, and so that justice be made.

**WHEREFORE PREMISES CONSIDERED**, Respondent and her Counsel pray that this Motion for Continuance in all things be Granted.

Respectfully Submitted,

LAW OFFICES OF ARMANDO P. DURAN
Armando P. Duran, Esq.
801 Austin
Alamo, Texas 78516
SBN: 00793657
Tel. 956-781-2299
Fax. 956-781-2677
**Attorney for Respondent**

000156

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2001, a true and correct copy of the foregoing Motion for Continuance was delivered via regular U.S. mail to U.S. INS, Office of the District Counsel, P.O. Box 1711, Harlingen, Texas, 78551.

Armando P. Duran

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 3rd day of April, 2001, at approximately 1:05 PM, I have conferred with Assistant District Counsel Ms. Cheri Jones, Trial Attorney on Duty. Ms. Jones does not oppose to the foregoing Motion for Continuance.

Armando P. Duran

000157

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE OF IMMIGRATION REVIEW**
**OFFICE OF THE IMMIGRATION JUDGE**
**HARLINGEN, TEXAS**

| | | |
|---|---|---|
| **IN THE MATTER OF** | )( | **FILE NUMBER** |
| | )( | |
| **PUGA-DE VASQUEZ** | )( | |
| **MARIA LUISA, *Respondent*** | )( | **A 091 904 234** |

## O R D E R

**IT IS HEREBY ORDERED** that, having considered the evidence

presented, the foregoing Motion for Continuance in all things be

**GRANTED ( )**            **DENIED ( )**

_____
**JUDGE PRESIDING**

000158

# DOCUMENTS AND RECORDS
## IN SUPPORT OF THE APPLICATION FOR
## CANCELLATION OF REMOVAL FOR
## CERTAIN PERMANENT RESIDENTS

**Presented to**

*THE UNITED STATES DEPARTMENT OF JUSTICE*
*EXECUTIVE OFFICE FOR IMMIGRATION REVIEW*
*OFFICE OF THE IMMIGRATION JUDGE*
*HARLINGEN, TEXAS*



*IN THE MATTER OF*

**Maria Luisa Puga-De Vasquez**
**A 091 904 234**
*Respondent/Applicant*

**By and Through**

**LAW OFFICES OF ARMANDO P. DURAN**
**Armando P. Duran**
*Attorney for Respondent*

**April 4ᵗʰ , 2001**

000159

**DOCUMENTS AND RECORDS
IN SUPPORT OF THE APPLICATION FOR
CANCELLATION OF REMOVAL FOR
CERTAIN PERMANENT RESIDENTS**


**Presented to**


*THE UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
HARLINGEN, TEXAS*


*IN THE MATTER OF*

**Maria Luisa Puga-De Vasquez
A 091 904 234**
*Respondent/Applicant*


**By and Through**

**LAW OFFICES OF ARMANDO P. DURAN**
**Armando P. Duran**
*Attorney for Respondent*


**April 4th , 2001**


**000160**

# INDEX

000161

# INDEX

**Employment Records: Paycheck Stubs:**
**(1991, 1992, 1994, 1995, 2001)** ............................................ (A)

**Employment Records: Miscellaneous** .................................... (B)

**Federal Income Tax Returns (1994-2000)** ............................. (C)

**Rent Records/Receipts (1990, 1991)** ..................................... (D)

**McAllen Housing Authority** .................................................. (E)

**Real Estate (House) Deed & Payment History Records** ........... (F)

**Vasquez, Geizel's Heart Condition's Medical Records** ............ (G)

**Probation Records & Receipts** .............................................. (H)



# A
# EMPLOYMENT
# RECORDS
## PAYCHECK STUBS:
## 1991, 1992, 1994,
## 1995, 2001

000163

## 544  MARIA LUISA VASQUEZ

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   JOSE ALONSO

2101 N. 10TH
MCALLEN, TX  78501

Period End: 3/28/2001  Check Date: 3/30/2001  Check #: 12349

| DESCRIPTION | RATE | HOURS | | EARNINGS | | TYPE | DPT | JOB | ST | | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | REG HR | OT HR | REGULAR | OVER TIME | | | | | | | |
| WAGES | 5.1500 | 40.00 | 15.45 | 206.00 | 119.35 | | 200 | | TX | TXBL WAGES | 325.35 | 3,612.37 |
| TAXABLE WAGES: | | 40.00 | 15.45 | 206.00 | 119.35 | | | | | FD WH S-00 | 41.16 | 442.50 |
| MEALS | | | | 8.00- | | | 200 | | TX | SOC. SEC. | 20.17 | 223.94 |
| TOTAL ADJUSTMENTS: | | | | 8.00- | | | | | | MEDICARE | 4.72 | 52.40 |
| | | | | | | | | | | TOTAL ADJ | 8.00- | 73.00- |
| | | | | | | | | | | NET PAY | 251.30 | 2,820.53 |

Location: 3
Department: 200
100-00271:0024

Payrolls by NEXPAY          Copyright 1999 CBS Employer Services

## 544  MARIA LUISA VASQUEZ

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   JOSE F ALONSO

2101 N. 10TH
MCALLEN, TX  78501

Period End: 3/21/2001  Check Date: 3/23/2001  Check #: 12317

| DESCRIPTION | RATE | HOURS | | EARNINGS | | TYPE | DPT | JOB | ST | | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | REG HR | OT HR | REGULAR | OVER TIME | | | | | | | |
| WAGES | 5.1500 | 40.00 | 20.00 | 206.00 | 154.50 | | 200 | | TX | TXBL WAGES | 360.50 | 3,287.02 |
| TAXABLE WAGES: | | 40.00 | 20.00 | 206.00 | 154.50 | | | | | FD WH S-00 | 46.43 | 401.34 |
| MEALS | | | | 6.00- | | | 200 | | TX | SOC. SEC. | 22.35 | 203.77 |
| TOTAL ADJUSTMENTS: | | | | 6.00- | | | | | | MEDICARE | 5.23 | 47.68 |
| | | | | | | | | | | TOTAL ADJ | 6.00- | 65.00- |
| | | | | | | | | | | NET PAY | 280.49 | 2,569.23 |

Location: 3
Department: 200
100-00271:0025

Payrolls by NEXPAY          Copyright 1999 CBS Employer Services

## 544  MARIA LUISA VASQUEZ

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   JOSE F ALONSO

2101 N. 10TH
MCALLEN, TX  78501

Period End: 12/27/2000  Check Date: 12/29/2000  Check #: 11922

| DESCRIPTION | RATE | HOURS | | EARNINGS | | TYPE | DPT | JOB | ST | | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | REG HR | OT HR | REGULAR | OVER TIME | | | | | | | |
| WAGES | 5.1500 | 40.00 | | 206.00 | | | 200 | | TX | TXBL WAGES | 206.00 | 5,109.10 |
| TAXABLE WAGES: | | 40.00 | | 206.00 | | | | | | FD WH S-00 | 23.26 | 613.54 |
| | | | | | | | | | | SOC. SEC. | 12.77 | 316.76 |
| | | | | | | | | | | MEDICARE | 2.99 | 74.08 |
| | | | | | | | | | | TOTAL ADJ | | 211.50- |
| | | | | | | | | | | NET PAY | 166.98 | 3,893.22 |

Location: 1
Department: 200
100-00271:0011

Payrolls by NEXPAY          Copyright 1999 CBS Employer Services

ALONSO'S ESCORIAL RESTAURANT

034 02 MARIA LUISA VASQUEZ        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 09/28/95 10/04/95  15944

| REGULAR | 30.00 | 127.50 | 4495.57 | FICA | 9.75 | 408.84 |
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 11.63 | 498.76 |
| OVERTIME 2 | | 0.00 | 0.00 | TEXAS | 0.00 | 0.00 |
| TIPS | | 0.00 | 823.00 | MEAL | 0.00 | 80.48 |
| | | | | TIPS | 0.00 | 823.00 |

| 4.250 | 127.50 | 21.38 | 106.12 | 5318.57 | 1809.08 | 3509.49 |

ALONSO'S ESCORIAL RESTAURANT                           15896

034 02 MARIA LUISA VASQUEZ        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 09/14/95 09/20/95  15896

| REGULAR | 30.00 | 127.50 | 4240.57 | FICA | 9.75 | 387.34 |
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 11.63 | 475.50 |
| OVERTIME 2 | | 0.00 | 0.00 | TEXAS | 0.00 | 0.00 |
| TIPS | | 0.00 | 823.00 | MEAL | 0.00 | 80.48 |
| | | | | TIPS | 0.00 | 823.00 |

| 4.250 | 127.50 | 21.38 | 106.12 | 5063.57 | 1766.32 | 3297.25 |

ALONSO'S ESCORIAL RESTAURANT                           15734

034 02 MARIA LUISA VASQUEZ        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 08/03/95 08/09/95  15734

| REGULAR | 30.00 | 127.50 | 3475.57 | FICA | 9.75 | 328.84 |
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 11.63 | 405.29 |
| OVERTIME 2 | | 0.00 | 0.00 | TEXAS | 0.00 | 0.00 |
| TIPS | | 0.00 | 823.00 | MEAL | 0.00 | 80.48 |
| | | | | TIPS | 0.00 | 823.00 |

| 4.250 | 127.50 | 21.38 | 106.12 | 4298.57 | 1637.61 | 2660.96 |

15684

ALONSO'S ESCORIAL RESTAURANT

034 02 MARIA LUISA VASQUEZ        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 07/20/95 07/26/95  15684 **COPY**

| REGULAR | 30.00 | 127.50 | 3263.07 | FICA | 9.75 | 312.59 |
|---------|-------|--------|---------|------|------|--------|
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 11.63 | 388.41 |
| OVERTIME 2 | | 0.00 | 0.00 | TEXAS | 0.00 | 0.00 |
| TIPS | | 0.00 | 823.00 | MEAL | 0.00 | 80.48 |
| | | | | TIPS | 0.00 | 823.00 |

        4.250     127.50      21.38      106.12      4086.07     1604.48     2481.59

ALONSO'S ESCORIAL RESTAURANT                                    15550

034 02 MARIA LUISA VASQUEZ        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 06/15/95 06/21/95  15550

| REGULAR | 30.00 | 127.50 | 2625.57 | FICA | 9.75 | 263.84 |
|---------|-------|--------|---------|------|------|--------|
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 11.63 | 330.26 |
| OVERTIME 2 | | 0.00 | 0.00 | MEAL | 2.00 | 53.50 |
| TIPS | | 0.00 | 823.00 | TIPS | 0.00 | 823.00 |

        4.250     127.50      23.38      104.12      3448.57     1470.60     1977.97

ALONSO'S ESCORIAL RESTAURANT                                    15301

034 02 MARIA LUISA VASQUEZ        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 04/06/95 04/12/95  15301

| SALARY | | 100.00 | 1432.57 | FICA | 7.65 | 156.89 |
|--------|--|--------|---------|------|------|--------|
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 7.50 | 195.54 |
| OVERTIME 2 | | 0.00 | 0.00 | MEAL | 0.00 | 23.00 |
| TIPS | | 0.00 | 618.00 | TIPS | 0.00 | 618.00 |

      100.000     100.00      15.15       84.85      2050.57      993.43     1057.14

15192

ALONSO'S ESCORIAL RESTAURANT

034 02 MARIA LUISA VASQUEZ    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 03/02/95 03/08/95  15192

| REGULAR | 37.00 | 140.32 | 745.07 | FICA | 14.41 | 95.87 |
|---------|-------|--------|--------|------|-------|-------|
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 20.75 | 113.41 |
| OVERTIME 2 | | 0.00 | 0.00 | MEAL | 0.00 | 19.00 |
| TIPS | | 48.00 | 508.00 | TIPS | 48.00 | 508.00 |

2.500    188.32    83.16    105.16    1253.07    736.28    516.79

ALONSO'S ESCORIAL RESTAURANT                                      15127

034 02 MARIA LUISA VASQUEZ    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 02/16/95 02/22/95  15127

| REGULAR | 34.00 | 85.00 | 519.75 | FICA | 11.47 | 72.66 |
|---------|-------|-------|--------|------|-------|-------|
| OVERTIME 1 | | 0.00 | 0.00 | FEDERAL WH. | 15.00 | 82.91 |
| OVERTIME 2 | | 0.00 | 0.00 | MEAL | 2.00 | 17.00 |
| TIPS | | 65.00 | 430.00 | TIPS | 65.00 | 430.00 |

2.500    150.00    93.47    56.53    949.75    602.57    347.18

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504                                   13716

Emp #: 34      Dept: 1       Name: MARIA LUISA VASQUEZ
SS#: 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        Pay Period: 12/8/94 thru 12/14/94
Description

| Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|--------------|---------|--------------|------------|---------|--------------|
| Regular | 100.00 | 3,820.00 | FICA W/H | 6.20 | 236.84 |
| | | | Medi W/H | 1.45 | 55.39 |
| | | | Fed W/H | 7.72 | 296.36 |
| | | | Meals | 0.00 | 90.32 |
| Total Gross | 100.00 | 3,820.00 | Deductions | 15.37 | 678.91 |
| | | | Net Pay | 84.63 | 3,141.09 |

000167

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

**13670**

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
SS#: 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          Pay Period: 11/24/94 thru 11/30/94
Description

| Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 3,620.00 | FICA W/H | 6.20 | 224.44 |
| | | | Medi W/H | 1.45 | 52.49 |
| | | | Fed W/H | 7.72 | 280.92 |
| | | | Meals | 0.00 | 90.32 |
| Total Gross | 100.00 | 3,620.00 | Deductions | 15.37 | 648.17 |
| | | | Net Pay | 84.63 | 2,971.83 |

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

**13419**

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
SS#: 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          Pay Period: 9/15/94 thru 9/21/94
Description

| Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 2,620.00 | FICA W/H | 6.20 | 162.44 |
| | | | Medi W/H | 1.45 | 37.99 |
| | | | Fed W/H | 7.72 | 203.72 |
| | | | Meals | 0.00 | 83.37 |
| Total Gross | 100.00 | 2,620.00 | Deductions | 15.37 | 487.52 |
| | | | Net Pay | 84.63 | 2,132.48 |

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

**13347**

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
SS#: 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          Pay Period: 8/25/94 thru 8/31/94
Description

| Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 2,320.00 | FICA W/H | 6.20 | 143.84 |
| | | | Medi W/H | 1.45 | 33.64 |
| | | | Fed W/H | 7.72 | 180.56 |
| | | | Meals | 0.00 | 72.55 |
| Total Gross | 100.00 | 2,320.00 | Deductions | 15.37 | 430.59 |
| | | | Net Pay | 84.63 | 1,889.41 |

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

13216

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
SS#: 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          Pay Period: 7/21/94 thru 7/27/94

| Description Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 1,920.00 | FICA W/H | 6.20 | 119.04 |
|  |  |  | Medi W/H | 1.45 | 27.84 |
|  |  |  | Fed W/H | 7.72 | 149.68 |
|  |  |  | Meals | 3.36 | 60.84 |
| Total Gross | 100.00 | 1,920.00 | Deductions | 18.73 | 357.40 |
|  |  |  | Net Pay | 81.27 | 1,562.60 |

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

13089

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
SS#: 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          Pay Period: 6/16/94 thru 6/22/94

| Description Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 1,420.00 | FICA W/H | 6.20 | 88.04 |
|  |  |  | Medi W/H | 1.45 | 20.59 |
|  |  |  | Fed W/H | 7.72 | 111.08 |
|  |  |  | Meals | 0.00 | 47.32 |
| Total Gross | 100.00 | 1,420.00 | Deductions | 15.37 | 267.03 |
|  |  |  | Net Pay | 84.63 | 1,152.97 |

**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

12875

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
SS#:          Pay Period: 4/19/94 thru 4/26/94

| Description Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 620.00 | FICA W/H | 6.20 | 38.44 |
|  |  |  | Medi W/H | 1.45 | 8.99 |
|  |  |  | Fed W/H | 7.72 | 49.32 |
|  |  |  | Meals | 16.42 | 31.92 |
| Total Gross | 100.00 | 620.00 | Deductions | 31.79 | 128.67 |
|  |  |  | Net Pay | 68.21 | 491.33 |



**ALONSO'S ESCORIAL**
4501 N 10TH, MCALLEN, TX 78504

Emp #: 34          Dept: 1          Name: MARIA LUISA VASQUEZ
 SS#:                          Pay Period: 3/25/94 thru 3/31/94
Description

| Hr/Unit Rate | Current | Year-To-Date | Description | Current | Year-To-Date |
|---|---|---|---|---|---|
| Regular | 100.00 | 220.00 | FICA W/H | 6.20 | 13.64 |
| | | | Medi W/H | 1.45 | 3.19 |
| | | | Fed W/H | 7.72 | 18.44 |
| Total Gross | 100.00 | 220.00 | Deductions | 15.37 | 35.27 |
| | | | Net Pay | 84.63 | 184.73 |

COPY

12755

**116   JOSE F. ALONSO**

CHECK #:            10670
CHECK DATE: 7/17/92
PERIOD END: 7/16/92

EMPLOYEE: 1047   MARIA L VASQUEZ      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

```
*******************INCOME*******************      *********DEDUCTIONS*********
TYPE            RATE    QTY    AMOUNT   YTD AMT     TYPE             AMOUNT   YTD AMT
REGULAR         4.25   2.50    10.62  3241.58      MEALS            10.00    159.91
TIPS           60.00   1.00    60.00    60.00      UNIFORM                    10.00
REGULAR 2       2.25  40.00    90.00   223.87      TIPS             60.00     60.00
                                                   FICA DEDUCT      12.29    269.71
                                                   FED DEDUCT        0.00      0.00


TOTALS                        160.62  3525.45                       82.29    530.62
NET PAY:  78.33
```

**116   JOSE F. ALONSO**

CHECK #:            10612
CHECK DATE: 6/26/92
PERIOD END: 6/25/92

EMPLOYEE: 1047   MARIA L VASQUEZ      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

```
*******************INCOME*******************      *********DEDUCTIONS*********
TYPE            RATE    QTY    AMOUNT   YTD AMT     TYPE             AMOUNT   YTD AMT
REGULAR         4.25  26.25   111.56  3115.68      MEALS            13.00    159.91
                                                   UNIFORM                    10.00
                                                   FICA DEDUCT       8.53    238.36
                                                   FED DEDUCT        0.00      0.00


TOTALS                        111.56  3115.68                       21.53    408.27
NET PAY:  90.03
```

**116   JOSE F. ALONSO**

CHECK #:            10591
CHECK DATE: 6/19/92
PERIOD END: 6/18/92

EMPLOYEE: 1047   MARIA L VASQUEZ      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

```
*******************INCOME*******************      *********DEDUCTIONS*********
TYPE            RATE    QTY    AMOUNT   YTD AMT     TYPE             AMOUNT   YTD AMT
REGULAR         4.25  27.00   114.75  3004.12      MEALS             3.25    146.91
                                                   UNIFORM                    10.00
                                                   FICA DEDUCT       8.78    229.83
                                                   FED DEDUCT        0.00      0.00


TOTALS                        114.75  3004.12                       12.03    386.74
NET PAY:  102.72
```

000171

**116   JOSE F. ALONSO**

CHECK #:        10571
CHECK DATE: 6/12/92
PERIOD END: 6/11/92

EMPLOYEE: 1047   MARIA L VASQUEZ      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

```
*******************INCOME*******************
TYPE          RATE    QTY    AMOUNT   YTD AMT
REGULAR       4.25   39.75   168.94  2889.37
```

```
*********DEDUCTIONS*********
TYPE              AMOUNT    YTD AMT
MEALS              10.22     143.66
UNIFORM                      10.00
FICA DEDUCT        12.92     221.05
FED DEDUCT          0.00       0.00
```

| | | | | |
|---|---|---|---|---|
| TOTALS | | | 168.94 | 2889.37 |
| NET PAY: | 145.80 | | | |

| | |
|---|---|
| 23.14 | 374.71 |

---

**·116   JOSE F. ALONSO**

CHECK #:        10549
CHECK DATE: 6/05/92
PERIOD END: 6/04/92

EMPLOYEE: 1047   MARIA L VASQUEZ      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

```
*******************INCOME*******************
TYPE          RATE    QTY    AMOUNT   YTD AMT
REGULAR       4.25   32.75   139.19  2720.43
```

```
*********DEDUCTIONS*********
TYPE              AMOUNT    YTD AMT
MEALS               3.16     133.44
UNIFORM                      10.00
FICA DEDUCT        10.65     208.13
FED DEDUCT          0.00       0.00
```

| | | | | |
|---|---|---|---|---|
| TOTALS | | | 139.19 | 2720.43 |
| ЭT PAY: | 125.38 | | | |

| | |
|---|---|
| 13.81 | 351.57 |

---

**116   JOSE F. ALONSO**

CHECK #:        10505
CHECK DATE: 5/22/92
PERIOD END: 5/21/92

EMPLOYEE: 1047   MARIA L VASQUEZ      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

```
*******************INCOME*******************
TYPE          RATE    QTY    AMOUNT   YTD AMT
REGULAR       4.25   36.50   155.12  2422.93
```

```
*********DEDUCTIONS*********
TYPE              AMOUNT    YTD AMT
MEALS               3.00     118.28
UNIFORM                      10.00
FICA DEDUCT        11.87     185.37
FED DEDUCT          0.00       0.00
```

| | | | | |
|---|---|---|---|---|
| TOTALS | | | 155.12 | 2422.93 |
| NET PAY: | 140.25 | | | |

| | |
|---|---|
| 14.87 | 313.65 |

116    JOSE F. ALONSO

CHECK #:        10462
CHECK DATE: 5/08/92
PERIOD END: 5/07/92

EMPLOYEE: 1047   MARIA L VASQUEZ       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

```
*****************INCOME*****************    *********DEDUCTIONS**********
TYPE          RATE    QTY   AMOUNT   YTD AMT    TYPE           AMOUNT    YTD AMT
REGULAR       4.25   40.00  170.00  2097.81    MEALS            5.17     110.28
                                               UNIFORM                   10.00
                                               FICA DEDUCT     13.01     160.49
                                               FED W/H          0.00      0.00
```

TOTALS                    170.00  2097.81                      18.18     280.77
NET PAY:   151.82

116    JOSE F. ALONSO

CHECK #:        10441
CHECK DATE: 5/01/92
PERIOD END: 5/01/92

EMPLOYEE: 1047   MARIA L VASQUEZ       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

```
*****************INCOME*****************    *********DEDUCTIONS**********
TYPE          RATE    QTY   AMOUNT   YTD AMT    TYPE           AMOUNT    YTD AMT
REGULAR       4.25   40.00  170.00  1927.81    MEALS                    105.11
                                               UNIFORM                   10.00
                                               FICA DEDUCT     13.01     147.48
                                               FED W/H          0.00      0.00
```

TOTALS                    170.00  1927.81                      13.01     262.59
NET PAY:   156.99

116    JOSE F. ALONSO

CHECK #:        10353
CHECK DATE: 4/03/92
PERIOD END: 4/02/92

EMPLOYEE: 1047   MARIA L VASQUEZ       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

```
*****************INCOME*****************    *********DEDUCTIONS**********
TYPE          RATE    QTY   AMOUNT   YTD AMT    TYPE           AMOUNT    YTD AMT
REGULAR       4.25   21.50   91.38  1311.13    MEALS                     86.11
                                               UNIFORM                   10.00
                                               FICA DEDUCT      6.99     100.30
                                               FED W/H          0.00      0.00
```

TOTALS                     91.38  1311.13                       6.99     196.41
NET PAY:    84.39

000173

**116   JOSE F. ALONSO**

EMPLOYEE: 1047   MARIA L VASQUEZ       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

CHECK #:          10287
CHECK DATE: 3/13/92
PERIOD END: 3/12/92

*******************INCOME*******************

| TYPE | RATE | QTY | AMOUNT | YTD AMT |
|------|------|-----|--------|---------|
| REGULAR | 4.25 | 23.50 | 99.88 | 1064.63 |

*********DEDUCTIONS*********

| TYPE | AMOUNT | YTD AMT |
|------|--------|---------|
| MEALS | 5.00 | 76.11 |
| UNIFORM | | 10.00 |
| FICA DEDUCT | 7.64 | 81.44 |
| FED W/H | 0.00 | 0.00 |

TOTALS                    99.88   1064.63                12.64    167.55
NET PAY:  87.24

---

**116   JOSE F. ALONSO**

EMPLOYEE: 1047   MARIA L VASQUEZ       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

CHECK #:          10309
CHECK DATE: 3/20/92
PERIOD END: 3/19/92

*******************INCOME*******************

| TYPE | RATE | QTY | AMOUNT | YTD AMT |
|------|------|-----|--------|---------|
| REGULAR | 4.25 | 21.25 | 90.31 | 1154.94 |

*********DEDUCTIONS*********

| TYPE | AMOUNT | YTD AMT |
|------|--------|---------|
| MEALS | 5.00 | 81.11 |
| UNIFORM | | 10.00 |
| FICA DEDUCT | 6.91 | 88.35 |
| FED W/H | 0.00 | 0.00 |

TOTALS                    90.31   1154.94                11.91    179.46
NET PAY:  78.40

---

**116   JOSE F. ALONSO**

EMPLOYEE: 1047   MARIA L VASQUEZ       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

CHECK #:          10265
CHECK DATE: 3/06/92
PERIOD END: 3/05/92

*******************INCOME*******************

| TYPE | RATE | QTY | AMOUNT | YTD AMT |
|------|------|-----|--------|---------|
| REGULAR | 4.25 | 20.25 | 86.06 | 964.75 |

*********DEDUCTIONS*********

| TYPE | AMOUNT | YTD AMT |
|------|--------|---------|
| MEALS | 15.00 | 71.11 |
| UNIFORM | | 10.00 |
| FICA DEDUCT | 6.58 | 73.80 |
| FED W/H | 0.00 | 0.00 |

TOTALS                    86.06   964.75                 21.58    154.91
NET PAY:  64.48

**116   JOSE F. ALONSO**

EMPLOYEE: 1047   MARIA L VASQUEZ   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

CHECK #:        10243
CHECK DATE: 2/28/92
PERIOD END: 2/28/92

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*INCOME\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*       \*\*\*\*\*\*\*\*\*DEDUCTIONS\*\*\*\*\*\*\*\*\*\*

| TYPE | RATE | QTY | AMOUNT | YTD AMT | TYPE | AMOUNT | YTD AMT |
|------|------|-----|--------|---------|------|--------|---------|
| REGULAR | 4.25 | 31.25 | 132.81 | 878.69 | MEALS | 10.00 | 56.11 |
| | | | | | UNIFORM | | 10.00 |
| | | | | | FICA DEDUCT | 10.16 | 67.22 |
| | | | | | FED W/H | 0.00 | 0.00 |

TOTALS                    132.81    878.69                    20.16    133.33
NET PAY:  112.65

---

**116   JOSE F. ALONSO**

EMPLOYEE: 1047   MARIA L VASQUEZ   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

CHECK #:        10219
CHECK DATE: 2/21/92
PERIOD END: 2/20/92

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*INCOME\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*       \*\*\*\*\*\*\*\*\*DEDUCTIONS\*\*\*\*\*\*\*\*\*\*

| TYPE | RATE | QTY | AMOUNT | YTD AMT | TYPE | AMOUNT | YTD AMT |
|------|------|-----|--------|---------|------|--------|---------|
| REGULAR | 4.25 | 9.50 | 40.38 | 745.88 | MEALS | 3.00 | 46.11 |
| | | | | | UNIFORM | | 10.00 |
| | | | | | FICA DEDUCT | 3.09 | 57.06 |
| | | | | | FED W/H | 0.00 | 0.00 |

TOTALS                    40.38    745.88                    6.09    113.17
NET PAY:  34.29

---

**116   JOSE F. ALONSO**

EMPLOYEE: 1047   MARIA L VASQUEZ   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

CHECK #:        10151
CHECK DATE: 1/31/92
PERIOD END: 1/31/92

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*INCOME\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*       \*\*\*\*\*\*\*\*\*DEDUCTIONS\*\*\*\*\*\*\*\*\*\*

| TYPE | RATE | QTY | AMOUNT | YTD AMT | TYPE | AMOUNT | YTD AMT |
|------|------|-----|--------|---------|------|--------|---------|
| REGULAR | 4.25 | 20.50 | 87.12 | 425.00 | MEALS | | 28.66 |
| | | | | | UNIFORM | 5.00 | 10.00 |
| | | | | | FICA DEDUCT | 6.66 | 32.51 |

TOTALS                    87.12    425.00                    11.66    71.17
NET PAY:  75.46

000175



```
  116   JOSE F. ALONSO                           CHECK #:        10128
                                                 CHECK DATE: 1/24/92
EMPLOYEE: 1047   MARIA L VASQUEZ      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  PERIOD END: 1/23/92

*******************INCOME*******************   *********DEDUCTIONS*********
TYPE           RATE   QTY   AMOUNT   YTD AMT   TYPE           AMOUNT  YTD AMT
REGULAR        4.25  23.50   99.88   337.88    MEALS           15.00   28.66
                                               UNIFORM                  5.00
                                               FICA DEDUCT      7.64   25.85




TOTALS                       99.88   337.88                    22.64   59.51
NET PAY:   77.24
```

| SOC SEC # | 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 | MAR-ITAL | M | PRDS /YR | 26 | EXTRA W H | .00 | DEPEN-DENTS | 3 | START DATE | 03/10/91 | DEPART-MENT # | 000002 |

| PERIOD | 05/14/91 - 05/27/91 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 000031 |

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 45.95 | 174.61 | | 1-A/R 72.34 | FED. W/H | GROSS 1199.71 |
| | | | | | F.I.C.A. 13.35 | FED W/H |
| | | | | | | F.I.C.A. 91.73 |
| | | | | | | |
| | | | | | | CHECK NUMBER 000306 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | | NET PAY |
|---|---|---|---|---|---|
| 45.95** | 174.61** | 3.8000 | .0000 | | 88.92 |

| SOC SEC # | 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 | MAR-ITAL | M | PRDS /YR | 26 | EXTRA W H | .00 | DEPEN-DENTS | 3 | START DATE | 03/10/91 | DEPART-MENT # | 000002 |

| PERIOD | 04/02/91 - 04/15/91 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 000031 |

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 70.60 | 268.28 | | 1-A/R 86.15 | FED. W/H | GROSS 435.94 |
| | | | | | F.I.C.A. 20.53 | FED W/H |
| | | | | | | F.I.C.A. 33.35 |
| | | | | | | |
| | | | | | | CHECK NUMBER 000243 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | | NET PAY |
|---|---|---|---|---|---|
| 70.60** | 268.28** | 3.8000 | .0000 | | 161.60 |

| SOC SEC # | 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 | MAR-ITAL | M | PRDS /YR | 26 | EXTRA W H | .00 | DEPEN-DENTS | 3 | START DATE | 03/10/91 | DEPART-MENT # | 000002 |

| PERIOD | 04/16/91 - 04/29/91 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 000031 |

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 66.03 | 250.91 | | 1-A/R 71.20 | FED. W/H | GROSS 686.85 |
| | | | | | F.I.C.A. 19.19 | FED W/H |
| | | | | | | F.I.C.A. 52.54 |
| | | | | | | |
| | | | | | | CHECK NUMBER 000264 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | | NET PAY |
|---|---|---|---|---|---|
| 66.03** | 250.91** | 3.8000 | .0000 | | 160.52 |

000177

| SEC # | 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 | MAR-ITAL | M | PRDS/YR | 26 | EXTRA W/H | | DEPEN-DENTS | 3 | START DATE | 03/10/91 | DEPART-MENT # | 000002 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| PERIOD | 04/30/91 - 05/13/91 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 000031 |
|---|---|---|---|---|---|

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 90.17 | 307.65 | | 1-A/R 100.17 | FED. W/H | GROSS 1024.50 |
| | | | | | F.I.C.A. 25.84 | FED W/H |
| | | | | | | F.I.C.A. 78.38 |
| | | | | 4-TIPS 30.00 | | |
| 4-TIPS | .00 | 30.00 | 30.00 | | | CHECK NUMBER 000286 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | | NET PAY |
|---|---|---|---|---|---|
| 90.17** | 337.65** | 3.6000 | .0000 | | 181.34 |

| SOC SEC # | 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 | MAR-ITAL | M | PRDS/YR | 26 | EXTRA W/H | .00 | DEPEN-DENTS | 3 | START DATE | 03/10/91 | DEPART-MENT # | 000002 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| PERIOD | 03/19/91 - 04/01/91 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 000031 |
|---|---|---|---|---|---|

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 44.12 | 167.66 | | 1-A/R 154.84 | FED. W/H | GROSS 167.66 |
| | | | | | F.I.C.A. 12.82 | FED W/H |
| | | | | | | F.I.C.A. 12.82 |

*handwritten notes in left margin: "630-P-90  Mark yes  para Daniela Nina  Maria Reynosa California"*

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | | NET PAY |
|---|---|---|---|---|---|
| 44.12** | 167.66** | 3.8000 | .0000 | | .00 |

CHECK NUMBER 000221

| SOC SEC # | 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 | MAR-ITAL | M | PRDS/YR | 52 | EXTRA W/H | .00 | DEPEN-DENTS | 1 | START DATE | 04/12/90 | DEPART-MENT # | 000512 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| PERIOD | 04/05/90 - 04/11/90 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 032937 |
|---|---|---|---|---|---|

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 14.80 | 56.24 | | | FED. W/H | GROSS 56.24 |
| | | | | | F.I.C.A. 4.30 | FED W/H |
| | | | | | | F.I.C.A. 4.30 |

CHECK NUMBER 000638

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | | NET PAY |
|---|---|---|---|---|---|
| 14.80** | 56.24** | 3.8000 | .0000 | | 51.94 |

000178

| SOC SEC # | 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 | MAR ITAL | M | PRDS /YR | 52 | EXTRA W H | .00 | DEPEN- DENTS | 1 | START DATE | 04/12/90 | DEPART- MENT # | 000512 |

| PERIOD | 04/12/90 - 04/18/90 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 032937 |

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 18.50 | 70.30 | | | FED. W/H | GROSS 126.54 |
| | | | | | F.I.C.A. 5.38 | FED W/H |
| | | | | | | F.I.C.A. 9.68 |
| | | | | | | |
| | | | | | | |
| | | | | | | CHECK NUMBER 000989 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | NET PAY |
|---|---|---|---|---|
| 18.50** | 70.30** | 3.8000 | .0000 | 64.92 |

| SOC SEC # | 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 | MAR ITAL | M | PRDS /YR | 52 | EXTRA W H | .00 | DEPEN- DENTS | 1 | START DATE | 04/12/90 | DEPART- MENT # | 000512 |

| PERIOD | 04/19/90 - 04/25/90 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 032937 |

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 22.17 | 84.25 | | | FED. W/H | GROSS 210.79 |
| | | | | | F.I.C.A. 6.44 | FED W/H |
| | | | | | | F.I.C.A. 16.12 |
| | | | | | | |
| | | | | | | |
| | | | | | | CHECK NUMBER 001547 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | NET PAY |
|---|---|---|---|---|
| 22.17** | 84.25** | 3.8000 | .0000 | 77.81 |

| SOC SEC # | 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 | MAR ITAL | M | PRDS /YR | 52 | EXTRA W H | .00 | DEPEN- DENTS | 1 | START DATE | 04/12/90 | DEPART- MENT # | 000512 |

| PERIOD | 04/26/90 - 05/02/90 | EMPLOYEE NAME | MARIA L VASQUEZ | EMPLOYEE NUMBER | 032937 |

| DESCRIPTION | HOURS | EARNINGS | SCHEDULED DEDUCTIONS | OTHER DEDUCTIONS | TAX DEDUCTIONS | YEAR-TO-DATE |
|---|---|---|---|---|---|---|
| REGULAR | 28.52 | 108.38 | | | FED. W/H .54 | GROSS 319.17 |
| | | | | | F.I.C.A. 8.29 | FED W/H .54 |
| | | | | | | F.I.C.A. 24.41 |
| | | | | | | |
| | | | | | | CHECK NUMBER 001944 |

| TOTAL HOURS | GROSS PAY | RATE 1 | RATE 2 | NET PAY |
|---|---|---|---|---|
| 28.52** | 108.38** | 3.8000 | .0000 | 99.55 |

000179

# B

# EMPLOYMENT RECORDS:

# MISCELLANEOUS

 **Charter Palms**
**Behavioral Health System**



January 10, 1995

Jose Fernando Alonzo
Alonzo Escorial Restaurant
4501 North 10th
McAllen, Texas 78504

Dear Mr. Alonzo:

Please accept my sincerest thanks for your assistance in making our Christmas Party a great success! I want to personally thank Maria Luisa for an excellent job in coordinating such a wonderful banquet. Maria Luisa played a big role in ensuring that our quest were provided for and she did an excellent job.

I look forward in doing business with your restaurant next year!

Sincerely,

Brenda Salinas
Administrative Assistance

cc: Maria Luisa Vasquez

1421 East Jackson Avenue / McAllen, TX 78501 / 210 - 631 - 5421 / fax  210 - 631 - 8038
Charter Palms Behavioral Health System is a subsidiary of Charter Medical Corporation

000181



C

FEDERAL INCOME

TAX RETURNS

(1994-2000)

000182

Form **1040**  U.S. Individual Income Tax Return   **2000**    IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2000, or other tax year beginning , 2000, ending    OMB No. 1545-0074

**Label**

Your first name and initial: MARIA L  Last name: VASQUEZ

Your social security number: 627-0 2937

If a joint return, spouse's first name and initial   Last name

Spouse's social security number

Use the IRS label. Otherwise, please print or type.

Home address (number and street). If you have a P.O. box, see page 18.  Apt. no.
1116 E KATHY

▲ **IMPORTANT!**
You must enter your SSN(s) above.

City, town or post office, state, and ZIP code. If you have a foreign address, see page 18.
PHARR          TX      78577-0000

**Presidential Election Campaign**  Note: Checking "Yes" will not change your tax or refund.

Do you, or your spouse if filling a joint return, want $3 to go to this fund? . . . . . . . . . ▶
You: ☐ Yes ☒ No   Spouse: ☐ Yes ☐ No

**Filing Status**

Check only one box.

1 ☐ Single
2 ☐ Married filing joint return (even if only one had income)
3 ☐ Married filing separate return. Enter spouse's SSN above and full name here. ▶
4 ☒ Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (year spouse died ▶ ).

**Exemptions**

6a ☒ Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a . . . . .

No. of boxes checked on 6a and 6b: **1**

b ☐ Spouse . . . . .

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✗ if qualifying child for child tax credit |
|---|---|---|---|
| GEIZEL K VASQUEZ | 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 | DAUGHTER | ☐ |
| MACTZIL K VASQUEZ | 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 | DAUGHTER | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |
|  |  |  | ☐ |

No. of your children on 6c who:
● lived with you **2**
● did not live with you due to divorce or separation (see page 20) **0**

Dependents on 6c not entered above **0**

If more than six dependents, see page 20.

Add numbers entered on lines above ▶ **3**

d Total number of exemptions claimed . . . . . . . . . . . . . . . .

**Income**

Attach copy B of your Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 21.

Enclose, but do not staple, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . | 7 | 5109 |
| 8a | Taxable interest. Attach Schedule B if required . . . . . | 8a | |
| b | Tax-exempt interest. DO NOT include on line 8a. . . . . . . . . . | 8b | |
| 9 | Ordinary dividends. Attach Schedule B if required. . . . . . . . | 9 | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 | Alimony received . . . . . . . . . . . . . . . . . | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ . . . . . | 12 | 7080 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 . . . . . . . . . | 14 | |
| 15a | Total IRA distributions . 15a | b Taxable amount . . . . . | 15b | |
| 16a | Total pensions and annuities 16a | b Taxable amount. . . . . . | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . . . . . | 17 | |
| 18 | Farm income or (loss). Attach Schedule F. . . . . . . . . . | 18 | |
| 19 | Unemployment compensation . . . . . . . . . . . . | 19 | |
| 20a | Social security benefits . . 20a | b Taxable amount. . . . . . | 20b | |
| 21 | Other income. List type and amount | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 12189 |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | IRA deduction. . . . . . . . . . . . . . . | 23 | |
| 24 | Student loan interest deduction . . . . . . . . | 24 | |
| 25 | Medical savings account deduction. Attach Form 8853. . . . | 25 | |
| 26 | Moving expenses. Attach Form 3903 . . . . . . . | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE . . . . | 27 | 501 |
| 28 | Self-employed health insurance deduction. . . . . . | 28 | |
| 29 | Self-employed SEP, SIMPLE, and qualified plans . . . . | 29 | |
| 30 | Penalty on early withdrawal of savings . . . . . . . | 30 | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | |
| 32 | Add lines 23 through 31a . . . . . . . . . . . . . . . . . . | 32 | 501 |
| 33 | Subtract line 32 from line 22. This is your **adjusted gross income** . . . . . . . . . . ▶ | 33 | 11688 |

JTA    For Disclosure, Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Form **1040** (2000)

000183

Form 1040 (2000)  MARIA L VAS      L                                    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        Page **2**

| | | | |
|---|---|---|---|
| **Tax and Credits** | 34 | Amount from line 33 (adjusted gross income) . . . . . . . . . . . . . . . . . . . . | 34 | 11688 |

35a Check if:  ☐ **You** were 65 or older, ☐ Blind;  ☐ **Spouse** was 65 or older, ☐ Blind.
Add the number of boxes checked above and enter the total here . . . . . ▶ 35a

b If you are married filing separately and your spouse itemizes deductions or
you were a dual-status alien, check here . . . . . . . . . . . . . . . . . ▶ 35b ☐

**Standard Deduction for Most People**

**Single:** $4,400

**Head of household:** $6,450

**Married filing jointly or Qualifying widow(er):** $7,350

**Married filing separately:** $3,675

36 Enter your **itemized deductions** from Schedule A, line 28, OR standard deduction
shown on the left. But  see page 31 to find your standard deduction if you checked
any box on line 35a or 35b or if someone can claim you as a dependent . . . . . . . . . **36** 6450

37 Subtract line 36 from line 34 . . . . . . . . . . . . . . . . . . . . . . . . . . . **37** 5238

38 If line 34 is $96,700 or less, multiply $2,800 by the total number of exemptions claimed on
line 6d. If line 34 is over $96,700 see the worksheet on page 32 for the amount to enter . . . . . . **38** 8400

39 **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- . . . . **39**

40 **Tax.** Check if any tax is from  a ☐ Form(s) 8814  b ☐ Form 4972 . . . . . **40**

41 Alternative minimum tax. Attach Form 6251 . . . . . . . . . . . . . . . . . **41**

42 Add lines 40 and 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ **42**

43 Foreign tax credit. Attach Form 1116 if required . . . . . . . | 43 |
44 Credit for child and dependent care expenses. Attach Form 2441 . . . . . . | 44 |
45 Credit for the elderly or the disabled.  Attach Schedule R . . . . . | 45 |
46 Education credits. Attach Form 8863 . . . . . . . . . . . | 46 |
47 Child tax credit . . . . . . . . . . . . . . . . . . . . | 47 |
48 Adoption credit. Attach Form 8839 . . . . . . . . . . . | 48 |
49 Other. Check if from a ☐ Form 3800     b ☐ Form 8396
c ☐ Form 8801   d ☐ Form (specify) _____ | 49 |

50 Add lines 43 through 49. These are your **total credits** . . . . . . . . . . . . **50**

51 Subtract line 50 from line 42. If line 50 is more than line 42, enter -0- . . . . . . . . ▶ **51**

| **Other Taxes** | | | | |
|---|---|---|---|---|
| | 52 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . . . . . | 52 | 1001 |
| | 53 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 . . . . | 53 | |
| | 54 | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required . . . . . . | 54 | |
| | 55 | Advance earned income credit payments from Form(s) W-2 . . . . . . . . . . | 55 | |
| | 56 | Household employment taxes. Attach Schedule H . . . . . . . . . . . . . . . | 56 | |
| | 57 | Add lines 51 through 56. This is your **total tax** . . . . . . . . . . . . . . . ▶ | 57 | 1001 |

| **Payments** | | | | |
|---|---|---|---|---|
| | 58 | Federal income tax withheld from Forms W-2 and 1099 . . . . . . . . . | 58 | 614 | |
| | 59 | 2000 estimated tax payments and amount applied from 1999 return . . . | 59 | | |

**If you have a qualifying child, attach Schedule EIC**

60a **Earned income credit.**
b Nontaxable earned income: amount . . . . . . ▶ [        ]
and type ▶ _____  |  60a  |  3888

61 Excess social security and RRTA tax withheld . . . . . . . . . . . . . . . | 61 |
62 Additional child tax credit. Attach Form 8812 . . . . . . . . . . . . | 62 |
63 Amount paid with request for extension to file . . . . . . . . . . . | 63 |
64 Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 . . . . | 64 |

65 Add lines 58, 59, 60a, and 61 through 64. These are your **total payments** . . . . . . ▶ **65** 4502

| **Refund** | | | | |
|---|---|---|---|---|
| **Have it directly deposited!** See page 50 and fill in 67b, 67c, and 67d. | 66 | If line 65 is more than line 57, subtract line 57 from line 65. This is the amount you **OVERPAID** ▶ | 66 | 3501 |
| | 67a | Amount of line 66 you want **REFUNDED TO YOU** . . . . . . . . . . . ▶ | 67a | 3501 |

▶ b Routing number [                    ]   ▶ c Type: ☐ Checking  ☐ Savings
▶ d Account number [                    ]

68 Amount of line 66 you want **APPLIED TO YOUR 2001 ESTIMATED TAX** ▶ | 68 |

| **Amount You Owe** | | | | |
|---|---|---|---|---|
| | 69 | If line 57 is more than line 65, subtract line 65 from line 57. This is the **AMOUNT YOU OWE**. For details on how to pay, see page 51 . . . . . . . . . . . . . . . . ▶ | 69 | |
| | 70 | Estimated tax penalty. Also include on line 69 . . . . . . . . . | 70 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

**Joint return?** See page 19. Keep a copy for your records.

Your signature   *Maria Luisa Vasquez*   Date 1/22/01   Your occupation GENERAL   Daytime phone number

Spouse's signature.  If a joint return, BOTH must sign.   Date   Spouse's occupation   May the IRS discuss this return with the preparer shown below? ☐ Yes ☐ No

**Paid Preparer's Use Only**

Preparer's signature   Date 1/22/2001   Check if self-employed ☒   Preparer's SSN or PTIN  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

Firm's name ( or yours if self-employed ) and address, ZIP code   MARTHAS TAX SERVICE   510 S CAGE BLVD   PHARR      TX 78577-0000   EIN 74-5362000   Phone no. (956) 781-1992

JTA

000184

Form **1040** (2000)

**Form 1040** **U.S. Individual Income Tax Return** **1999**  IRS Use Only–Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 1999, or other tax year beginning   ,1999, ending   OMB No. 1545-007

| Label | | |
|---|---|---|
| **L A B E L H E R E** | Your first name and initial MARIA L  Last name VASQUEZ | Your social security number 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 |
| | If a joint return, spouse's first name and initial  Last name | Spouse's social security number |

Use the IRS label. Otherwise, please print or type.

Home address (number and street). If you have a P.O. box, see page 18.  1116 E KATHY   Apt. no.

▲ **IMPORTANT!** ▲ You must enter your SSN(s) above.

City, town or post office, state, and ZIP code. If you have a foreign address, see page 18.  PHARR   TX   78577-0000

**Presidential Election Campaign** ▶ Do you want $3 to go to this fund? . . . . . . . . . . . . . . . | Yes | No X |  **Note:** Checking "Yes" will not change your tax or reduce your refund.
If a joint return, does your spouse want $3 to go to this fund? . . . . . . . . .

**Filing Status**

Check only one box.

1  ☐ Single
2  ☐ Married filing joint return (even if only one had income)
3  ☐ Married filing separate return. Enter spouse's SSN above and full name here. ▶
4  ☒ Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5  ☐ Qualifying widow(er) with dependent child (year spouse died ▶   ).

**Exemptions**

6a  ☒ **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a . . . . . . . . . . . . . . . . . . . . . . .  } No. of boxes checked on 6a and 6b  **1**

b  ☐ **Spouse** . . . . . . . . . . . . . . . . . . . . . . . . . . . .

c  **Dependents:**

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✗ if qualifying child for child tax credit. |
|---|---|---|---|
| GEIZEL K VASQUEZ | 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 | DAUGHTER | ☒ |
| MACTZIL K VASQUEZ | 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 | DAUGHTER | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than six dependents, see page 19.

No. of your children on 6c who:
• lived with you  **2**
• did not live with you due to divorce or separation (see page 19)  **0**
Dependents on 6c not entered above  **0**
Add numbers entered on lines above ▶  **3**

d  Total number of exemptions claimed . . . . . . . . . . . . . . . . . . . . . .

**Income**

Attach Copy B of your Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 20.

Enclose, but do not staple, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . . . . . | **7** 2075 |
| 8a | Taxable interest. Attach Schedule B if required . . . . . . . . . . | **8a** |
| b | Tax-exempt interest. DO NOT include on line 8a . . . . . . . **8b** | |
| 9 | Ordinary dividends. Attach Schedule B if required. . . . . . . . | **9** |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | **10** |
| 11 | Alimony received . . . . . . . . . . . . . . . . . . . . . . | **11** |
| 12 | Business income or (loss). Attach Schedule C or C-EZ . . . . . . | **12** 8211 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | **13** |
| 14 | Other gains or (losses). Attach Form 4797 . . . . . . . . . . . | **14** |
| 15a | Total IRA distributions . . . **15a** | b Taxable amount. . . . **15b** |
| 16a | Total pensions and annuities **16a** | b Taxable amount. . . . **16b** |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . . . . . | **17** |
| 18 | Farm income or (loss). Attach Schedule F. . . . . . . . . . . | **18** |
| 19 | Unemployment compensation . . . . . . . . . . . . . . . . | **19** |
| 20a | Social security benefits . . **20a** | b Taxable amount. . . . **20b** |
| 21 | Other income. List type and amount . . . . . . . . . . . . . | **21** |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | **22** 10286 |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | IRA deduction . . . . . . . . . . . . . . . | **23** | |
| 24 | Student loan interest deduction . . . . . . . . | **24** | |
| 25 | Medical savings account deduction. Attach Form 8853 . | **25** | |
| 26 | Moving expenses. Attach Form 3903 . . . . . . . | **26** | |
| 27 | One-half of self-employment tax. Attach Schedule SE . | **27** | 580 |
| 28 | Self-employed health insurance deduction. . . . . | **28** | |
| 29 | Keogh and self-employed SEP and SIMPLE plans . . | **29** | |
| 30 | Penalty on early withdrawal of savings . . . . . . | **30** | |
| 31a | Alimony paid  b Recipient's SSN ▶ | **31a** | |
| 32 | Add lines 23 through 31a . . . . . . . . . . . . . . . . . . . . . . | **32** | 580 |
| 33 | Subtract line 32 from line 22. This is your **adjusted gross income** . . . . . . . ▶ | **33** | 9706 |

JTA   For Disclosure, Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Form **1040** (1999)

000185

Form 1040 (1999)  MARIA L VAS( )  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  Page 2

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 34 | Amount from line 33 (adjusted gross income) . . . . . . . . . . . . . . . . . | **34** | 9706 |
| | 35a | Check if: ☐ **You** were 65 or older, ☐ Blind; ☐ **Spouse** was 65 or older, ☐ Blind. | | |
| | | Add the number of boxes checked above and enter the total here ▸ **35a** | | |
| | b | If you are married filing separately and your spouse itemizes deductions or you were a dual-status alien, check here ▸ **35b** ☐ | | |
| **Standard Deduction for Most People** | 36 | Enter your **itemized deductions** from Schedule A, line 28, OR **standard deduction** shown on the left. But see page 30 to find your standard deduction if you checked any box on line 35a or 35b or if someone can claim you as a dependent . . . . . . . . . | **36** | 6350 |
| **Single:** $4,300 | 37 | Subtract line 36 from line 34 . . . . . . . . . . . . . . . . . . . . . | **37** | 3356 |
| **Head of household:** $6,350 | 38 | If line 34 is $94,975 or less, multiply $2,750 by the total number of exemptions claimed on line 6d. If line 34 is over $94,975, see the worksheet on page 31 for the amount to enter . . . . . | **38** | 8250 |
| **Married filing jointly or Qualifying widow(er):** $7,200 | 39 | **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- | **39** | |
| | 40 | **Tax.** (see page 31). Check if any tax is from a ☐ Form(s) 8814 b ☐ Form 4972 . . . . . ▸ | **40** | |
| | 41 | Credit for child and dependent care expenses. Attach Form 2441 . . . . . . | **41** | |
| **Married filing separately:** $3,600 | 42 | Credit for the elderly or the disabled. Attach Schedule R . . . . . . | **42** | |
| | 43 | Child tax credit . . . . . . . . . . . . . . . . | **43** | |
| | 44 | Education credits. Attach Form 8863 . . . . . . . . . . | **44** | |
| | 45 | Adoption credit. Attach Form 8839 . . . . . . . . . . | **45** | |
| | 46 | Foreign tax credit. Attach Form 1116 if required . . . . . . . | **46** | |
| | 47 | Other. Check if from a ☐ Form 3800    b ☐ Form 8396 | | |
| | | c ☐ Form 8801  d ☐ Form (specify) | **47** | |
| | 48 | Add lines 41 through 47. These are your **total credits** . . . . . . . . . . . | **48** | |
| | 49 | Subtract line 48 from line 40. If line 48 is more than line 40, enter -0- . . . . . . . ▸ | **49** | |
| **Other Taxes** | 50 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . | **50** | 1160 |
| | 51 | Alternative minimum tax. Attach Form 6251 . . . . . . . . . . . . . . | **51** | |
| | 52 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 . . . | **52** | |
| | 53 | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required . . . . . | **53** | |
| | 54 | Advance earned income credit payments from Form(s) W-2 . . . . . . . . . . | **54** | |
| | 55 | Household employment taxes. Attach Schedule H . . . . . . . . . . . . . | **55** | |
| | 56 | Add lines 49 through 55. This is your **total tax** . . . . . . . . . . . . . . ▸ | **56** | 1160 |
| **Payments** | 57 | Federal income tax withheld from Forms W-2 and 1099 . . . **57** | | 10 |
| | 58 | 1999 estimated tax payments and amount applied from 1998 return . . **58** | | |
| | 59a | **Earned income credit.** Attach Schedule EIC if you have a qualifying child | | |
| | b | Nontaxable earned income: amount . . . . . . . ▸ | | |
| | | and type ▸ | **59a** | 3816 |
| | 60 | Additional child tax credit. Attach Form 8812 . . . . . . . **60** | | |
| | 61 | Amount paid with request for extension to file . . . . . . . **61** | | |
| | 62 | Excess social security and RRTA tax withheld . . . . . . **62** | | |
| | 63 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 . . . . . **63** | | |
| | 64 | Add lines 57, 58, 59a, and 60 through 63. These are your **total payments** . . . . . ▸ | **64** | 3826 |
| **Refund** Have it directly deposited! See page 48 and fill in 66b, 66c, and 66d. | 65 | If line 64 is more than line 56, subtract line 56 from line 64. This is the amount you **OVERPAID** ▸ | **65** | 2666 |
| | 66a | Amount of line 65 you want **REFUNDED TO YOU** . . . . . . . . . . . . . . ▸ | **66a** | 2666 |
| | ▸ b | Routing number [ ]    ▸ c Type: ☐ Checking    ☐ Savings | | |
| | ▸ d | Account number [ ] | | |
| | 67 | Amount of line 65 you want **APPLIED TO YOUR 2000 ESTIMATED TAX** ▸ | **67** | |
| **Amount You Owe** | 68 | If line 56 is more than line 64, subtract line 64 from line 56. This is the **AMOUNT YOU OWE.** For details on how to pay, see page 49 . . . . . . . . . . . . . . . . . . ▸ | **68** | |
| | 69 | Estimated tax penalty. Also include on line 68 . . . . **69** | | |

**Sign Here**
Joint return?
See page 18.
Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime telephone number (optional) |
|---|---|---|---|
| | | GENERAL | |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation | |

**Paid Preparer's Use Only**

| Preparer's signature ▸ | Date 1/31/2001 | Check if self-employed ☒ | Preparer's SSN or PTIN  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 |
|---|---|---|---|
| Firm's name ( or yours if self-employed) and address ▸ | VILLARREAL INCOME TAX SERVIC MARTHAS TAX SERVICE 510 S CAGE PHARR                    TX | | EIN  74-5362000 |
| | | | ZIP code  78577-0000 |

JTA

000186   Form 1040 (1999)

Form **1040A**    U.S. Individual Income Tax Return    **1998**    IRS Use Only—Do not write or staple in this space.

| Label | | |
|---|---|---|
| (See page 18.) | Your first name and initial **MARIA L** | Last name **VASQUEZ** |

**Your social security number** 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

OMB No. 1545-0085

| | |
|---|---|
| If a joint return, spouse's first name and initial | Last name |

**Spouse's social security number**

Use the IRS label.

Home address (number and street). If you have a P.O. box, see page 19.
**1116 E KATHY**    Apt. no.

Otherwise, please print or type.

City, town or post office, state, and ZIP code. If you have a foreign address, see page 19.
**PHARR    TX 78577-0000**

▲**IMPORTANT!**▲
You **must** enter your SSN(s) above.

**Presidential Election Campaign Fund** (See page 19.)

Do you want $3 to go to this fund? . . . . . . . . . . . . . . . . . . . . . .

If a joint return, does your spouse want $3 to go to this fund? . . . . . . . . . . . . . . . . . . .

| | Yes | No |
|---|---|---|
| | | X |

**Note:** Checking "Yes" will not change your tax or reduce your refund.

**Filing status**

Check only one box.

1 ☐ Single

2 ☐ Married filing joint return (even if only one had income)

3 ☐ Married filing separate return. Enter spouse's social security number above and full name here. ▶

4 ☒ Head of household (with qualifying person). (See page 20.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶

5 ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19 ). (See page 21.)

**Exemptions**

6a ☒ **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, **do not** check box 6a.

b ☐ **Spouse**

| No. of boxes checked on 6a and 6b | 1 |
|---|---|

c **Dependents:**

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✗ if qualified child for child tax credit (see page 17) |
|---|---|---|---|
| GEIZEL K VASQUEZ | 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 | DAUGHTER | ☒ |
| MACTZIL K VASQUEZ | 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 | DAUGHTER | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than seven dependents, see page 16.

No. of your children on 6c who:
● lived with you **2**
● did not live with you due to divorce or separation (see page 23) **0**

Dependents on 6c not entered above **0**

d **Total number of exemptions claimed.**

Add numbers entered on lines above **3**

**Income**

Attach Copy B of your Forms W-2 and 1099-R here.

If you did not get a W-2, see page 24.

Enclose, but do not staple, any payment.

7 Wages, salaries, tips, etc. Attach Form(s) W-2.    **7** 14366

8a Taxable interest. Attach Schedule 1 if required.    **8a**

b Tax-exempt interest. DO NOT include on line 8a.    **8b**

9 Ordinary dividends. Attach Schedule 1 if required.    **9**

10a Total IRA distributions.    **10a**    10b Taxable amount (see page 24).    **10b**

11a Total pensions and annuities.    **11a**    11b Taxable amount (see page 25).    **11b**

12 Unemployment compensation.    **12**

13a Social security benefits.    **13a**    13b Taxable amount (see page 27).    **13b**

14 Add lines 7 through 13b (far right column). This is your **total income.** ▶    **14** 14366

**Adjusted gross income**

15 IRA deduction (see page 28).    **15**

16 Student loan interest deduction (see page 28).    **16**

17 Add lines 15 and 16. These are your **total adjustments.**    **17**

18 Subtract line 17 from line 14. This is your **adjusted gross income.** If under $30,095 (under $10,030 if a child did not live with you), see the EIC instructions on page 36. ▶    **18** 14366

JTA    For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    **1998 Form 1040A**

1998 Form 1040A page 2　MARIA L　QUEZ　　　　　　　　　　　　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

| Taxable income | 19 | Enter the amount from line 18. | | | 19 | 14366 |
|---|---|---|---|---|---|---|

| | 20a | Check if: | ☐ You were 65 or older　　☐ Blind<br>☐ Spouse was 65 or older　☐ Blind | Enter number of boxes checked ▶ | 20a | |
| | b | If you are married filing separately and your spouse itemizes deductions, see page 23 and check here . . . . . . . . . . . . . . . . . ▶ | | | 20b | |
| | 21 | Enter the standard deduction for your filing status. But see page 31 if you checked any box on line 20a or 20b OR if someone can claim you as a dependent.<br>• Single – $4,250　　• Married filing jointly or Qualifying widow(er) – $7,100<br>• Head of household – $6,250　• Married filing separately – $3,550 | | | 21 | 6250 |
| | 22 | Subtract line 21 from line 19. If line 21 is more than line 19, enter -0-. | | | 22 | 8116 |
| | 23 | Multiply $2,700 by the total number of exemptions claimed on line 6d. | | | 23 | 8100 |
| | 24 | Subtract line 23 from line 22. If line 23 is more than line 22, enter -0-.<br>This is your taxable income. | | ▶ | 24 | 16 |

| Tax, credits, and payments | 25 | Find the tax on the amount on line 24 (see page 24). | | | 25 | 3 |
|---|---|---|---|---|---|---|
| | 26 | Credit for child and dependent care expenses. Attach Schedule 2. | 26 | | | |
| | 27 | Credit for the elderly or the disabled. Attach Schedule 3. | 27 | | | |
| | 28 | Child tax credit (see Page 32). | 28 | 3 | | |
| | 29 | Education credits. Attach Form 8863. | 29 | | | |
| | 30 | Adoption credit. Attach Form 8839. | 30 | | | |
| | 31 | Add lines 26 through 30. These are your total credits. | | | 31 | 3 |
| | 32 | Subtract line 31 from line 25. If line 31 is more than line 25, enter -0-. | | ▶ | 32 | |
| | 33 | Advance earned income credit payments from Forms W-2. | | | 33 | |
| | 34 | Add lines 32 and 33. This is your total tax. | | | 34 | |
| | 35 | Total Federal income tax withheld from Forms W-2 and 1099. | 35 | 124 | | |
| | 36 | 1998 estimated tax payments and amount applied from 1997 return. | 36 | | | |
| | 37a | Earned income credit. Attach Schedule EIC if you have a qualifying child. | 37a | 3311 | | |
| | b | Nontaxable earned income: amount ▶ | and type ▶ | | | |
| | 38 | Additional child tax credit. Attach Form 8812. | 38 | | | |
| | 39 | Add lines 35, 36, 37a, and 38. These are your total payments. | | | 39 | 3435 |

| Refund<br><br>Have it directly deposited! See page 43 and fill in 41b, 41c, and 41d. | 40 | If line 39 is more than line 34, subtract line 34 from line 39. This is the amount you overpaid. | | | 40 | 3435 |
|---|---|---|---|---|---|---|
| | 41a | Amount of line 40 you want refunded to you. | | | 41a | 3435 |
| | b | Routing number | | | | |
| | c | Type: ☐ Checking　☐ Savings | | | | |
| | d | Account number | | | | |
| | 42 | Amount of line 40 you want applied to your 1999 estimated tax. | 42 | | | |

| Amount you owe | 43 | If line 34 is more than line 39, subtract line 39 from line 34. This is the amount you owe. For details on how to pay, see page 44. | | | 43 | |
|---|---|---|---|---|---|---|
| | 44 | Estimated tax penalty (see page 44). | 44 | | | |

**Sign here**

Joint return? See page 19. Keep a copy of this return for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

| Your signature | *Ma Luisa Vasqez* | Date 1/15/99 | Your occupation | GENERAL |
|---|---|---|---|---|
| Spouse's signature. If a joint return, BOTH must sign. | | Date | Spouse's occupation | |

**Paid preparer's use only**

| Preparer's signature | *Martha Alvarez* | Date 1/15/1999 | Check if self-employed ☒ | Preparer's social security no. 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 |
|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address | VILLARREAL INCOME TAX SERVICES<br>MARTHAS TAX RETURN<br>510 S CAGE<br>PHARR　　　　　　　　TX | | EIN　74-5362000<br>ZIP code　78577-0000 | |

JTA

Form
**1040A**  (99)  **U.S. Individual Income Tax Return**  **1997**   IRS Use Only – Do not write or staple in this space.

OMB No. 1545-0085

**Label**   Use the IRS label. Otherwise, please print in ALL CAPITAL LETTERS.

L A B E L   H E R E

Your first name: **MARIA L**   Init.   Last name: **VASQUEZ**

Your social security number: **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**

If a joint return, spouse's first name   Init.   Last name

Spouse's social security number

Home address (number and street). If you have a P.O. box, see page 14.   Apt. no.
**1116 E KATHY**

City, town or post office. If you have a foreign address, see page 14.   State   ZIP code
**PHARR**   **TX**   **78577-0000**

For Privacy Act and Paperwork Reduction Act Notice, see page 42.

**Presidential Election Campaign Fund**   | Yes | No |
Do you want $3 to go to this fund? . . . . . . . . . . . . . . . . . . . . . . . |  | X |
If a joint return, does your spouse want $3 to go to this fund? . . . . . . . . . . . . . . . . |  |  |

Note: Checking "Yes" will not change your tax or reduce your refund.

1 ☐ Single
2 ☐ Married filing joint return (even if only one had income)
3 ☐ Married filing separate return. Enter spouse's social security number above and full name here. ▶
4 ☒ Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19  ).

6a ☒ Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a.

b ☐ Spouse

No. of boxes checked on lines 6a and 6b | **1**

c Dependents. If more than six dependents, see page 16.

| (1) First name   Last name | (2) Dependent's social security number. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1997 |
|---|---|---|---|
| GEIZEL K VASQUEZ | 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 | DAUGHTER | 12 |
| MACTZIL K VASQUEZ | 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 | DAUGHTER | 12 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

No. of your children on line 6c who:
• lived with you | **2**
• did not live with you due to divorce or separation | **0**
Dependents on 6c not entered above | **0**

d Total number of exemptions claimed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶

Add numbers entered in boxes above | **3**

| | | Dollars | Cents |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2.   **7** | | 15450 |
| 8a | Taxable interest income. Attach Schedule 1 if required.   **8a** | | |
| b | Tax-exempt interest. DO NOT include on line 8a.   **8b** | | |
| 9 | Dividends. Attach Schedule 1 if required.   **9** | | |
| 10a | Total IRA distributions.   **10a** | 10b Taxable amount.   **10b** | |
| 11a | Total pensions and annuities.   **11a** | 11b Taxable amount.   **11b** | |
| 12 | Unemployment compensation.   **12** | | |
| 13a | Social security benefits.   **13a** | 13b Taxable amount.   **13b** | |
| 14 | Add lines 7 through 13b (far right column). This is your total income.   ▶ **14** | | 15450 |
| 15 | IRA deduction.   **15** | | |
| 16 | Subtract line 15 from line 14. This is your adjusted gross income. If under $29,290 (under $9,770 if a child did not live with you), see the EIC instructions on page 27.   ▶ **16** | | 15450 |

JTA   Attach Copy B of W-2 and 1099-R here.

1997 Form 1040A

000189

MARIA L VASQUEZ                                                            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
1997 Form 1040A page 2

| | | | |
|---|---|---|---|
| 17 | Enter the amount from line 16. | 17 | 15450 |

18a Check if: ☐ You were 65 or older   ☐ Blind   ☐ Spouse was 65 or older   ☐ Blind    Enter number of boxes checked ▶ 18a ☐

b If you are married filing separately and your spouse itemizes deductions, see page 23 and check here . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ 18b ☐

| | | | |
|---|---|---|---|
| 19 | Enter the **standard deduction** for your filing status. But see page 24 if you checked any box on line 18a or 18b OR someone can claim you as a dependent.  • Single – 4,150   • Married filing jointly or Qualifying widow(er) – 6,900  • Head of household – 6,050   • Married filing separately – 3,450 | 19 | 6050 |
| 20 | Subtract line 19 from line 17. If line 19 is more than line 17, enter 0. | 20 | 9400 |
| 21 | Multiply $2,650 by the total number of exemptions claimed on line 6d. | 21 | 7950 |
| 22 | Subtract line 21 from line 20. If line 21 is more than line 20, enter 0. This is your **taxable income**. If you want the IRS to figure your tax, see page 24. ▶ | 22 | 1450 |
| 23 | Find the tax on the amount on line 22. | 23 | 219 |
| 24a | Credit for child and dependent care expenses. Attach Schedule 2.    24a | | |
| b | Credit for the elderly or the disabled. Attach Schedule 3.    24b | | |
| c | Adoption credit. Attach Form 8839.    24c | | |
| d | Add lines 24a, 24b, and 24c. These are your **total credits**. | 24d | |
| 25 | Subtract line 24d from line 23. If line 24d is more than line 23, enter 0. | 25 | 219 |
| 26 | Advance earned income credit payments from Form(s) W-2. | 26 | |
| 27 | Household employment taxes. Attach Schedule H. | 27 | |
| 28 | Add lines 25, 26, and 27. This is your total tax. ▶ | 28 | 219 |
| 29a | Total Federal income tax withheld from Forms W-2 and 1099.    29a  482 | | |
| b | 1997 estimated tax payments and amount applied from 1996 return.    29b | | |
| c | **Earned income credit**. Attach Schedule EIC if you have a qualifying child.    29c  2909 | | |
| d | Nontaxable earned income: amount ▶         and type ▶ | | |
| e | Add lines 29a, 29b, and 29c. These are your total payments. ▶ | 29e | 3391 |
| 30 | If line 29e is more than line 28, subtract line 28 from line 29e. This is the amount you overpaid. | 30 | 3172 |
| 31a | Amount of line 30 you want **refunded to you**. If you want it directly deposited, see page 33 and fill in 31b, 31c, and 31d. | 31a | 3172 |

b Routing number ☐
c Type: ☐ Checking   ☐ Savings
d Account number ☐

| | | | |
|---|---|---|---|
| 32 | Amount of line 30 you want **applied to your 1998 estimated tax**.    32 | | |
| 33 | If line 28 is more than line 29e, subtract line 29e from line 28. This is the amount you owe. For details on how to pay, see page 34. | 33 | |
| 34 | Estimated tax penalty.    34 | | |

**Sign here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

Keep a copy of this return for your records.

Your signature  _Maria Vasquez_   Date 2/12/98   Your occupation  GENERAL

Spouse's signature. If joint return, BOTH must sign.   Date   Spouse's occupation

**Paid preparer's use only**

Preparer's signature  _Delina_   Date 2/12/98   Check if self-employed ☒   Preparer's SSN  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

Firm's name (or yours if self-employed) and address
VILLARREAL INCOME
MARTHAS TAX RETURNS
524 SOUTH CAGE STE C
PHARR                    TX

EIN 74-5362000
ZIP code 78577-0000

JTA

COPY

000190

Form **1040**  **U.S. Individual Income Tax Return**  **1996** | (99) IRS Use Only---Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 1996, or other tax year beginning ,1996, ending ,19  | OMB No. 1545-0074

| Label | Your first name and initial | Last name | Your social security number |
|---|---|---|---|
| | MARIA L | VASQUEZ | 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 |
| | If a joint return, spouse's first name and initial | Last name | Spouse's social security number |

**Use the IRS label.** Otherwise, please print or type.

Home address (number and street). If you have a P.O. box, see page 11.  | Apt. no.

1116 E KATHY

City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.

PHARR          TX     78577-0000

For help finding line instructions, see pages 2 and 3 in the booklet.

Note: Checking "Yes" will not change your tax or reduce your refund.

**Presidential Election Campaign** ▶ Do you want $3 to go to this fund? . . . . . . . .  Yes [ ] No [X]
If a joint return, does your spouse want $3 to go to this fund? . . . . . .

**Filing Status**

Check only one box.

1 [ ] Single
2 [ ] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's SSN above and full name here. ▶
4 [X] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

**Exemptions**

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a . . . . . . . . . . . . .

b [ ] Spouse

| c Dependents: (1) First name    Last name | (2) Dependent's social security number. If born in Dec. 1996, see inst. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1996 |
|---|---|---|---|
| GEIZEL K VASQUEZ | 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 | DAUGHTER | 12 |
| MACTZIL K VASQUEZ | 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 | DAUGHTER | 12 |
| | | | |
| | | | |
| | | | |
| | | | |

No. of boxes checked on lines 6a and 6b  **1**

No. of your children on line 6c who:
● lived w/ you  **2**
● did not live with you due to divorce or separation (see instructions)  **0**
Dependents on 6c not entered above  **0**

**If more than six dependents, see the instructions for line 6c.**

d Total number of exemptions claimed . . . . . . . . . .  Add numbers entered on lines above ▶  **3**

**Income**

**Attach Copy B of your Forms W-2, W-2G, and 1099-R here.**

**If you did not get a W-2, see the instructions for line 7.**

**Enclose, but do not attach, any payment. Also, Please enclose Form 1040-V.**

| | | |
|---|---|---|
| 7 Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . | 7 | 6913 |
| 8a Taxable interest. Attach Schedule B if over $400 . . . . . . | 8a | |
| b Tax-exempt interest. DO NOT include on line 8a . . . | 8b | |
| 9 Dividend income. Attach Schedule B if over $400 . . . . . . | 9 | |
| 10 Taxable refunds, credits, or offsets of state and local income taxes | 10 | |
| 11 Alimony received . . . . . . . . . . . . . . . | 11 | |
| 12 Business income or (loss). Attach Schedule C or C-EZ . . . . . | 12 | 2000 |
| 13 Capital gain or (loss). If required, attach Schedule D . . . . . | 13 | |
| 14 Other gains or (losses). Attach Form 4797 . . . . . . . . | 14 | |
| 15a Total IRA distributions . 15a | b Taxable amount . . | 15b | |
| 16a Total pensions and annuities . 16a | b Taxable amount . . | 16b | |
| 17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E. | 17 | |
| 18 Farm income or (loss). Attach Schedule F . . . . . . . . | 18 | |
| 19 Unemployment compensation . . . . . . . . . . . | 19 | |
| 20a Social security benefits . 20a | b Taxable amount . . | 20b | |
| 21 Other income. List type and amount | 21 | |
| 22 Add the amounts in the far right column for lines 7 through 21. This is your **total income** . . . . . . . ▶ | 22 | 8913 |

**Adjusted Gross Income**

**If line 31 is under $28,495 (under $9,500 if a child did not live with you), see the instructions for line 54.**

| | | | |
|---|---|---|---|
| 23a Your IRA deduction . . . . . . . . | 23a | | |
| b Spouse's IRA deduction . . . . . . . | 23b | | |
| 24 Moving expenses. Attach Form 3903 or 3903-F . | 24 | | |
| 25 One-half of self-employment tax. Attach Schedule SE | 25 | 142 | |
| 26 Self-employed health insurance deduction . . | 26 | | |
| 27 Keogh & self-employed SEP plans. If SEP, check ▶ [ ] | 27 | | |
| 28 Penalty on early withdrawal of savings . . . | 28 | | |
| 29 Alimony paid. Recipient's SSN ▶ | 29 | | |
| 30 Add lines 23a through 29 . . . . . . . . . . . . . | 30 | | 142 |
| 31 Subtract line 30 from line 22. This is your **adjusted gross income** . . ▶ | 31 | | 8771 |

For Privacy Act and Paperwork Reduction Act Notice, see page 7.  Form **1040** (1996)

JTA

Form 1040 (1996)    MARIA L    QUEZ                              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              Page **2**

| | | | | | |
|---|---|---|---|---|---|
| **Tax Computation** | 32 | Amount from line 31 (adjusted gross income) . . . . . . . . . . . . . . . . | | 32 | 8771 |
| | 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here . . . . . ▶ 33a | | | |
| | b | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, check here . . . . . . . . . . . . . . . . . . . ▶ 33b ☐ | | | |
| | 34 | Enter the larger of your: [ Itemized deductions from Schedule A, line 28, OR / Standard deduction shown below for your filing status. But see the instructions if you checked any box on line 33a or b or someone can claim you as a dependent. ] ● Single - $4,000  ● Married filing jointly or Qualifying widow(er) - $6,700  ● Head of household - $5,900  ● Married filing separately - $3,350 | | 34 | 5900 |
| | 35 | Subtract line 34 from line 32 . . . . . . . . . . . . . . . . . . . . . . | | 35 | 2871 |
| If you want the IRS to figure your tax, see the instructions for line 37. | 36 | If line 32 is $88,475 or less, multiply $2,550 by the total number of exemptions claimed on line 6d. If line 32 is over $88,475, see the worksheet in the inst. for the amount to enter . | | 36 | 7650 |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- . . | | 37 | |
| | 38 | Tax. See instructions. Check if total includes any tax from  a ☐ Form(s) 8814 b ☐ Form 4972 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ | | 38 | |
| **Credits** | 39 | Credit for child and dependent care expenses. Attach Form 2441 . . . . . . . | 39 | | |
| | 40 | Credit for the elderly or the disabled. Attach Schedule R . . . . . . . . . . | 40 | | |
| | 41 | Foreign tax credit. Attach Form 1116 . . . . . . . . . . . . . . . . . . | 41 | | |
| | 42 | Other. Check if from  a ☐ Form 3800  b ☐ Form 8396  c ☐ Form 8801  d ☐ Form (specify) | 42 | | |
| | 43 | Add lines 39 through 42 . . . . . . . . . . . . . . . . . . . . . . . | | 43 | |
| | 44 | Subtract line 43 from line 38. If line 43 is more than line 38, enter -0- . . . . . | | 44 | |
| **Other Taxes** | 45 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . . . | | 45 | 283 |
| | 46 | Alternative minimum tax. Attach Form 6251 . . . . . . . . . . . . . . . | | 46 | |
| | 47 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 . | | 47 | |
| | 48 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 . . . | | 48 | |
| | 49 | Advance earned income credit payments from Form(s) W-2 . . . . . . . . . . | | 49 | |
| | 50 | Household employment taxes. Attach Schedule H . . . . . . . . . . . . . | | 50 | |
| | 51 | Add lines 44 through 50. This is your total tax . . . . . . . . . . . . . ▶ | | 51 | 283 |
| **Payments** Attach Forms W-2, W-2G, and 1099-R on page 1. | 52 | Federal income tax withheld from Forms W-2 and 1099 . . . . . . . . . . . | 52 | 676 | |
| | 53 | 1996 estimated tax payments and amount applied from 1995 return . . . . . . | 53 | | |
| | 54 | Earned Income credit. Attach Schedule EIC if you have a qualifying child. Nontaxable earned income: amount ▶ . . . . . and type ▶ | 54 | 3510 | |
| | 55 | Amount paid with Form 4868 (extension request) . . . . . . . . . . . . | 55 | | |
| | 56 | Excess social security and RRTA tax withheld . . . . . . . . . . . . . | 56 | | |
| | 57 | Other payments. Check if from  a ☐ Form 2439  b ☐ Form 4136 . . . . . . | 57 | | |
| | 58 | Add lines 52 through 57. These are your total payments . . . . . . . . . ▶ | | 58 | 4186 |
| **Refund** Have it sent directly to your bank account! See inst. and fill in 60b, c, and d. | 59 | If line 58 is more than line 51, subtract line 51 from line 58. This is the amount you OVERPAID . . . . ▶ | | 59 | 3903 |
| | 60a | Amount of line 59 you want REFUNDED TO YOU . . . . . . . . . . . . ▶ | | 60a | 3903 |
| | ▶ b | Routing number 122220593   c Type: ☒ Checking   ☐ Savings | | | |
| | ▶ d | Account number 9819627032937 | | | |
| | 61 | Amount of line 59 you want APPLIED TO YOUR 1997 ESTIMATED TAX . . . ▶ | 61 | | |
| **Amount You Owe** | 62 | If line 51 is more than line 58, subtract line 58 from line 51. This is the AMOUNT YOU OWE. For details on how to pay and use Form 1040-V, see instructions . . . . . . . . . . . . ▶ | | 62 | |
| | 63 | Estimated tax penalty. Also include on line 62 . . . . . . . . . . . | 63 | | |

**Sign Here**
Keep a copy of this return for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation |
|---|---|---|
| X *Maria Vasquez* | 2-3-97 | MANAGER |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation |

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed ☒ | Preparer's social security no. |
|---|---|---|---|
| *Alma D. Navarro* VILLARREAL INCOME TAX SER | 02/03/97 | | 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 |
| Firm's name (or yours if self-employed) and address | BEN CANTU AND ASSOCIATES | EIN | 74-2244568 |
| | 524 S CAGE SUITE C | | |
| | PHARR    TX | ZIP code | 78577-0000 |

JTA

000192

# Form 1040

**Department of the Treasury—Internal Revenue Service**

## U.S. Individual Income Tax Return (P) 1995

IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 1995, or other tax year beginning , 1995, ending , 19   OMB No. 1545-0074

**Label**
(See instructions on page 11.)

Your first name and initial: MARIA L.
Last name: Vasquez
Your social security number: 627 05 2937

**Use the IRS label.** Otherwise, please print or type.

If a joint return, spouse's first name and initial / Last name
Spouse's social security number

Home address (number and street). If you have a P.O. box, see page 11.: 2215 Quince   Apt. no.: E-14

City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.: McAllen, Texas, 78501

**For Privacy Act and Paperwork Reduction Act Notice, see page 7.**

**Presidential Election Campaign** (See page 11.)

Do you want $3 to go to this fund? — Yes [X] No
If a joint return, does your spouse want $3 to go to this fund? — Yes No

Note: Checking "Yes" will not change your tax or reduce your refund.

## Filing Status

(See page 11.)

Check only one box.

1. Single
2. Married filing joint return (even if only one had income)
3. Married filing separate return. Enter spouse's social security no. above and full name here. ▶
4. [X] Head of household (with qualifying person). (See page 12.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. Qualifying widow(er) with dependent child (year spouse died ▶ 19   ). (See page 12.)

## Exemptions

(See page 12.)

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2

b ☐ Spouse

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number. If born in 1995, see page 12. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1995 |
|---|---|---|---|
| Mozoel K. Vasquez | 631 05 2945 | daughter | 12 |
| Geizel K. Vasquez | 639 03 4573 | daughter | 12 |
| | | | |
| | | | |

If more than six dependents, see page 13.

**No. of boxes checked on 6a and 6b:** 1

**No. of your children on 6c who:**
- lived with you: 2
- didn't live with you due to divorce or separation (see page 14):
- Dependents on 6c not entered above:

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ ☐

e Total number of exemptions claimed

**Add numbers entered on lines above ▶** 3

## Income

**Attach Copy B of your Forms W-2, W-2G, and 1099-R here.**

If you did not get a W-2, see page 14.

Enclose, but do not attach, your payment and payment voucher. See page 33.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 6721 07 |
| 8a | Taxable interest income (see page 15). Attach Schedule B if over $400 | 8a | |
| b | Tax-exempt interest (see page 15). DON'T include on line 8a | 8b | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 15) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 2000 00 |
| 13 | Capital gain or (loss). If required, attach Schedule D (see page 16) | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | Total IRA distributions . 15a | b Taxable amount (see page 16) | 15b | |
| 16a | Total pensions and annuities . 16a | b Taxable amount (see page 16) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation (see page 17) | 19 | |
| 20a | Social security benefits . 20a | b Taxable amount (see page 18) | 20b | |
| 21 | Other income. List type and amount—see page 18 | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 8721 07 |

## Adjustments to Income

| | | | |
|---|---|---|---|
| 23a | Your IRA deduction (see page 19) | 23a | |
| b | Spouse's IRA deduction (see page 19) | 23b | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F | 24 | |
| 25 | One-half of self-employment tax | 25 | 141 29 |
| 26 | Self-employed health insurance deduction (see page 21) | 26 | |
| 27 | Keogh & self-employed SEP plans. If SEP, check ▶ ☐ | 27 | |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | |
| 30 | Add lines 23a through 29. These are your total adjustments ▶ | 30 | 141 29 |

## Adjusted Gross Income

31 Subtract line 30 from line 22. This is your **adjusted gross income.** If less than $26,673 and a child lived with you (less than $9,230 if a child didn't live with you), see "Earned Income Credit" on page 27 ▶ | 31 | 8579 78

Cat. No. 12599G

Form **1040** (1995)

000193

Form 1040 (1995)                                                            **Page 2**

**Tax Computation**

(See page 23.)

| | | |
|---|---|---|
| 32 | Amount from line 31 (adjusted gross income) | **32** 8579 78 |
| 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ **33a** | |
| b | If your parent (or someone else) can claim you as a dependent, check here ▶ **33b** | |
| c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 23 and check here ▶ **33c** | |
| 34 | Enter the larger of your: { Itemized deductions from Schedule A, line 28, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 23 to find your standard deduction. If you checked box 33c, your standard deduction is zero. ● Single—$3,900 ● Married filing jointly or Qualifying widow(er)—$6,550 ● Head of household—$5,750 ● Married filing separately—$3,275 } | **34** 5750 00 |
| 35 | Subtract line 34 from line 32 | **35** 2829 78 |
| 36 | If line 32 is $86,025 or less, multiply $2,500 by the total number of exemptions claimed on line 6e. If line 32 is over $86,025, see the worksheet on page 23 for the amount to enter | **36** 7500 00 |
| 37 | **Taxable income.** Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- | **37** 0 |
| 38 | Tax. Check if from a ☒ Tax Table, b ☐ Tax Rate Schedules, c ☐ Capital Gain Tax Worksheet, or d ☐ Form 8615 (see page 24). Amount from Form(s) 8814 ▶ | **38** 0 |
| 39 | Additional taxes. Check if from a ☐ Form 4970 b ☐ Form 4972 | **39** 0 |
| 40 | Add lines 38 and 39 ▶ | **40** 0 |

**Credits**

(See page 24.)

| | | | |
|---|---|---|---|
| 41 | Credit for child and dependent care expenses. Attach Form 2441 | **41** | |
| 42 | Credit for the elderly or the disabled. Attach Schedule R | **42** | |
| 43 | Foreign tax credit. Attach Form 1116 | **43** | |
| 44 | Other credits (see page 25). Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | **44** | |
| 45 | Add lines 41 through 44 | | **45** 0 |
| 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- ▶ | | **46** 0 |

**Other Taxes**

(See page 25.)

| | | |
|---|---|---|
| 47 | Self-employment tax. Attach Schedule SE | **47** 282 59 |
| 48 | Alternative minimum tax. Attach Form 6251 | **48** |
| 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | **49** |
| 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | **50** |
| 51 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 | **51** |
| 52 | Advance earned income credit payments from Form W-2 | **52** |
| 53 | Household employment taxes. Attach Schedule H | **53** |
| 54 | Add lines 46 through 53. These are your **total taxes** ▶ | **54** 282 59 |

**Payments**

Attach Forms W-2, W-2G, and 1099-R on the front.

| | | |
|---|---|---|
| 55 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☐ | **55** 626 69 |
| 56 | 1995 estimated tax payments and amount applied from 1994 return | **56** |
| 57 | Earned income credit. Attach Schedule EIC if you have a qualifying child. Nontaxable earned income: amount ▶ and type ▶ | **57** 3087 00 |
| 58 | Amount paid with Form 4868 (extension request) | **58** |
| 59 | Excess social security and RRTA tax withheld (see page 32) | **59** |
| 60 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | **60** |
| 61 | Add lines 55 through 60. These are your **total payments** ▶ | **61** 3713 69 |

**Refund or Amount You Owe**

| | | |
|---|---|---|
| 62 | If line 61 is more than line 54, subtract line 54 from line 61. This is the amount you **OVERPAID** | **62** 3431 10 |
| 63 | Amount of line 62 you want **REFUNDED TO YOU** ▶ | **63** 3431 10 |
| 64 | Amount of line 62 you want **APPLIED TO YOUR 1996 ESTIMATED TAX** ▶ | **64** |
| 65 | If line 54 is more than line 61, subtract line 61 from line 54. This is the **AMOUNT YOU OWE.** For details on how to pay and use Form 1040-V, Payment Voucher, see page 33 ▶ | **65** |
| 66 | Estimated tax penalty (see page 33). Also include on line 65 | **66** |

**Sign Here**

Keep a copy of this return for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature M ᵃ Luisa Vasquez | Date 5-30-96 | Your occupation manager + sales |
|---|---|---|
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation |

**Paid Preparer's Use Only**

| Preparer's signature ▶ | | Date | Check if self-employed ☐ | Preparer's social security no. |
|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address ▶ | | | EIN | |
| | | | ZIP code | |

♺ Printed on recycled paper                        *U.S. Government Printing Office: 1995 — 405-493/40052

Form **1040**

Department of the Treasury—Internal Revenue Service

**U.S. Individual Income Tax Return** (0) **1994**   IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 1994, or other tax year beginning _____ , 1994, ending _____ , 19 ___   OMB No. 1545-0074

**Label**
(See instructions on page 12.)
Use the IRS label. Otherwise, please print or type.

Your first name and initial: MARIA L.   Last name: Vasquez

Your social security number: 627 03 2937

If a joint return, spouse's first name and initial _____ Last name _____   Spouse's social security number

Home address (number and street). If you have a P.O. box, see page 12.: 2215 Quince   Apt. no.: E-14

City, town or post office, state, and ZIP code. If you have a foreign address, see page 12.: McAllen, Texas 78501

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.**

**Presidential Election Campaign** (See page 12.)
Do you want $3 to go to this fund? . . . . . . . . . .   Yes [ ] No [X]
If a joint return, does your spouse want $3 to go to this fund? . . .   Yes [ ] No [ ]

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 12.)
Check only one box.

1 [ ] Single
2 [ ] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's social security no. above and full name here. ▶ _____
4 [X] Head of household (with qualifying person). (See page 13.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶ _____
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ___ ). (See page 13.)

**Exemptions** (See page 13.)

If more than six dependents, see page 14.

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [ ] Spouse

| c Dependents: (1) Name (first, initial, and last name) | (2) Check if under age 1 | (3) If age 1 or older, dependent's social security number | (4) Dependent's relationship to you | (5) No. of months lived in your home in 1994 |
|---|---|---|---|---|
| Victor R. Vasquez | | 631 05 2945 | daughter | 12 |
| Gerard R. Vasquez | | 639 03 1513 | daughter | 12 |

No. of boxes checked on 6a and 6b: 1
No. of your children on 6c who:
• lived with you: 2
• didn't live with you due to divorce or separation (see page 14)
Dependents on 6c not entered above

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed

Add numbers entered on lines above ▶ 3

**Income**

Attach Copy B of your Forms W-2, W-2G, and 1099-R here.

If you did not get a W-2, see page 15.

Enclose, but do not attach, any payment with your return.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 4020 00 |
| 8a | Taxable interest income (see page 15). Attach Schedule B if over $400 | 8a | |
| b | Tax-exempt interest (see page 15). DON'T include on line 8a | 8b | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 16) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 4000 00 |
| 13 | Capital gain or (loss). If required, attach Schedule D (see page 16) | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | Total IRA distributions [15a] ___ | b Taxable amount (see page 17) | 15b | |
| 16a | Total pensions and annuities [16a] ___ | b Taxable amount (see page 17) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation (see page 18) | 19 | |
| 20a | Social security benefits [20a] ___ | b Taxable amount (see page 18) | 20b | |
| 21 | Other income. List type and amount—see page 18 | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | 8020 00 |

**Adjustments to Income**

Caution: See instructions. ▶

| | | | |
|---|---|---|---|
| 23a | Your IRA deduction (see page 19) | 23a | |
| b | Spouse's IRA deduction (see page 19) | 23b | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F | 24 | |
| 25 | One-half of self-employment tax | 25 | 282 59 |
| 26 | Self-employed health insurance deduction (see page 21) | 26 | |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 | |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ _____ | 29 | |
| 30 | Add lines 23a through 29. These are your **total adjustments** ▶ | 30 | 282 59 |

**Adjusted Gross Income**

31 Subtract line 30 from line 22. This is your **adjusted gross income**. If less than $25,296 and a child lived with you (less than $9,000 if a child didn't live with you), see "Earned Income Credit" on page 27 ▶   31   7737 41

Cat. No. 11320B

Form **1040** (1994)

000195

Form 1040 (1994)                                                                                       Page 2

| | | | |
|---|---|---|---|
| **Tax Computation** | 32 | Amount from line 31 (adjusted gross income) . . . . . . . . . . | **32** 7737 41 |

(See page 23.)

33a Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind.
Add the number of boxes checked above and enter the total here . . ▶ 33a ☐

b If your parent (or someone else) can claim you as a dependent, check here . . ▶ 33b ☐

c If you are married filing separately and your spouse itemizes deductions or
you are a dual-status alien, see page 23 and check here . . . . . . ▶ 33c ☐

34 Enter the larger of your:
{ Itemized deductions from Schedule A, line 29, OR
Standard deduction shown below for your filing status. But if you checked
any box on line 33a or b, go to page 23 to find your standard deduction.
If you checked box 33c, your standard deduction is zero.
● Single—$3,800          ● Head of household—$5,600
● Married filing jointly or Qualifying widow(er)—$6,350
● Married filing separately—$3,175 }     **34** 5600 00

35 Subtract line 34 from line 32 . . . . . . . . . . . .  **35** 2137 41

36 If line 32 is $83,850 or less, multiply $2,450 by the total number of exemptions claimed on
line 6e. If line 32 is over $83,850, see the worksheet on page 24 for the amount to enter .  **36** 7350 00

If you want the IRS to figure your tax, see page 24.

37 Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0-  **37** -0-

38 Tax. Check if from a ☐ Tax Table, b ☐ Tax Rate Schedules, c ☐ Capital Gain Tax Worksheet, or d ☐ Form 8615 (see page 24). Amount from Form(s) 8814 ▶  **38** -0-

39 Additional taxes. Check if from   a ☐ Form 4970 b ☐ Form 4972 . . . .  **39** -0-

40 Add lines 38 and 39 . . . . . . . . . . . . . . . ▶  **40** -0-

**Credits**

(See page 24.)

41 Credit for child and dependent care expenses. Attach Form 2441  **41**

42 Credit for the elderly or the disabled. Attach Schedule R .  **42**

43 Foreign tax credit. Attach Form 1116 . . . . . .  **43**

44 Other credits (see page 25). Check if from a ☐ Form 3800
b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify)  **44**

45 Add lines 41 through 44 . . . . . . . . . . . . .  **45** -0-

46 Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- . . ▶  **46** -0-

**Other Taxes**

(See page 25.)

47 Self-employment tax. Attach Schedule SE . . . . . . . .  **47** 565 18

48 Alternative minimum tax. Attach Form 6251 . . . . . . .  **48**

49 Recapture taxes. Check if from   a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828  **49**

50 Social security and Medicare tax on tip income not reported to employer. Attach Form 4137  **50**

51 Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 .  **51**

52 Advance earned income credit payments from Form W-2 . . . .  **52**

53 Add lines 46 through 52. This is your total tax . . . . . . ▶  **53** 565 18

**Payments**

Attach Forms W-2, W-2G, and 1099-R on the front.

54 Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☐  **54** 311 80

55 1994 estimated tax payments and amount applied from 1993 return .  **55**

56 Earned income credit. If required, attach Schedule EIC (see page 27). Nontaxable earned income: amount ▶ and type ▶ ...............  **56** 2318 00

57 Amount paid with Form 4868 (extension request) . . . .  **57**

58 Excess social security and RRTA tax withheld (see page 32) .  **58**

59 Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136  **59**

60 Add lines 54 through 59. These are your total payments . . . ▶  **60** 2629 80

**Refund or Amount You Owe**

61 If line 60 is more than line 53, subtract line 53 from line 60. This is the amount you OVERPAID. ▶  **61** 2064 62

62 Amount of line 61 you want REFUNDED TO YOU. . . . . . ▶  **62** 2064 62

63 Amount of line 61 you want APPLIED TO YOUR 1995 ESTIMATED TAX ▶  63

64 If line 53 is more than line 60, subtract line 60 from line 53. This is the AMOUNT YOU OWE.
For details on how to pay, including what to write on your payment, see page 32 .  **64**

65 Estimated tax penalty (see page 33). Also include on line 64  **65**

**Sign Here**

Keep a copy of this return for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature ▶ *Ma Luisa Vasquez*   Date 5-30-96   Your occupation *manager + sales*

Spouse's signature. If a joint return, BOTH must sign.   Date   Spouse's occupation

**Paid Preparer's Use Only**

Preparer's signature ▶   Date   Check if self-employed ☐   Preparer's social security no.

Firm's name (or yours if self-employed) and address ▶   E.I. No.   ZIP code

✿ Printed on recycled paper

000196



D

RENT RECORDS

RECEIPTS

(1990, 1991)

000197

| DATE | NAME | | RECEIPT NO. | UNIT NO. | | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|---|-------------|----------|---|---|-------------------|-------------|
| 11-27-91 | Maria L. L. guy | | 2458 | D-23 | 836.00 | .00 | 1000.00 | 370.00 |

2458 ℂ

**MCALLEN MANOR APARTMENTS**
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

*184.00*
*for December*

FOR MONTH OF.... Oct / Nov / Dec —     SIGNATURE ..... Blaxililsyn

Form WRR-1                          **RENT RECEIPT**

| DATE | NAME | | RECEIPT NO. | UNIT NO. | | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|---|-------------|----------|---|---|-------------------|-------------|
| 10-18-91 | Maria J Vasquez | | 2405 | D-23 | 718.00 | L.C. 29.00 | 325.00 | 422.00 |

2405

**MCALLEN MANOR APARTMENTS**
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

*68.00 Sept*
*354.00 Oct*

FOR MONTH OF.... Sept         SIGNATURE ..... Bla (7)

Form WRR-1                          **RENT RECEIPT**

| DATE | NAME | | RECEIPT NO. | UNIT NO. | | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|---|-------------|----------|---|---|-------------------|-------------|
| 9-11-91 | Maria | | 2352 | D-23 | 706.00 | L.C. 58.00 | 400.00 | 364.00 |

2352

**MCALLEN MANOR APARTMENTS**
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

FOR MONTH OF.... Aug         SIGNATURE ..... Blan left

Form WRR-1                          **RENT RECEIPT**

| DATE | NAME | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|-------------|----------|---|------------------|-------------|
| 7-31 | Marie L Vargas | 2239 | D 23 | 323 | 300 | 623 |

**2239**

### MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

*C-64019-10-95*

*COPY*

FOR MONTH OF ..... July ..... SIGNATURE ..... Blen Li

Form WRR-1                    **RENT RECEIPT**

| DATE | NAME | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|-------------|----------|---|------------------|-------------|
| 7-8-91 | Marie L Vargas | 2227 | D 23 | 623.00 | 300 00 | 323 00 |

**2227**

### MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

*C-64019-10-95*

FOR MONTH OF ..... May / June ..... SIGNATURE ..... Blen L R

Form WRR-1                    **RENT RECEIPT**

| DATE | NAME | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|-------------|----------|---|------------------|-------------|
| 6-21-91 | Marie L Vargas | 2184 | D 23 | 425.00 | 100 00 | 325 00 |

**2184**

### MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

*C-64019-10-90*

FOR MONTH OF ..... May ..... SIGNATURE ..... Blen L R

Form WRR-1                    **RENT RECEIPT**

000199

| DATE | NAME | | RECEIPT NO. | UNIT NO. | | | PAYMENT RECEIVED | NEW BALANCE |
|---|---|---|---|---|---|---|---|---|
| 5-14-91 | William L. b | uy | 2122 | D23 | 322.00 | | 200 00 | 122 00 |

**2122**

## MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

*COPY*

FOR MONTH OF.... May          SIGNATURE....

Form WRR-1                    **RENT RECEIPT**

| DATE | NAME | | RECEIPT NO. | UNIT NO. | | | PAYMENT RECEIVED | NEW BALANCE |
|---|---|---|---|---|---|---|---|---|
| 4-9-91 | Maria L Vasquez | | 2057 | D23 | 596.00 | 29.00 | 300 00 | 325 00 |

**2057**

## MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

27.00 May
298.00 April

FOR MONTH OF.... March          SIGNATURE....

Form WRR-1                    **RENT RECEIPT**

| DATE | NAME | | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| 1-18-91 | Maria L Vasquez | | 1870 | D23 | 3.00 | 3 00 | -0- |

**1870**

## MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

FOR MONTH OF.... Jan          SIGNATURE....

Form WRR-1                    **RENT RECEIPT**

000200

| DATE | NAME | | | RECEIPT NO. | UNIT NO. | | | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|--|--|-------------|----------|--|--|--|------------------|-------------|
| 1-9-91 | March L | | | 1855 | D-23 | 394.00 | 50 | | 420.00 | 3.00 |

1855

## MCALLEN MANOR APARTMENTS
### 2215 QUINCE
### MCALLEN, TEXAS 78501
### 512-682-5051

C-84019-10-88

FOR MONTH OF. Nov/Dec          SIGNATURE. Bla—W Gy

Form WR3-1                        **RENT RECEIPT**

COPY

| DATE | NAME | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|-------------|----------|--|------------------|-------------|
| 12-4-90 | Maria L Vazquey | 1800 | D-23 | 296.0 | 200 00 | 96 00 |

**1800**

COPY

### MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

FOR MONTH OF . . . . . . Dec . . . . . .          SIGNATURE . . . . Blanca G

Form WRR-1                    **RENT RECEIPT**

| DATE | NAME | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|-------------|----------|--|------------------|-------------|
| 11-5-90 | Maria L Vazquey | 1734 | D-23 | 298.00 | 300 00 | 22 00 |

**1734**

### MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

FOR MONTH OF . . . . . . Nov . . . . . .          SIGNATURE . . . . Blanca G

Form WRR-1                    **RENT RECEIPT**

| DATE | NAME | RECEIPT NO. | UNIT NO. | | PAYMENT RECEIVED | NEW BALANCE |
|------|------|-------------|----------|--|------------------|-------------|
| 9-4-90 | Maria L. Vazquey | 1567 | D-23 | 298.00 | 298 00 | -0- |

**1567**

### MCALLEN MANOR APARTMENTS
2215 QUINCE
MCALLEN, TEXAS 78501
512-682-5051

FOR MONTH OF . . . . . . Sept. . . . . .          SIGNATURE . . Blanca C Gay

Form WRR-1                    **RENT RECEIPT**

**000202**



000203



# HOUSING AUTHORITY

2301 JASMINE AVENUE
McALLEN, TEXAS 78501

CAROL ANN ROBERTS
EXECUTIVE DIRECTOR

*of the City of* **McALLEN**

HAP# *13-2  102*                    Date: *10-3-95*

Dear: *Maria L. Vasquez*

    We are in the process of re-examining families participating
in the Section 8-Leased Housing Program. According to our records,
your re-evaluation must be completed this month in order to conform
with Federal Law, and to enable you to continue in the program.

    An appointment has been made for you at the Section 8 office,
located at 2301 Jasmine, on __*10-11-95*__ at *8:30 a.m.*
(a.m./p.m.). At this time please bring proof of income for all
working members of your family, such as payroll receipts or W-2
Income Tax Forms. Persons receiving Social Security or Welfare
should request in advance a letter from the agency to verify the
amount they receive. Also please bring proof of any medical
expenses, doctor or hospital bills. (Elderly, Handicapped or disabled
only)

    A time and date will be scheduled for an inspection of your
housing unit to determine if it continues to meet Standard conditions.
The inspection will be made by the Housing Authority inspector.

    In the event that the appointments are not convenient for you,
please notify this office so that another appointment may be arranged.
It is most important that all the documents and inspection be completed
this month so that you may continue to live in your present housing unit
under this program.

                Sincerely yours,

        *Veronica Garza by Anselma Basalo*
        Housing Authority of the City of
        McAllen, Texas
        Section 8-Leased Housing Program

**000204**

RETAMA VILLAGE                    SECTION 8, LEASED HOUSING PROGRAM                    VINE TERRACE



# F

# REAL ESTATE (HOUSE) DEED & PAYMENT HISTORY RECORDS

00020

# HOUSE FOR SALE

## 1116 E. KATHY ST., PHARR, TEXAS



NEWLY REMODELED 3 BEDROOM, 1 FULL AND 1 HALF BATH, BRICK HOME IN
IN ATTRACTIVE NEIGHBORHOOD.   CENTRAL AIR CONDITIONING/HEAT.
CARPET & VINYL THROUGHOUT.   LOT SIZE 63 X 135.   FENCED BACK YARD.
FRESHLY PAINTED INSIDE AND OUT.   NEWLY SHINGLED ROOF.
FIVE CEILING FANS.   SECURITY BARS.

## SALE PRICE:
## $58,500

### OWNER FINANCING AVAILABLE

PRINCIPAL & INTEREST
=========MONTHLY PAYMENTS=========

| DOWN: | LOAN AMT | INT RATE | 120 | 180 | 240 |
|---|---|---|---|---|---|
| $3,000 | 55500 | 10.0% | 733.44 | 596.41 | 535.59 |
| $4,000 | 54500 | 10.0% | 720.22 | 585.66 | 525.94 |
| $5,000 | 53500 | 10.0% | 707.01 | 574.91 | 516.29 |
| $6,000 | 52500 | 10.0% | 693.79 | 564.17 | 506.64 |
| $7,000 | 51500 | 10.0% | 680.58 | 553.42 | 496.99 |
| $8,000 | 50500 | 10.0% | 667.36 | 542.68 | 487.34 |
| $9,000 | 49500 | 10.0% | 654.15 | 531.93 | 477.69 |
| $10,000 | 48500 | 10.0% | 640.93 | 521.18 | 468.04 |

Your principal and interest payment would be at the intersecting line of your down payment and the number of monthly payments.

PRINCIPAL & INTEREST:                              _____

ESCROW FOR TAXES & INSURANCE:                  +   $    120.00
    PROPERTY TAXES:(est)   $1,050.00
    INSURANCE: (est)        $360.00

TOTAL MONTHLY PAYMENT:                            _____

Your total monthly payment would be: the sum of the principal and interest line and the escrow line.

# BECHTEL ENTERPRISES
### 608 NORTH WARE ROAD
### McALLEN, TEXAS 78501
### 210-686-5584

000206

# WARRANTY DEED WITH VENDOR'S LIEN

538721

**Date:**     July 12, 1996

**Grantor:**     THE BECHTEL FAMILY TRUST, ROGER A. BECHTEL, TRUSTEE

**Grantor's Mailing Address (including county):**
608 N. Ware Rd.
McAllen, Hidalgo County, Texas 78501

**Grantee:**     MARIA LUISA VASQUEZ

**Grantee's Mailing Address (including county):**
1116 E. Kathy Street
Pharr, Hidalgo County, Texas 78577

**Consideration:**     TEN AND NO/100 DOLLARS ($10.00) and a note of even date that is in the original principal amount of **FIFTY-FIVE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($55,500),** and is executed by Grantee, payable to the order of The Bechtel Family Trust, 608 N. Ware Road, McAllen, Texas 78501. The note is secured by a vendor's lien retained in favor of **THE BECHTEL FAMILY TRUST** in this Deed and by a Deed of Trust of even date from grantee to **ROGER A. BECHTEL,** Trustee.

**Property (including any improvements):**

Lot Eight (8), Block Eight (8), BAGWELL ACRES UNIT 2, an addition to the City of Pharr, Hidalgo County, Texas, according to the map and plat of record in Volume 15, Page 59, Map Records, Hidalgo County, Texas reference to which is here made for all purposes.

**Prior Lien (s) (including recording information):**     None

**Other Exceptions to Conveyance and Warranty:**

1.    Restrictions dated May 23, 1961, from Floyd E. Bagwell and wife Lois C. Bagwell to the Public recorded in volume 1250, Page 113, Deed Records, Hidalgo County, Texas.
2.    Easements and reservations as shown according to the map and plat thereof recorded in Volume 15, Page 59, Map Records, Hidalgo County, Texas.
3.    Zoning and Building Ordinances in favor of the City of Pharr, Texas.
4.    Easement Ten (10') feet in width for utility along the rear line of said property as reflected on the map and plat thereof recorded in Volume 15, Page 59, Map Records, Hidalgo County, Texas.
5.    Save and Except all of the Oil, Gas and Other Minerals in and under the herein described property reserved in Deed dated February 11, 1976, by Floyd Bagwell to Benacio Cano in instrument recorded in Volume 1472, Page 763, Deed Records, Hidalgo County, Texas, together with all rights, express or implied in and to the property herein described arising out of or connected with said interest and reservation, reference to which instrument is here made for all purposes. Title to said interest has not been investigated subsequent to the date of aforesaid instrument.
6.    Estate created in Oil and Gas Lease from J. B. Hedges and wife Pearl Hedges to W. H. Gossage, Trustee, dated January 15, 1948, recorded in Volume 77, Page 239, Oil and Gas Lease Records, Hidalgo County, Texas, together with all terms, conditions and stipulations contained therein. Title to said Lease has not been investigated subsequent to the date thereof.
7.    Save and Except all of the Oil, Gas and Other Minerals in and under the herein described property reserved in deed from Floyd E. Bagwell and wife, Lois C. Bagwell to Erasmo Ramos in instrument recorded in Volume 1756, Page 232, Deed Records, Hidalgo County, Texas, together with all rights, express of connected with said interest and reservation, reference to which instrument is here made for all purposes. Title to said interest has not been investigated subsequent to date of aforesaid instrument.
8.    Non-Drilling Agreement dated November 24, 1952, from Taylor Oil and Gas Company and Mayfair Minerals, Inc. to the public, recorded in Volume 136, Page 317, Oil and Gas Lease Records, Hidalgo County, Texas.

9.  Estate created in Oil and Gas Lease from M. A. Burton to W. H. Gossage, Trustee, dated January 15, 1948, recorded in Volume 77, Page 317, Oil and Gas Lease Records, Hidalgo County, Texas, together with all terms, conditions and stipulations contained therein. Title to said Lease has not been investigated subsequent to the date thereof.

10. Visible and apparent easements on or across subject property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warranty and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from the exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

ROGER A. BECHTEL, TRUSTEE
THE BECHTEL FAMILY TRUST

THE STATE OF TEXAS    } Texas
                      }
COUNTY OF HIDALGO     } Hidalgo

This instrument was acknowledged before me on the          day of              1996, by ROGER A. BECHTEL TRUSTEE FOR THE BECHTEL FAMILY TRUST.

Notary Public, State of Texas

REBECA FEMAT VELASCO
NOTARY PUBLIC
State of Texas
Comm. Exp. 03-11-97

Filed for Record in:
Hidalgo County, Texas
by Jose Eloy Pulido
County Clerk

On: Jul 22,1996 at  10:33A

As a
Recording

Document Number:        538721
Total Fees     :         11.00

         Receipt Number - 44775
           By,
Bea Cruz

Mailing Address of Grantee:
MARIA LUISA VASQUEZ
1116 E. Kathy St.
PHARR, TEXAS 78577

000208

**TEXAS DWELLING POLICY - FORM 3**

POLICY NUMBER

703 19 09

07 1127 42    150 DBA
DIRECT BILL

CHANGED INSURED NAME

**REPUBLIC INSURANCE COMPANY**
2727 TURTLE CREEK BLVD.
DALLAS, TEXAS    75219

☐ New ☐ Renewal ☒ Amended–Date 08-12-96    AGENT'S PHONE: 210-682-9423

| NAMED INSURED/MAILING ADDRESS | AGENT'S NAME AND ADDRESS |
|---|---|
| VASQUEZ; MARIA L<br>1116 E. KATHY<br>PHARR          TX 78577 | INSURANCE BROKERS INC<br>121 W PECAN<br>P.O. DRAWER 3785<br>MCALLEN          TEXAS          78501 |

LOCATION IF OTHER THAN MAILING ADDRESS

1116 E. KATHY
PHARR          TX 78577

RESIDENCE– Lot Block    PREMISES/DWELLING– Addition

POLICY PERIOD:    Effective Date: 08 12 96          Expiration Date: 08 12 97
At 12:01 A.M. Standard Time At The Location Of The Residence Premises/Dwelling    ☒ Inside
CONSTRUCTION:BR VEN    KEY RATE:11    COUNTY: HIDALGO    CITY LIMIT: ☐ Outside

| ITEM NO. | COVERAGE A/B | DEDUCTIBLE AMOUNT | LIMITS OF LIABILITY | DESCRIPTION, OCCUPANCY AND CONSTRUCTION OF PROPERTY – SEE DEFINITIONS OF COVERAGE A (DWELLING) AND COVERAGE B (PERSONAL PROPERTY) |
|---|---|---|---|---|
| 1 | A | 560.00 | 56,000 | 1978, OWNER , BR VENEER |

| PERILS INSURED AGAINST | | | PREMIUM |
|---|---|---|---|
| DESCRIBED DWELLING - FIRE AND LIGHTNING | NORMAL  $ | 48 | |
| | F.R. %  5  $ | 2- | |
| | ACTUAL | | $          46 |
| SUDDEN AND ACCIDENTAL DAMAGE FROM SMOKE, WINDSTORM, HURRICANE, HAIL, | | | $          197 |
| EXPLOSION, AIRCRAFT AND VEHICLES, RIOT AND CIVIL COMMOTION | | | |
| ALL OTHER RISK OF PHYSICAL LOSS EXCEPT LOSSES EXCLUDED IN GENERAL EXCLUSIONS | | | $          75 |
| PERSONAL PROPERTY - FIRE AND LIGHTNING | NORMAL  $ | | |
| | F.R. %  $ | | |
| | ACTUAL | | $ |
| SUDDEN AND ACCIDENTAL DAMAGE FROM SMOKE, WINDSTORM, HURRICANE, HAIL, | | | |
| EXPLOSIONE, AIRCRAFT AND VEHICLES, RIOT AND CIVIL COMMOTION | | | $ |
| COLLAPSE OF BUILDING, ACCIDENTAL DISCHARGE, LEAKAGE OR OVERFLOW OF WATER OR STEAM, | | | |
| FALLING OBJECTS, FREEZING OF HOUSEHOLD APPLIANCES, VANDALISM AND MALICIOUS MISCHIEF. | | | $ |

| ENDORSEMENT NUMBER AND TITLE ATTACHED TO POLICY | LIMITS OF LIABILITY | |
|---|---|---|
| TDP-008  07-92   AGREED AMOUNT ENDORSEMENT | | |
| RV -924  06-92   IMPORTANT NOTICE | | |
| | TOTAL POLICY PREMIUM  $ | 318 |

| MORTGAGEE LOAN#: | MORTGAGEE: |
|---|---|
| BECHTEL FAMILY TRUST<br>608 N. WARE ROAD<br>MCALLEN          TX 78501 | |

AGENCY AT MCALLEN _____ , TEXAS _____ AGENT

**OTHER COVERAGES, LIMITS AND EXCLUSIONS APPLY – REFER TO YOUR POLICY**
RETURN  THIS  DECLARATION  TO  COMPANY  IF  CANCELLED,  SPOILED  OR  NOT  USED
ORIGINAL COPY

000209

TDR3A1 1294

78906                                    282 9860          08/26/96



**BECHTEL ENTERPRISES**
**608 N. WARE ROAD**
**McALLEN, TEXAS 78501**

PHONE 210-686-5584                                                      FAX 210-686-6655

July 15, 1996

Miss Maria Luisa Vasquez
1116 E. Kathy St.
Pharr, TX 78577

Dear Miss Vasquez:

Congratulations on the purchase of your home. I hope that you will be very happy living in your residence. There is great satisfaction in acquiring and living in a property that you can call your own.

I have enclosed a payment book to make it easier for you to mail the payments which are due the 12th of every month. Please mail the payments to the following address:

Roger A. Bechtel
Bechtel Family Trust
608 N. Ware Rd.
McAllen, Texas 78501

I am looking forward to a long and cooperative business relationship with you. You can establish an excellent credit reference by always making your payments on time. Your interest expense is calculated from the date that I receive your previous payment to the date I receive your current payment, therefore it is in your best interest to pay on or before the monthly due date in order to complete your contract according to the terms of the contract.

**REMEMBER:  ON-TIME PAYMENTS BUILD GOOD CREDIT!**

If you have any questions, please do not hesitate to contact me.

Sincerely,

Roger A. Bechtel

000210



## Payment History

### 01/01/00
### BECHTEL ENTERPRISES
### 01/01/99 - 12/31/99

VASQUEZ, MARIA LUISA
1116 E. KATHY ST.
PHARR, TX 78577

R224    -RC RAB
1116 E. KATHY ST.
PHARR, TX 78577

Work: (210)    -
Home: (210) 787-6910

Oth: (210) 781-3186

### Note Information

| Regular pmt: | 535.59 | Int rate: | 10.000 | Orig bal: | 58500.00 |
|---|---|---|---|---|---|
| Escrow pmt : | 163.41 | Pmt type: | USRule 365 m | Orig date: | 07/12/96 |
| Service fee: | P    0.00 | Rem pmts: | 202 | Maturity: | 07/12/16 |
| Ord/Day/LFee: | 2/10/34.95 | Per diem: | 14.40 | Balloon: | 0.00 |
| | | Next due: | 10/12/99 | | |
| | | Arrears: | 2201.85 | | |

| | | | | | | | ―― Payment/Balance ―― | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Pay Date | Due | | Payment | Applied | Interest | Principal | Balance | Escrow | Late | Svc | Ref |
| 01/22/99 | 01/12 | R | 699.00 | 699.00 | 453.21 | 82.38 | 53280.00 | -163.41 | 0.00 | 0.00 | 013056 |
| | | | | | | | | -1360.06 | | | |
| 01/28/99 | | T | -1263.35 | -1263.35 | 0.00 | 0.00 | 53280.00 | 1263.35 | 0.00 | 0.00 | |
| | | | | | | | | -96.71 | | | |
| 02/22/99 | 02/12 | R | 699.00 | 699.00 | 452.52 | 83.07 | 53196.93 | -163.41 | 0.00 | 0.00 | 097078 |
| | | | | | | | | -260.12 | | | |
| 03/18/99 | 03/12 | R | 699.00 | 699.00 | 349.79 | 185.80 | 53011.13 | -163.41 | 0.00 | 0.00 | 003691 |
| | | | | | | | | -423.53 | | | |
| 04/21/99 | 04/12 | R | 699.00 | 699.00 | 493.80 | 41.79 | 52969.34 | -163.41 | 0.00 | 0.00 | 005502 |
| | | | | | | | | -586.94 | | | |
| 05/29/99 | 05/12 | R | 733.95 | 733.95 | 535.59 | 0.00 | 52969.34 | -163.41 | 34.95 | 0.00 | 002719 |
| | | | | | 15.87 AI | | | -750.35 | | | |
| 06/14/99 | 06/12 | R | 699.00 | 699.00 | 248.06 | 287.53 | 52681.81 | -163.41 | 0.00 | 0.00 | 124210-1 |
| | | | | | | | | -913.76 | | | |
| 07/26/99 | 07/12 | R | 733.95 | 733.95 | 535.59 | 0.00 | 52681.81 | -163.41 | 34.95 | 0.00 | 898525 |
| | | | | | 70.61 AI | | | -1077.17 | | | |
| 08/12/99 | | I | -316.00 | -316.00 | 0.00 | 0.00 | 52681.81 | 316.00 | 0.00 | 0.00 | |
| | | | | | 70.61 AI | | | -761.17 | | | |
| 09/24/99 | 08/12 | R | 1466.00 | 733.95 | 535.59 | 0.00 | 52681.81 | -163.41 | 34.95 | 0.00 | |
| | | | | | 401.02 AI | | | -924.58 | | | |
| 09/24/99 | 09/12 | R | 0.00 | 732.05 | 401.02 | 132.67 | 52549.14 | -163.41 | 34.95 | 0.00 | |
| | | | | | | | | -1087.99 | | | |
| **Annual Total:** | | | 6428.90 | 4005.17 | 813.24 | | | 1470.69 | 139.80 | 0.00 | |
| Escrow Paid Out: | | | | | | | | -1579.35 | | | |
| **Report Total:** | | | 6428.90 | 4005.17 | 813.24 | | | 1470.69 | 139.80 | 0.00 | |
| Escrow Paid Out: | | | | | | | | -1579.35 | | | |
| **Balances:** | | | | | | | 52549.14 | -1087.99 | 0.00 | 0.00 | |

Note: Next payment is due. Update account before issuing payoff figures.



**Payment History**

01/08/99

BECHTEL ENTERPRISES

01/01/98 - 12/31/98

VASQUEZ, MARIA LUISA                                      R224     -RC RAB
1116 E. KATHY ST.                                        1116 E. KATHY ST.
PHARR, TX 78577                                          PHARR, TX 78577


Work: (210)     -
Home: (210) 787-6910                                    Oth: (210) 781-3186

## Note Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Regular Pmt: | 535.59 | Int Rate: | 10.000 | | Orig Bal: | 58500.00 |
| Escrow Pmt : | 163.41 | Pmt Type: | USRule 365 m | | Orig Date: | 07/12/96 |
| Service Fee: | P  0.00 | Rem Pmts: | 211 | | Maturity: | 07/12/16 |
| LateO/Day/Fee: | 2/10/ 34.95 | Per diem: | 14.62 | | Balloon: | 0.00 |
| | | Next Due: | 01/12/99 | | | |

| | | | | | | ----- Payment/Balance ----- | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pay Date | Due | Payment | Applied | Interest | Principal | Balance | Escrow | Late | Svc | Ref |
| 01/21/98 | 01/12R | 670.00 | 670.00 | 476.74 | 58.85 | 54319.64 | -134.41 | 0.00 | 0.00 MO975376 |
| | | | | | | | -992.40 | | |
| 01/27/98 | T | -1240.26 | -1240.26 | 0.00 | 0.00 | 54319.64 | 1240.26 | 0.00 | 0.00 |
| | | | | | | | 247.86 | | |
| 02/22/98 | 02/12R | 699.00 | 699.00 | 476.23 | 59.36 | 54260.28 | -163.41 | 0.00 | 0.00 975709 |
| | | | | | | | 84.45 | | |
| 03/16/98 | 03/12R | 699.00 | 699.00 | 327.05 | 208.54 | 54051.74 | -163.41 | 0.00 | 0.00 3610295 |
| | | | | | | | -78.96 | | |
| 04/07/98 | 04/12R | 699.00 | 699.00 | 325.79 | 209.80 | 53841.94 | -163.41 | 0.00 | 0.00 824876 |
| | | | | | | | -242.37 | | |
| 05/13/98 | 05/12R | 699.00 | 699.00 | 531.04 | 4.55 | 53837.39 | -163.41 | 0.00 | 0.00 825227 |
| | | | | | | | -405.78 | | |
| 06/13/98 | 06/12R | 699.00 | 699.00 | 457.25 | 78.34 | 53759.05 | -163.41 | 0.00 | 0.00 393785 |
| | | | | | | | -569.19 | | |
| 07/15/98 | 07/12R | 699.00 | 699.00 | 471.31 | 64.28 | 53694.77 | -163.41 | 0.00 | 0.00 948180 |
| | | | | | | | -732.60 | | |
| 08/08/98 | 08/12R | 699.00 | 699.00 | 353.06 | 182.53 | 53512.24 | -163.41 | 0.00 | 0.00 948434 |
| | | | | | | | -896.01 | | |
| 09/18/98 | 09/12R | 699.00 | 699.00 | 535.59 | 0.00 | 53512.24 | -163.41 | 0.00 | 0.00 928570 |
| | | | | -65.51 AI | | | -1059.42 | | |
| 10/11/98 | I | -353.00 | -353.00 | 0.00 | 0.00 | 53512.24 | 353.00 | 0.00 | 0.00 |
| | | | | -65.51 AI | | | -706.42 | | |
| 10/15/98 | 10/12R | 699.00 | 699.00 | 461.35 | 74.24 | 53438.00 | -163.41 | 0.00 | 0.00 823053 |
| | | | | | | | -869.83 | | |
| 11/22/98 | 11/12R | 699.00 | 699.00 | 535.59 | 0.00 | 53438.00 | -163.41 | 0.00 | 0.00 898854 |
| | | | | -20.75 AI | | | -1033.24 | | |
| 12/22/98 | 12/12R | 699.00 | 699.00 | 459.97 | 75.62 | 53362.38 | -163.41 | 0.00 | 0.00 915492 |
| | | | | | | | -1196.65 | | |
| Annual Total: | | 8359.00 | | 5410.97 | 1016.11 | | 1931.92 | 0.00 | 0.00 |
| Escrow Paid Out: | | | | | | | -1593.26 | | |
| Report Total: | | 8359.00 | | 5410.97 | 1016.11 | | 1931.92 | 0.00 | 0.00 |
| Escrow Paid Out: | | | | | | | -1593.26 | | |
| Balances: | | | | | | 53362.38 | -1196.65 | 0.00 | 0.00 |

Payoff as of 12/22/98: $52165.73



## Payment History

01/21/98

BECHTEL ENTERPRISES

01/01/97 - 12/31/97

---

VASQUEZ, MARIA LUISA                                    R224      -RC RAB
1116 E. KATHY ST.                                      1116 E. KATHY ST.
PHARR, TX 78577                                        PHARR, TX 78577


Work: (210)     -
Home: (210) 787-6910                                   Oth: (210) 781-3186

### Note Information

| | | | | | |
|---|---|---|---|---|---|
| Regular Pmt: | 535.59 | Int Rate: | 10.000 | Orig Bal: | 58500.00 |
| Escrow Pmt : | 134.41 | Pmt Type: | USRule 365 m | Orig Date: | 07/12/96 |
| Service Fee: | P    0.00 | Rem Pmts: | 223 | Maturity: | 07/12/16 |
| LateO/Day/Fee: | 2/10/ 33.50 | Per diem: | 14.90 | Balloon: | 0.00 |
| | | Next Due: | 01/12/98 | | |

| Pay Date | Due | Payment | Applied | Interest | Principal | Balance | Escrow | Late | Svc | Ref |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/14/97 | 01/12R | 656.00 | 656.00 | 483.58 | 52.01 | 55106.80 | -120.41 | 0.00 | 0.00 | |
| | | | | | | | -404.46 | | | |
| 01/31/97 | T | -532.84 | -532.84 | 0.00 | 0.00 | 55106.80 | 532.84 | 0.00 | 0.00 | PRORATA |
| | | | | | | | 128.38 | | | |
| 01/31/97 | I | -29.14 | -29.14 | 0.00 | 0.00 | 55106.80 | 29.14 | 0.00 | 0.00 | PRORATA |
| | | | | | | | 157.52 | | | |
| 02/18/97 | 02/12R | 656.00 | 656.00 | 521.59 | 0.00 | 55106.80 | -134.41 | 0.00 | 0.00 | |
| | | | | -6.83 AI | | | 23.11 | | | |
| 03/19/97 | 03/12R | 656.00 | 656.00 | 444.66 | 76.93 | 55029.87 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -111.30 | | | |
| 04/17/97 | 04/12R | 656.00 | 656.00 | 437.22 | 84.37 | 54945.50 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -245.71 | | | |
| 05/19/97 | 05/12R | 656.00 | 656.00 | 481.71 | 39.88 | 54905.62 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -380.12 | | | |
| 06/18/97 | 06/12R | 670.00 | 670.00 | 451.28 | 84.31 | 54821.31 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -514.53 | | | |
| 07/21/97 | 07/12R | 670.00 | 670.00 | 495.64 | 39.95 | 54781.36 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -648.94 | | | |
| 07/22/97 | I | -463.00 | -463.00 | 0.00 | 0.00 | 54781.36 | 463.00 | 0.00 | 0.00 | |
| | | | | | | | -185.94 | | | |
| 08/21/97 | 08/12R | 670.00 | 670.00 | 465.27 | 70.32 | 54711.04 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -320.35 | | | |
| 09/20/97 | 09/12R | 670.00 | 670.00 | 449.68 | 85.91 | 54625.13 | -134.41 | 0.00 | 0.00 | |
| | | | | | | | -454.76 | | | |
| 10/21/97 | 10/12R | 670.00 | 670.00 | 463.94 | 71.65 | 54553.48 | -134.41 | 0.00 | 0.00 | 24914 |
| | | | | | | | -589.17 | | | |
| 11/21/97 | 11/12R | 670.00 | 670.00 | 463.33 | 72.26 | 54481.22 | -134.41 | 0.00 | 0.00 | MCA3905 |
| | | | | | | | -723.58 | | | |
| 12/20/97 | 12/12R | 670.00 | 670.00 | 432.86 | 102.73 | 54378.49 | -134.41 | 0.00 | 0.00 | HEB4169 |
| | | | | | | | -857.99 | | | |
| Annual Total: | | 7970.00 | | 5590.76 | 780.32 | | 1598.93 | 0.00 | 0.00 | |
| Escrow Paid Out: | | | | | | | -1024.98 | | | |



## Payment History
### 01/21/98

| Pay Date | Due | Payment | Applied | Interest | Principal | Balance | ----- Payment/Balance ----- | | | Ref |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Escrow | Late | Svc | |
| Report Total: | | 7970.00 | | 5590.76 | 780.32 | | 1598.92 | 0.00 | 0.00 | |
| Escrow Paid Out: | | | | | | | -1024.98 | | | |
| Balances: | | | | | | 54378.49 | -857.99 | 0.00 | 0.00 | |

Note: Next payment is due. Update account before issuing payoff figures.

Loan #: R224    -RC RAB                    Printed: 02/02/1997

COPY

BECHTEL ENTERPRISES

Payment History
01/01/1996 - 12/31/1996

VASQUEZ, MARIA LUISA                       Property:
1116 E. KATHY ST.                          1116 E. KATHY ST.
PHARR, TX 78577                            PHARR, TX 78577

(210)    -     Work
(210) 787-6910    Home                     (210) 781-3186    Other

                    Status

| Balance | : | 55158.81 | Regular Pmt : | 535.59 | Int Rate | : | 10.000% |
|---|---|---|---|---|---|---|---|
| Pmts Remain | : | 235 | Escrow Pmt : | 134.41 | Orig Date | : | 07/12/1996 |
| Next Pmt Due: | | 01/12/1997 | LOrd/Day/Fee: | 2/10/ 33.50 | Original Bal: | | 58500.00 |
| Arrearage | : | 703.50 | Service Fee : | P   0.00 | Maturity | : | 07/12/2016 |
| Per diem int: | | 15.11 | Payment type: | USRule 365 m | Balloon | : | 0.00 |

| | | | | | | ——— Pmt/Bal ——— | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pay Date | Due | Payment | Applied | Interest | Principal | Rem Bal | Escrow | Late | Service | Ref |
| 07/12/96 | | 0.00 | 0.00 | 0.00 | 0.00 | 58500.00 | 0.00 | 0.00 | 0.00 | |
| 07/12/96 | P | 3000.00 | 3000.00 | 0.00 | 3000.00 | 55500.00 | 0.00 | 0.00 | 0.00 | |
| 08/19/96 | 08/12 R | 656.00 | 656.00 | 535.59 | 0.00 | 55500.00 | -120.41 | 0.00 | 0.00 | |
| | | | | -42.22 AI | | | -120.41 | | | |
| 09/12/96 | 09/12 R | 656.00 | 656.00 | 407.15 | 128.44 | 55371.56 | -120.41 | 0.00 | 0.00 | |
| | | | | | | | -240.82 | | | |
| 09/12/96 | I | -318.00 | -318.00 | 0.00 | 0.00 | 55371.56 | 318.00 | 0.00 | 0.00 | |
| | | | | | | | 77.18 | | | |
| 10/12/96 | 10/12 R | 656.00 | 656.00 | 455.11 | 80.48 | 55291.08 | -120.41 | 0.00 | 0.00 | |
| | | | | | | | -43.23 | | | |
| 11/14/96 | 11/12 R | 656.00 | 656.00 | 499.89 | 35.70 | 55255.38 | -120.41 | 0.00 | 0.00 | |
| | | | | | | | -163.64 | | | |
| 12/13/96 | 12/12 R | 656.00 | 656.00 | 439.02 | 96.57 | 55158.81 | -120.41 | 0.00 | 0.00 | |
| | | | | | | | -284.05 | | | |
| REPORT TOTAL : | | 6280.00 | | 2336.76 | 3341.19 | | 602.00 | 0.00 | 0.00 | |
| ESCROW PAID OUT: | | | | | | | -318.00 | | | |
| BALANCES : | | | | | | 55158.81 | -284.05 | 0.00 | 0.00 | |

Note: Next payment is due. Update account before issuing payoff figures.



G VASQUEZ, GEIZEL'S HEART CONDITION'S MEDICAL RECORDS

000216

Name: _Vasquez, Korina_

needs protection from
**BACTERIAL ENDOCARDITIS**
because of an existing
**HEART CONDITION**

Diagnosis: _TGA TAPVR·ASD VSD_

Prescribed by: _Jana Barrett N.D._

Date: _7/29/95_

**For Dental/Oral/Upper Respiratory Tract Procedures**

**I. Standard Regimen In Patients At Risk (includes those with prosthetic heart valves and other high risk patients):**

Amoxicillin 3.0 g orally one hour before procedure, then 1.5 g six hours after initial dose.*

**For amoxicillin/penicillin-allergic patients:**

Erythromycin ethylsuccinate 800 mg or erythromycin stearate 1.0 g orally 2 hours before a procedure, then one-half the dose 6 hours after the initial administration.*

—OR—

Clindamycin 300 mg orally 1 hour before a procedure and 150 mg 6 hours after initial dose.*

**II. Alternate Prophylactic Regimens For Dental/Oral/Upper Respiratory Tract Procedures In Patients At Risk:**

**A. For patients unable to take oral medications:**

Ampicillin 2.0 g IV (or IM) 30 minutes before procedure, then ampicillin 1.0 g IV (or IM) OR amoxicillin 1.5 g orally 6 hours after initial dose.*

—OR—

**For ampicillin/amoxicillin/penicillin-allergic patients unable to take oral medications:**

Clindamycin 300 mg IV 30 minutes before a procedure and 150 mg IV (or orally) 6 hours after initial dose.*

**B. For patients considered to be at high risk who are not candidates for the standard regimen:**

Ampicillin 2.0 g IV (or IM) plus gentamicin 1.5 mg/kg IV (or IM) (not to exceed 80 mg) 30 minutes before procedure, followed by amoxicillin 1.5 g orally 6 hours after the initial dose. Alternatively, the parenteral regimen may be repeated 8 hours after the initial dose.*

**For amoxicillin/ampicillin/penicillin-allergic patients considered to be at high risk:**

Vancomycin 1.0 g IV administered over one hour, starting one hour before the procedure. No repeat dose is necessary.*

*Note: Initial pediatric dosages are listed below. Follow-up oral dose should be one-half the initial dose. Total pediatric dose should not exceed total adult dose.

| | | | |
|---|---|---|---|
| Amoxicillin:† | 50 mg/kg | Vancomycin: | 20 mg/kg |
| Clindamycin: | 10 mg/kg | Ampicillin: | 50 mg/kg |
| Erythromycin ethylsuccinate or stearate: | 20 mg/kg | Gentamicin: | 2.0 mg/kg |

† The following weight ranges may also be used for the initial pediatric dose of amoxicillin:
<15 kg (33 lbs), 750 mg
15–30 kg (33–66 lbs), 1500 mg
>30 kg (66 lbs), 3000 mg (full adult dose)



Kilogram to pound conversion chart: (1 kg = 2.2 lb)

| Kg | Lb |
|----|------|
| 5  | 11.0 |
| 10 | 22.0 |
| 20 | 44.0 |
| 30 | 66.0 |
| 40 | 88.0 |
| 50 | 110.0 |

**For Genitourinary/Gastrointestinal Procedures**

**I. Standard regimen:**
Ampicillin 2.0 g IV (or IM) plus gentamicin 1.5 mg/kg IV (or IM) (not to exceed 80 mg) 30 minutes before procedure, followed by amoxicillin 1.5 g orally 6 hours after the initial dose. Alternatively, the parenteral regimen may be repeated once 8 hours after the initial dose.*

For amoxicillin/ampicillin/penicillin-allergic patients:
Vancomycin 1.0 g IV administered over 1 hour plus gentamicin 1.5 mg/kg IV (or IM) (not to exceed 80 mg) one hour before the procedure. May be repeated once 8 hours after initial dose.**

**II. Alternate oral regimen for low-risk patients:**
Amoxicillin 3.0 g orally one hour before the procedure, then 1.5 g 6 hours after the initial dose.**

**Note: Initial pediatric dosages are listed below. Follow-up oral dose should be one-half the initial dose. Total pediatric dose should not exceed total adult dose.

| Ampicillin: | 50 mg/kg | Gentamicin: | 2.0 mg/kg |
| Amoxicillin: | 50 mg/kg | Vancomycin: | 20 mg/kg |

Note: Antibiotic regimens used to prevent recurrences of acute rheumatic fever are inadequate for the prevention of bacterial endocarditis. In patients with markedly compromised renal function, it may be necessary to modify or omit the second dose of gentamicin or vancomycin. Intramuscular injections may be contraindicated in patients receiving anticoagulants.

Adapted from *Prevention of Bacterial Endocarditis: Recommendations by the American Heart Association* by the Committee on Rheumatic Fever, Endocarditis, and Kawasaki Disease. *JAMA* 1990;264:2919–2922, © 1990 American Medical Association (also excerpted in *J Am Dent Assoc* 1991;122:87–92).

Please refer to these joint American Heart Association–American Dental Association recommendations for more complete information as to which patients and which procedures require prophylaxis.

 **American Heart Association**

**National Center**
7320 Greenville Avenue
Dallas, Texas 75231



The Council on Dental Therapeutics of the American Dental Association has approved this statement as it relates to dentistry.

78-1003 (SA)
7-93
90 06 19 B

♻ printed on recycled paper

Roche Biomedical Laboratories
a subsidiary of Hoffmann-La Roche Inc

| SPECIMEN # | TYPE | LAB | REPORT STATUS | PG |
|---|---|---|---|---|
| 150-961-0034-0 | S | T | FINAL | 1 |

03    01

CLINICAL INFORMATION

TIME 0500
THROAT

ADDITIONAL INFORMATION

PHYSICIAN ID.                    PATIENT ID.
                                 92024

ACCOUNT

| PATIENT NAME | SEX | AGE (YR.MOS) |
|---|---|---|
| VASQUEL        , GEIZEL | F | 008/00 |

PT. ADD.

PROFESSIONAL LABS                    4240C
                                     02

1130 PECAN SUITE F                   02
MCALLEN          , TX  78501-4348
512-687-7101        TXB

| DATE OF SPECIMEN | DATE ENTERED | DATE REPORTED |
|---|---|---|
| 06/03/91 | 06/04/91 | 06/07/91    0200 |

| TEST | RESULT | LIMITS | TEST ON |
|---|---|---|---|

UPPER RESPIRATORY CULTURE        FINAL REPORT

----------------    BETA STREP GROUP A    ----------------
         LIGHT GROWTH

COMMENT:
ISOLATED AM<ONG NORMAL RESPIRATORY FLORA.

DIRECTOR: WILLIAM    T HILL          MD
IF YOU HAVE ANY QUESTIONS CONTACT - BRANCH: 512-428-9266 LAB: 713-896-7688
LAST PAGE OF REPORT

*Reported Positive*

*c.c. Physician for antibiotic & Reevaluation of positive up Throat*

| PATIENT NAME | | PATIENT ID | | SPEC. NO | | SPEC DATE |
|---|---|---|---|---|---|---|

| BONE | | ELECTROLYTES | | | HEART | | LIVER | | | | LIPIDS | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Calcium mg/dl (8.5-10.6) | Phosphorus mg/dl (2.5-4.5) | Sodium mEq/L (135-148) | Potass. mEq/L (3.5-5.5) | Chloride mEq/L (94-109) | LDH IU/L (100-250) | AST (SGOT) IU/L (0-50) | T. Bil mg/dl (0.1-1.2) | GGT (IU/L) (M 0-65) (F 0-45) | ALT (SGPT) IU/L (0-50) | Alk Phos IU/L (40-150) | Cholesterol mg/dl < 200 | Triglyceride mg/dl (10-250) |

| PROTEIN | | KIDNEY | | THYROID | | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| T. Protein g/dl (6.0-8.5) | Globulin g/dl (1.5-4.5) | Albumin g/dl (3.5-5.5) | A/G Ratio (1.1-2.5) | BUN mg/dl (7-26) | Creatinine mg/dl (0.5-1.5) | T₄ µg/dl (4.5-12.5) | T₃ Uptake % (33-45) | Free T₄ Index (1.5-5.6) | TSH µ IU/ml (0.30-5.90) | Uric Acid mg/dl (M 3.0-9.0) (F 2.2-7.7) | Glucose mg/dl < 50 yrs (80-115) | Iron µg/dl (40-180) |

| HEMATOLOGY | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RBC x 10⁶/mm³ (M 4.3-5.9) (F 3.5-5.5) | HGB g/dl (M 13.5-18.0) (F 12.0-16.0) | HCT % (M 39-55) (F 36-48) | MCV fl (80-100) | MCH pg (26-34) | MCHC % (31-37) | Platelet x 10³/mm³ (140-440) | WBC x 10³/mm³ (4.0-10.5) | Polys (45-75%) | Bands (0-5%) | Metas (0%) | Lymphs (20-45%) (0.8-3.2) | Mono (0-10%) (0.0-0.8) | EOS (0-9%) (0-0.5) | BASO (0-2%) (0-0.1) |

RESULTS ARE FLAGGED IN ACCORDANCE WITH AGE DEPENDENT REFERENCE RANGES WHICH ARE SUMMARIZED ON THE BACK OF THIS REPORT.
* A comment applied to this test has been printed in the body of the Report.

REPORT
000219





**Texas Children's Hospital**

EVA S. WRENCH
Director
Patient Relations Service

P.O. Box 20269
Houston, Texas 77225-0269
713 794-6975



**CARLOS MONARREZ, M.D. F.A.A.P., F.A.C.C.**
PEDIATRIC CARDIOLOGY

BROWNSVILLE, TX 78520
864 CENTRAL BLVD.
~~541-8334~~  541-9827

HARLINGEN, TX 78550
2121 PEASE STREET, SUITE 1-C
428-5522

McALLEN, TX 78501
P.O. BOX 5717
630-5522

Heart
Clinic



## Heart Clinic
### Carlos N. Monarrez, M.D., F.A.A.P., F.A.C.C
#### Pediatric Cardiology

Fellow of the American
College of Cardiology
Fellow of the American
Academy of Pediatrics

Board Certified
In Cardiovascular
Diseases of Newborn
Children & Adolescents

February 29, 1988


Patient:  Korina Geizel Vasquez
D.O.B. 03-09-83

TO WHOM IT MAY CONCERN:


Geizel Korina Vasquez has been under my care since December 18,1985.  Korina has
congenital heart disease and she is going on March 1, 1988 at 9:00 am.
Mrs. Vasquez would like to be with her daughter in the hospital.  Please grant Mrs.
Vasquez permission to go to Houston, Texas.
Thank you very much for the attention to  this note.  If you have any questions,
please don't hesitate to contact me directly.


Sincerely,



Carlos N. Monarrez, M.D.,F.A.A.P., F.A.C.C.
CNM: la

864 Central Blvd. Suite 1250, Brownsville, Tx         2121 Pease, Suite 1C Harlingen, Tx.
Phone (512) 541-9827                     Phone (512) 428-5522
222 E. Ridge Rd. Suite 117, McAllen, Tx.
Phone (512) 630-5522



# Heart Clinic

ADULT CARDIOLOGY
Hugo G. Blake, M.D., F.A.C.C
Terrence L. Posluszny, M D., F A C C
M Shereef Hilmy, II, M D , F.A.C C
John S. Waters, M D., F.A C C
PEDIATRIC CARDIOLOGY
Carlos N. Monarrez, M D., F A A P., F A C.C.

Board Certified in
Cardiovascular Diseases

Fellows of the American
College of Cardiology

To Whom It May Concern;

Please allow Mrs Vasquez and relatives to go to Houston,Texas;
her daughter Corina has Congenital Heart Disease and has an
appointment at the Texas Childrens Hospital for a complete
cardiac evaluation and if needed; surgery.
If you have any questions please call me. The visit might last
from 2 to 15 days.

Thank You,

Carlos Monarrez M.D.F.A.A.P.,F.A.C.C.
CM/ll
10/01/87

2121 Pease. Suite 1C Harlingen, Texas 78550 428-5522          222 E Ridge Rd . Suite 117 McAllen, Texas 78503 630-5522

000223

## THIS RECORD IS VALUABLE!

AN IMMUNIZATION RECORD IS REQUIRED WHEN ENTERING A CHILD CARE FACILITY OR SCHOOL IN TEXAS. THE VACCINE REQUIREMENTS FOR SCHOOLS AND CHILD-CARE FACILITIES MAY DIFFER FROM THE SUGGESTED IMMUNIZATION SCHEDULE. DO NOT LOSE OR GIVE THIS RECORD AWAY.



## SUGGESTED IMMUNIZATION SCHEDULE

| At Birth | 2 Months | 4 Months | 6 Months | 12 Months | 4-6 Years | 14-16 Years |
|---|---|---|---|---|---|---|
| Hepatitis B | Hepatitis B | | Hepatitis B | | | |
| | DTP | DTP | DTP | DTP | DTaP/DTP | Td |
| | OPV | OPV | OPV | | OPV | |
| | A: HibCV B: HibCV | A: HibCV B: HibCV | A: HibCV | A: HibCV B: HibCV | | |
| | | | | MMR | MMR | |

HBV: Hepatitis B vaccine; this schedule refers to infants born of HBsAg-negative mothers.
DTP: Diphtheria, tetanus, and pertussis vaccine.
DTaP: Diphtheria, tetanus, and acellular pertussies vaccine.
OPV: Live oral polio vaccine
HibCV: *Haemophilus influenzae* type b conjugate vaccine. Recommended schedules vary by manufacturer. For recommendations specific to the vaccine being used, consult the package insert. Schedule A refers to use of HbOC (HibTITER™, Lederle Praxis); or PRP-T (ActHIB™ and OmniHIB™, Pasteur Merieux, distributed by SmithKline Beecham and Connaught, respectively); and DTP/HbOC (TETRAMUNE™, Lederle-Praxis). Schedule B refers to use of PMP-OMP (PedvaxHIB™, Merck & Company).
MMR: Measles, mumps, and rubella vaccine

**YOUR PHYSICIAN MAY WISH TO CHANGE THE ABOVE SCHEDULE**

6J-D3·1513 **TEXAS DEPARTMENT OF HEALTH**
**Immunization Division**

## PERSONAL IMMUNIZATION RECORD

Name Vnoquez Geizel K. Date of Birth 3-9-83.

Address 2215 Quince # E-14

City Mcallen State to Zip

Medicaid No. _____ WIC No. _____

| CLINIC APPOINTMENTS | | | |
|---|---|---|---|
| 1_____ | 2_____ | 3_____ | 4_____ |
| 5_____ | 6_____ | 7_____ | 8_____ |

TAKE THIS RECORD EACH TIME YOU VISIT YOUR PHYSICIAN OR CLINIC SO THAT DATES OF IMMUNIZATIONS CAN BE RECORDED.

JANUARY 1994                    FORM NO. C-102

McALLEN PUBLIC HEALTH CENTER
301 E. Hackberry
McAllen, TX 78501 Tel 682-6155

000224

| DATE GIVEN | CINES CLE) | VALIDATION DOCTOR OR CLINIC | | DATE DOSE DUE |
|---|---|---|---|---|
| | Hepatitis B | | | |
| | Hepatitis B | | | |
| | Hepatitis B | | | |
| | | | | |
| 8/22/88 | DTP/DTaP/DT/Td | | | |
| 11-02-88 | DTP/DTaP/DT/Td | | | |
| 3/10/89 | DTP/DTaP/DT/Td | | | |
| 10/3/89 | DTP/DTaP/DT/Td | HCHD | | |
| | DTP/DTaP/DT/Td | | | |
| | | | | |
| | Hib | | | |
| | Hib | | | |
| | Hib | | | |
| | Hib | | | |
| | | | | |
| | DTP/Hib | | | |
| | DTP/Hib | | | |
| | DTP/Hib | | | |
| | DTP/Hib | | | |
| | | | | |
| 8/22/88 | OPV/IPV | | | |
| 11-2 88 | OPV/IPV | | | |
| 3/10/89 | OPV/IPV | | | |
| 10/3/89 | OPV/IPV | HCHD | | |
| | OPV/IPV | | | |
| | | | | |
| 10/15/93 | MMR #2 | HCHD | | |
| 8-22-88 | MMR #1 | | | |
| | Measles | | | |
| | | | | |
| | Pneumococcal | | | |
| | | | | |
| | Influenza | | | |

| Hearing | | Date: | | Signature: | | | |
|---|---|---|---|---|---|---|---|
| Hz | 250 | 500 | 1000 | 2000 | 4000 | 6000 | ☐ Pass |
| R | | | | | | | |
| L | | | | | | | ☐ Fail |
| Vision | | Date: | | Signature: | | | |
| | | | | | | | |
| TB Test | | Date: | | Result: | | | |

**PHYSICIAN'S VERIFICATION OF MEASLES/MUMPS ILLNESS**
This is to verify that the person for whom this card was issued had:

☐ measles illness on or about _____
month and year

☐ mumps illness on or about _____
month and year

_____          _____
Date                                              Physician's Signature



# H

# PROBATION RECORDS & RECEIPTS

000226

## COMMUNITY SUPERVISION & CORRECTONS DEPARTMENT
### 79TH JUDICIAL DISTRICT

*COPY*

LORENZO MONCEVAIS, III
DIRECTOR

### INSTRUCTIONS FOR PAYMENTS OF COURT ASSESSMENT

**Probationers:**

Payments of all court assessments may be made in person or by mail. If making payments in person, money orders or cashier's checks are accepted.

<u>*PERSONAL CHECKS ARE NOT ACCEPTED*</u>

If payments are by mail they must be in the form of a money order or cashier check. You will need a money order or cashier check for each type of payment mailed in.

If you are mailing in Fines, Court Costs, Attorney Fees or Restitution please send to the following address.

$100.00/mes

**Brooks County District/~~County~~ Clerk** ←
**P. O. Box 534/ ~~P. O. Box 427~~**
**Falfurrias, Texas 78355**

If you are mailing in Supervision Fees, please send to the following address:

**79th Judicial District**    $50.00/mes
**Community Supervision & Corrections Dept.** , **P.O. BOX 354**
**Falfurrias, Texas 78355**

**IMPORTANT:** You must print your name on all payments or other correspondence with this Department. Additionally include your case or cause number. If we are unable to read the name or cause number, you will no be given credit for the payment submitted.

**PROBATIONER'S STATEMENT:** The above Instructions for Payments of Court Assessments have been explained to me, and I have received a copy of these instructions which I fully understand, and furthermore, I fully understand that I am to report to the Probation Department when I am instructed to do so, even if I do not have my payments, if one is due.

_____                    _____
Probationer    Luisa Vasquez                         Date    8-26-99

_____
Supervision & Corrections Officer

000227

**HIDALGO COUNTY COMMUNITY SUPERVISION**
**& CORRECTIONS DEPARTMENT**
P.O. Box 970 / 100 East Cano, 3rd Floor
Edinburg, Texas 78540
(956) 318-2880



**MARIA VASQUEZ**
**1116 E. Kathy**
**Pharr, TX  78577**

DATE:   September 17, 1999
RE:   990706645

Dear MARIA VASQUEZ

The Hidalgo County Community Supervision & Corrections Department has
received notification of your request to have the supervision on your
case transfered to Hidalgo County, Texas.

In order to work out all the details of said transfer, you must report
to our office located at 100 E. Cano Street, Edinburg, Texas 78539
(3rd/4th floor). Your appointment has been set for:

September 24, 1999  2:15p

It is extremely important for you to keep this appointment.  Failure
to be here at the above mentioned date and time will result in the
return of your case to the referring county.

Please bring with you all probation papers which you have been given.

Sincerely,

CYNTHIA A. OLIVAREZ
Community Supervision Officer

000228

 **Community Supervision & Corrections Department**

79th JUDICIAL DISTRICT



LORENZO MONCEVAIS, III
Director

## GUN CONTROL ACT OF 1968

Having been placed on Adult Probation, it is important for you to be aware of and understand significant laws which can affect your future. The following information is a summary of the Gun Control Act of 1968 and a statement of the policy of the Jim Wells/Brooks County Community Supervision and Corrections Department:

Under the Federal Gun Control Act of 1968, it is unlawful for any person who:

1. is under indictment for, or who has been convicted in any Court of a crime punishable by imprisonment for a term exceeding one year (The term "crime punishable by imprisonment for a term exceeding one year" shall not include, (a ) any Federal or State offenses pertaining to anti-trust violation, unfair trade practices, restraints of trade, other similar offenses relating to the regulation of business practices, or (b) any State offense (other than one involving a firearm or explosive) classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less);
2. is a fugitive from justice;
3. is an unlawful user of marijuana, or any depressant or stimulant drugs, or is addicted to any drug or narcotic;
4. has been adjudicated as a mental defective or has been committed to a mental institution;
5. has been discharged from the Armed Forces under dishonorable conditions;
6. having been a citizen of the United States, has renounced his citizenship; or
7. is an alien illegally or unlawfully residing in the United States;

to PURCHASE, RECEIVE, OR POSSESS ANY FIREARM

The applicability of this regulation to you is that:

1. From the date of your indictment, it is in violation of the Gun Control Act for you to PURCHASE, RECEIVE, POSSESS, or TRANSPORT in interstate or foreign commerce, ANY firearm, ammunition, or ANY type of explosive device.
2. Travel Permits will not be issued to any probationer for the purpose of hunting or any other sporting event involving the use of firearms.
3. In order to insure you DO NOT violate the Gun Control Act, any firearms owned prior to indictment SHOULD NOT be removed from your home.

The termination of probation DOES NOT automatically relieve you of the disabilities incurred under this act. The removal of disabilities may be approved ONLY after formal written application is made to the:

    Assistant Regional Commissioner, Alcohol, Tobacco, and Firearms,
    Internal Revenue Service
    1114 Commerce St., Dallas, Texas 75222.

Upon written application, you will be mailed the necessary forms. A full investigation will be completed prior to the approval or disapproval of your application.

            **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I acknowledge that the above information has been explained to me and further that I have received a copy of same this ___26th___ day of ___August___, 19_99_.

_Dulin ____ Darrin_

_____
(SUPERVISION OFFICER)

_M⁴ Luisa Vasquez_

_____
(PROBATIONER)

**000229**

JIM WELLS COUNTY OFFICE BLDG.
610 E. Second
ALICE, TEXAS 78332
(512) 664-9199
FAX (512) 668-8681

BROOKS COUNTY OFFICE BLDG.
P.O. Box 354, 217 E. Miller St.
FALFURRIAS, TEXAS 78355
(512) 325-1013



# Community Supervision & Corrections Department

**79th JUDICIAL DISTRICT**

**LORENZO MONCEVAIS, III**
**Director**

### INTRA-STATE TRAVEL PERMIT

**NAME:** *Maria Luisa Vasquez*                **CASE NO.** *99-07-06645*

**ADDRESS:** *1116 E. Kathy, Pharr, Tx. 78577*

**Receiving (State) (County)** *Hidalgo*

Subject has been granted permission to visit your (State) (County) for the following purposes: *return to residence*

**Residence during visit:** *Same as above*
                    **(Name and address of relatives, friends, etc.)**

**Subject will leave Falfurrias, Texas** *8-26-99* **and return** _____

**or when directed by the Court. Traveling by:** *Mini-van - Orange Ford - 199*
                    **(auto, bus, etc., and companions)**

**Reporting Instructions:** *to report to Hidalgo Co. CSO when instructed to do so.*

I have requested and been granted this permission for travel with the explicit understanding and full knowledge that I am to continue faithfully to follow the conditions of my probation.

**Date Issued:** *8-26-99*  *Dalia Duran*                    *M. Luisa Vasquez*
                    **(S. & C. Officer)**                    **(Probationer)**

**************************************************************************

### NOTICE TO LOCAL ADULT PROBATION AUTHORITIES

The above name subject has been given permission to remain within your jurisdiction on a temporary basis. This form is a notice to your department and no acknowledgement is necessary.

(   )   **This permission will terminate on** _____ **and we do NOT desire your department to assume courtesy supervision of the subject.**

(   )   **Subject has been requested to contact your office no later than** _____.

( ✓ )   **The above subject will remain within your jurisdiction pending your acceptance of supervision. Case material and a request for supervision will be forwarded to your department promptly.**

**ID DATE:**   **Race** *Mexican*   **Sex** *F*   **DOB** *4-14-63*

       **offense:** *P.O.M.*      **Sentence:** ~~8-26-99~~ *3 years*

       **Probation Date:** *8-26-99*   **Discharge Date:** *8-26-02*

000230

JIM WELLS COUNTY COURTHOUSE
610 E. SECOND STREET
ALICE, TEXAS 78332
(512) 664-9199
FAX 512 668-8681

*Serving Jim Wells and Brooks Counties*

BROOKS COUNTY OFFICE BLDG.
P.O. Box 354, 217 E. Miller St.
FALFURRIAS, TEXAS 78355
(512) 325-1013
FAX 512 325-5462

CASE NO. 60695

DIST CT CLERK

**BROOKS COUNTY**

FEE ACCOUNT

FALFURRIAS, TEXAS 78355

| | | | |
|---|---|---|---|
| Deposit for Costs | | 40 | 00 |
| State Comptroller | | | |
| Records Preservation | | | |
| Fines | | | |
| Certified Copies | | | |
| Money in Trust | | | |
| Sheriff Fees | | | |
| Photo Copies Peace Officer Fee | | 35 | 00 |
| Jury Deposits | | | |
| Restitution | | | |
| Bond for Costs | | | |
| Steno Fee Time Pymt. Fee | | 25 | 00 |
| Security Fee | | | |
| Law Library | | | |
| Attorney Fees | | | |
| Fugitive Apprehension Fee | | | |
| Juvenile Prevention Study | | | |
| Victims of Crime | | | |
| Judicial & Court Personnel | | | |
| Crime Stoppers Fee | | | |
| Indigent Legal Service | | | |
| Total Cost | | 100 | 00 |

Nov. 5 19 99   № 15239

Received of Maria L. Vasquez

$100.00

Remarks The State of Texas

vs.

Maria L Vasquez

Bal #2046.25 mo# 936M06153

**NOE GUERRA, JR., District Clerk**

_____ Deputy

900231





```
     12419                              Payment Date    : 09/29/99 MO
VASQUEZ,MARIA LUISA                    Payment Amount : $      50.00
1116 EAST KATHY                        Balance Due    : $        .00
PHARR, TX 78577                        Total Due      : $     1750.00
```

| Category | Receipt | Original | Amt Paid | MTD Amt | Delq. | Total Pd | Balance |
|---|---|---|---|---|---|---|---|
| PROBATION FEE | 6031 | 1800.00 | 50.00 | 50.00 | -50.00 | 50.00 | 1750.00 |
| | | 1800.00 | 50.00 | 50.00 | -50.00 | 50.00 | 1750.00 |





```
      12419                              Payment Date   : 11/04/99 MO
  VASQUEZ,MARIA LUISA                    Payment Amount : $      50.00
  1116 EAST KATHY                        Balance Due    : $      50.00
  PHARR, TX 78577                        Total Due      : $    1700.00
===============================================================================
Category     Receipt   Original   Amt Paid   MTD Pmt   Delq.    Total Pd   Balance
-------------------------------------------------------------------------------
PROBATION FEE  6538     1800.00     50.00     100.00    50.00    100.00    1700.00
-------------------------------------------------------------------------------
                       1800.00     50.00     100.00    50.00    100.00    1700.00
===============================================================================
```

CASE NO. 06643

| | | |
|---|---|---|
| Deposit for Costs | | |
| State Comptroller | 80 | 00 |
| Records Preservation | 10 | 00 |
| Fines | | |
| Certified Copies | | |
| Money in Trust | | |
| Sheriff Fees | | |
| Photo Copies | | |
| Jury Deposits | | |
| Restitution | | |
| Bond for Costs | | |
| Steno Fee | | |
| Security Fee | 5 | 00 |
| Law Library | | |
| Attorney Fees | | |
| Fugitive Apprehension Fee | 5 | 00 |
| Juvenile Prevention Study | | |
| Victims of Crime | | |
| Judicial & Court Personnel | | |
| Crime Stoppers Fee | | |
| Indigent Legal Service | | |
| Total Cost | 100 | 00 |

DISTR    CLERK

# BROOKS COUNTY

FEE ACCOUNT

FALFURRIAS, TEXAS 78355

Sept 29 19 99   № 14955

Received of _Maria Luisa Vasquez_

$100.00

Remarks _The State of Texas_

V.S.

_Maria Luisa Vasquez_

mc# 028221 1695

Noe Guerra, Jr.

**PETE MARTINEZ, District Clerk**

Noe Guerra ........................................Deputy

000234

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

RE:  DE PUGA-VASQUEZ, MARIA LUISA
FILE:  A91-904-234                          DATE:  Feb 28, 2001

TO:        ARMANDO DURAN
           801 AUSTIN, P.O. BOX 516
           ALAMO, TX  78516

     Please take notice that the above captioned case has been scheduled for a
Master/Individual hearing before the Immigration Court on _*April 18, 2001*_
at _*1:00 P.M.*_ at

                    201 E. JACKSON STREET
                    HARLINGEN, TX  78550

     You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
     Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:
     1) You may be taken into custody by the Immigration and Naturalization
Service and held for further action.
     2) Your hearing may be held in your absence under section 240(b)(5) of the
Immigration and Nationality Act.  An order of removal will be entered against
you if the Immigration and Naturalization Service established by clear,
unequivocal and convincing evidence that a) you or your attorney has been
provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT
HARLINGEN, TX THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
     A List of Free Legal Service Providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
OR 703-305-1662.
YM

                                                        000235

Alien Number: 91-904-234                    Alien Name. DE LUGA-VASQUEZ, MARIA LUISA

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ✓ ) 1. You have been scheduled for a removal hearing, at the time and place
set forth on the attached sheet. Failure to appear for this hearing
other than because of exceptional circumstances beyond your control**
will result in your being found ineligible for certain forms of
relief under the Immigration and Nationality Act (see Section A.
below) for a period of ten (10) years after the date of entry of the
final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place
set forth on the attached notice. Failure to appear for this hearing
other than because of exceptional circumstances beyond your control**
will result in your being found ineligible for certain forms of relief
under the Immigration and Nationality Act (see Section A. Below) for a
period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States
pursuant to section 240B of the Immigration and Nationality Act, and
remaining in the United States beyond the authorized date will result
in your being found ineligible for certain forms of relief under the
Immigration and Nationality Act (see Section A. Below) for ten (10)
years from the date of the scheduled departure. Your Voluntary
departure bond, if any, will also be breached. Additionally, if you
fail to voluntarily depart the United States within the time period
specified, you shall be subject to a civil penalty of not less than
$1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such
as serious illness of the alien or death of an immediate relative
of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1)  Voluntary departure as provided for in section 240B of the
Immigration and Nationality Act;
2)  Cancellation of removal as provided for in section 240A of the
Immigration and Nationality Act; and
3)  Adjustment of status or change of status as provided for in Section
245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of
the contents of this notice must be given to the alien in his/her native
language, or in a language he/she understands by the Immigration Judge.
Date: Feb 28, 2001
Immigration Judge: _Havard Achtsan_          or Court Clerk: _____

---

### CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [P] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [P] INS
DATE: _2/28/01_    BY: COURT STAFF _J. Martinez_
Attachments: [✓] EOIR-33  [ ] EOIR-28  [✓] Legal Services List  [ ] Other
                                                                    V6

000236

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE
## BEFORE THE IMMIGRATION COURT
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

TYPE OF PROCEEDING:

- ☐ Deportation
- ☒ Removal
- ☐ Exclusion
- ☐ Bond Redetermination
- ☐ Motion to Reopen/Reconsider
- ☐ Rescission
- ☐ Disciplinary

DATE  2.12.01

ALIEN NUMBER(S) (list lead alien number and all family member alien numbers if applicable)

9l-904-234

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

NAME    (First)  Maria    (Middle Initial)  Luisa    (Last)  Puga-Vasquez

ADDRESS    (Number & Street)  1116 E. Kathy    (Apt. No.)    (City)  Pharr    (State)  TX    (Zip Code)  78577

Please check one of the following:

☒ 1.  I am a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), Commonwealth(s), or the District of Columbia:

Name(s) of Court(s)  Texas Supreme Court

State Bar No. (if applicable)  00793657

(Please use space on reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or adminstrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions other than federal courts where I am licensed to practice law.

☐ 2.  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review (provide name of organization):

☐ 3.  I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 292. (Explain fully on reverse side.)

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNATURE OF ATTORNEY OR REPRESENTATIVE    EOIR ID#  SBN: 00793657    TELEPHONE NUMBER (Include Area Code)  956-781-2299    DATE  2.12.01

NAME OF ATTORNEY OR REPRESENTATIVE (TYPE OR PRINT)  ARMANDO P. DURAN

ADDRESS  ☐ Check here if this is a new address.
POI Austin / P.O. Box 516
Alamo, TX 78516

### Certificate of Service

I  ARMANDO P. DURAN
(Name)
mailed or delivered a copy of the foregoing on  2.12.01
(Date)
to the Immigration and Naturalization Service at  Via Hand Delivery
(Address)

X _____
Signature of Attorney or Representative

filed w/ EOIR
Hrlg 2/12/01
ypm

OMB#1125-0006

FORM EOIR-28
August 99

**(Note: Alien may be required to sign Acknowledgement and Consent on reverse side of this form.)**

000237

I HEREBY ACKNOWLEDGE THAT THE ABOVE-NAMED ATTORNEY OR REPRESENTATIVE REPRESENTS ME IN THESE PROCEEDINGS AND I CONSENT  TO DISCLOSURE TO HIM/HER OF ANY RECORDS PERTAINING TO ME WHICH  APPEAR IN ANY  EOIR SYSTEM OF RECORDS.

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
|  | *M<sup>a</sup> Luisa Vasquez* | 2-11-01 |

(NOTE: *The Privacy Act of 1974 requires that if the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence, he/she must sign this form.*)

**APPEARANCES** - An appearance shall be filed on EOIR Form-28 by the attorney or representative appearing in each case before an Immigration Judge (see 8 C.F.R. § 3.17). When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature shall constitute a representation that, under the provisions of 8 C.F.R. Chapter 3, he/she is authorized and qualified to represent individuals. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or representative of record. Please note that appearances for limited purposes are not permitted. A separate appearance (EOIR Form-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 3.38(g)). Further proof of authority to act in a representative capacity may be required.

**AVAILABILITY OF RECORDS** - During the time a case is pending, a party to a proceeding or his/her attorney or representative shall be permitted to examine the Record of Proceeding in the Immigration Court having administrative control over the Record of Proceeding, in accordance with the standard procedures of that Court.

**REPRESENTATION** - A person entitled to representation may be represented by any of the following:

    (1) Attorneys in the United States as defined in 8 C.F.R. § 1.1(f).

    (2) Law students and law graduates not yet admitted to the bar as defined in 8 C.F.R. § 292.1(a)(2).

    (3) Reputable individuals as defined in 8 C.F.R. § 292.1(a)(3).

    (4) Accredited representatives as defined in 8 C.F.R. § 292.1(a)(4).

    (5) Accredited officials as defined in 8 C.F.R. § 292.1(a)(5).

THIS FORM MAY NOT BE USED TO REQUEST RECORDS UNDER THE FREEDOM OF INFORMATION ACT OR THE PRIVACY ACT. THE MANNER OF REQUESTING SUCH RECORDS IS CONTAINED IN 28 C.F.R §§ 16.1-16.11 AND APPENDICES.

    Public reporting burden for the collection of information is estimated to average 6 minutes per response, including the time for reviewing the data needed, completing and reviewing the collection of information, and record-keeping. Send comments regarding this burden estimate or any other aspect of this information collection including suggestions for reviewing this burden to the Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2400, Falls Church, VA 22041.

    Persons are not required to respond to this collection of information unless the form displays a currently valid OMB number.

    <u>Additional Information:</u>

(Please attach additional sheets of paper as necessary.)

000238

*U.S. GPO: 2000-461-076/31609

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX  78550

RE:  DE PUGA-VASQUEZ, MARIA LUISA
FILE:  A91-904-234                              DATE:  Feb 12, 2001

TO:        DE PUGA-VASQUEZ, MARIA LUISA
           1116 E. KATHY
           PHARR, TX  78577

     Please take notice that the above captioned case has been scheduled for a
Master/Individual hearing before the Immigration Court on  _February 28, 2001_
at  _10:00 A.M._ at

                    201 E. JACKSON STREET
                    HARLINGEN, TX  78550

     You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
     Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:
     1) You may be taken into custody by the Immigration and Naturalization
Service and held for further action.
     2) Your hearing may be held in your absence under section 240(b)(5) of the
Immigration and Nationality Act.  An order of removal will be entered against
you if the Immigration and Naturalization Service established by clear,
unequivocal and convincing evidence that a) you or your attorney has been
provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT
HARLINGEN, TX THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
     A List of Free Legal Service Providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
OR 703-305-1662.
YM

000239

Alien Number: 91-904-234                    Alien Name. Ḍ ̣UGA-VASQUEZ, MARIA LUISA

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ✓ ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

(   ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

(   ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

        **the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
    1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
    2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
    3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

    This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Feb 12, 2001
Immigration Judge: _Havard Rehtsa_ or Court Clerk: _____

### CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] INS
DATE: __2/12/01__ BY: COURT STAFF _____
    Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other
_____ V6

~00240

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

RE: DE PUGA-VASQUEZ, MARIA LUISA
FILE: A91-904-234

DATE: Sep 14, 2000

TO:      DE PUGA-VASQUEZ, MARIA LUISA
         1116 E. KATHY
         PHARR, TX 78577

Please take notice that the above captioned case has been scheduled for a MASTER hearing before the Immigration Court on Feb 12, 2001 at 9:00 A.M. at:

201 E. JACKSON STREET
HARLINGEN, TX 78550

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT HARLINGEN, TX THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)      PERSONAL SERVICE (P)
TO: [M] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: _9-20-00_ BY: COURT STAFF _____      V3
     Attachments: [✓] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

DRL

000241

**U.S. Department of Justice**
Immigration and Naturalization Service                                    **Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: ___091 904 234___

In the Matter of:
Respondent:                    Maria Luisa (DE) PUGA-Vasquez

1116 East Kathy
Pharr, Texas  78577                                               N/A
( Number, street, city, state and ZIP code )            ( Area code and phone number )

- [ ]  1. You are an arriving alien.
- [ ]  2. You are an alien present in the United States who has not been admitted or paroled.
- [X]  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1). You are not a citizen or national of the United States;

2). You are a native of  Mexico  and a citizen of  Mexico ;

3). You were admitted to the United States at  Harlingen, Texas  on or about  December 1, 1990 ;
as an  immigrant :

4). You were, on  August 26, 1999 , convicted in the District Court of the 79th Judicial District, in an for Brooks County,
for the offense of Possession of a Controlled Substance, to wit: Marijuana , in violation of Section 481.1151 of the Texas
Controlled Substance Act.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:

Section 237 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have
been convicted of an aggravated felony as defined in Section 101 (a) (43) (B) of the Act, an offense relating to the illicit trafficking in
a controlled substance, as described in section 102 of the Controlled Sustances Act, including a drug trafficking crime, as defined in
section 924 (c) of Title 18, United States Code.

Section 237 (a) (2) (B) (i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been
convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign
country relating to a controlled substance (as defined in Section 102 of the Controlled Substance Act, 21 U.S.C. 802), other than a
single offense involving possession for one's own use of 30 grams or less of marijuana.

- [ ]  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.
- [ ]  Section 235 (b) (1) order was vacated pursuant to:     [ ] 8 CFR 208.30 (f) (2)     [ ] 8 CFR 235.3 (b) (5) (iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
Executive Office for Immigration Review
201 East Jackson Street, Harlingen, Texas 78550
( Complete Address of Immigration Court, Including Room Number, if any )

on  TO BE SET  at  TO BE SET  to show why you should not be removed from the United States based
on the charge(s) set forth above.

                                                             Eligio Pena
                                                             Acting Patrol Agent in Charge
                                                        ( Signature and Title of Issuing Officer )

Date:  July 26, 2000                                     Falfurrias, Texas
                                                              ( City and State )

**See reverse for important information**

Form I-862 (Rev.4/1/97)

Exh #1 ec'd
2/28/01
Ha

000242

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. Your are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

( Signature of Respondent )

_____    Date: _____
( Signature and Title of INS Officer )

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___July 26, 2000___ , in the following manner and in compliance with section 239 (a) (1) (F) of the Act:
( Date )

[ ] in person    [X] by certified mail, return receipt requested    [ ] by regular mail
receipt number: **7099 3220 0001 9273 7926**

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the ___Spanish___ language of the time and place of his or her hearing and the consequences of failure to appear as provided in section 240 (b) (7) of the Act.

Served by Certified Mail. Receipt number:                                                    Jeff Gipson
7099 3220 0001 9273 7926                                                              Border Patrol Agent
( Signature of Respondent if Personally Served )        ( Signature and Title of Officer )

**000243**